1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

12       v.

13   JAMES O. MOLEN (also known as
     James-Orbin: Molen); SANDRA L. MOLEN
14   (also known as Sandra-Lyn: Molen);
     BLACK HOLE ADVENTURES, A FAMILY
15   TRUST, BY WILLIAM BAKER AND
     JOHN VAN AUKEN, TRUSTEES;
16   CALIFORNIA FRANCHISE TAX BOARD;
     CALIFORNIA EMPLOYMENT
17   DEVELOPMENT DEPARTMENT;
     BUTTE COUNTY ASSESSOR,
18   HOUSEHOLD BANK SB N.A.;
     ADVANTA BANK CORPORATION;
19   CITIBANK SOUTH DAKOTA, N.A.;
     MBNA AMERICA BANK;
20   ASSET ACCEPTANCE LLC;
     WELLS FARGO BANK N.A.;
21   HOUSEHOLD BANK SB N.A.;
     JAMES ORBIN MOLEN LIMITED
22   PARTNERSHIP,

23          Defendants.                    ORDER
     _____/
24

25          Presently before the court are: (1) plaintiff United States of America's motion to

26   partially strike the answer of defendants James Molen and Sandra Molen; and (2) four motions to

1

1    dismiss filed by defendants James Molen, Sandra Molen, William Baker, and John Van Auken.

2    (Dkt. Nos. 5, 8, 12, 14, 15 .)  Defendants Molen, Baker, and Van Auken are each proceeding

3    without counsel.[1]

4              In plaintiff's motion to strike the Molens' answer in part, plaintiff asserts that

5    because defendants James and Sandra Molen are appearing pro se, or in other words without

6    counsel, they cannot properly assert defenses on behalf of certain entity defendants, namely, the

7    James Orben Molen Limited Partnership (the "Partnership") and the Black Hole Adventures

8    Trust (the "Trust").  (Mot. to Strike, Dkt. No. 5-1 at 2-4.)

9              As to the four motions to dismiss filed by defendants Molen, Baker, and Van

10   Auken, the court construes each of these nearly identical motions as moving to dismiss plaintiff's

11   complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

12   Plaintiff has opposed all four motions to dismiss.  (Dkt. No. 16.)

13             The court heard these matters on its law and motion calendar on January 27, 2011.

14    Attorney Patrick Jennings appeared on behalf the plaintiff, and defendants James O. Molen,

15   Sandra Molen, John Hugh Van Auken, and William Baker appeared without counsel.[2]

16             The court notes that during the hearing, defendant Van Auken expressed his

17   objection to a statement made within plaintiff's oppositions to the defendants' motions to

18   dismiss.   In those oppositions, plaintiff suggested that the defendants ". . . argue in effect that the

19   United States of America has no authority over them."  (Oppos. to Mots. to Dismiss, Dkt. Nos.

20   16 at 1-2, 16-1 at 1.)  During the hearing, defendant Van Auken sought to clarify that while he

21   and the other defendants assert a lack of jurisdiction, neither he nor the other defendants have

22
23        [1]  This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)

24        [2]  During the hearing on January 27, 2011, James Molen notified the court that it was his
     preference to be referred to as "James-Orbin: Molen," and that the caption in this action be amended
25   to reflect that preference.  The court also notes that Sandra Molen expressed a preference to be
     referred to as "Sandra-Lyn: Molen." (Dkt. No. 8, 2-3.)  Accordingly, the caption is hereby amended
26   to reflect that these two defendants are "also known as" those preferred names.

2

1   argued that the United States of America lacks authority over them.[3]

2         The court further notes that during the hearing on January 27, 2011, defendant

3   James Molen represented that, aside from the defendants' four motions to dismiss for lack of

4   personal jurisdiction, the court was obligated to address additional defense motions that Mr.

5   Molen claimed were also before the court.  A review of the court's docket indicates that Mr.

6   Molen was referencing the motion captioned "Motion for Judicial Notice . . . Motion to Dismiss

7   under FRCP 12(b)(6) . . . Motion to Render Judgment on Implied Contract under 28 USC

8   §1367(a)" ("Motion to Render Judgment") that he and Sandra Molen filed the day before the

9   hearing on January 26, 2011.  (Mot. to Render Jdgmt., Dkt. No. 19 at 1.)  During the hearing, the

10   court expressed that it would deny all of the defendants' motions before it; however, the court

11   herein takes no position on the Molens's Motion to Render Judgment.  That motion was not filed

12   in accordance with Eastern District Local Rule 230(b), which requires filing and serving motions

13   at least 28 days before the hearing date.  That rule makes it procedurally improper to file a

14   motion the day before the date it is set to be heard, but that is what the Molens apparently sought

15   to do with their Motion to Render Judgment.  Therefore, contrary to Mr. Molen's statements

16   during the hearing on January 27, 2011, the substance of the Molens's Motion to Render

17   Judgment was not properly before the court.  The procedural deficiencies of that motion will be

18   addressed by separate minute order.

19         The undersigned has considered the briefs, oral arguments, and the record in this

20   case and, for the reasons stated below, orders that plaintiff's motion to strike the answer in part is

21   granted, and that the four motions to dismiss filed by defendants Molen, Baker, and Van Auken

22   are denied.

23   ////

24

25       [3] Counsel for plaintiff indicated that plaintiff did not intend to mischaracterize defendants'
arguments, and that henceforth those arguments would be characterized as objecting particularly to
26   the "jurisdiction" of the United States rather than the "authority" of the United States.

I.      RELEVANT FACTUAL BACKGROUND

On September 23, 2010, plaintiff filed its complaint against defendants Molen, Baker, Van Auken, the Trust, the Partnership, and others.  (Compl., Dkt. No. 1.)  The complaint alleges multiple failures to pay federal taxes by the Molens and the Partnership.  (Compl. ¶¶ 17-18, 28, 30, 34, 36-41.)  The complaint also alleges that the Trust is both a sham and the Molens's alter ego, and plaintiff seeks to set aside the purported transfer of real property from the Molens to the Trust.  (Id. ¶¶ 42-54, p. 13 ¶¶ D-E.)  Plaintiff seeks foreclosure of tax liens encumbering the Molens's alleged real property in Butte County, California.  (Id. at p. 13 ¶ I.)

As to the Molens, the complaint alleges that defendants James and Sandra Molen "reside in Butte County, California, within this judicial district . . . ."  (Compl. ¶ 5.)  The complaint further alleges that the Molens have occupied 189 Connors Avenue in Butte County, California, "as their residence from at least 1976 to the present."  (Compl. ¶¶ 17-18, 44, 49.)

As to Baker and Van Auken, the complaint alleges that the Trust, "by William Baker and John Van Auken, trustees, if it exists, has its principal place of business within this judicial district. . . ."  (Compl. ¶ 6.)  While plaintiff ultimately seeks to have the Trust disregarded as a sham, plaintiff has alleged that the Molens formed the Trust and that the Butte County property was ostensibly transferred to the Trust, albeit without consideration.  (Compl. ¶ 36, 39, 45-46, 49.)  The complaint also alleges that the Trust, if it exists, currently holds title to real property located in Butte County.  (Id.)  Baker and Van Auken have not answered the complaint and have filed the pending motions to dismiss.  (Dkt. Nos. 7, 10.)

According to the court's docket, the Molens filed a verified answer to the complaint on November 15, 2010.  (Answer, Dkt. No. 4.)  In that answer, the Molens asserted defenses on behalf of themselves as individuals, including a lack of personal jurisdiction.  (Id. at 1-2 (denying plaintiff's allegations of jurisdiction and purporting to appear "specially, and not generally").)  However, the answer also purports to assert defenses on behalf of the Trust and the Partnership in the following capacities: James Orbin Molen as "General Manager" of the Trust

4

1  and "General Partner" of the Partnership, and Sandra Molen as "General Partner" of the

2  Partnership.  (Id. at 2, 5, 7, 8.)

3          Also according to the court's docket, plaintiff filed its pending motion to strike

4  the answer in part on November 30, 2010.  (Dkt. No. 5.)  The Molens have not filed any written

5  opposition to plaintiff's motion, and no other party has opposed the motion.  See E. Dist. Local

6  Rule 230(c).[4]

7          Defendants Molen, Baker, and Van Auken each filed motions to dismiss and

8  supporting affidavits on December 7, 2010, then refiled their motions on December 22, 2010,

9  pursuant to a minute order dated December 10, 2010.  (Mots. to Dismiss, Dkt. Nos. 7-10, 12-15;

10  Minute Order, Dkt. No. 11.)[5]  The undersigned addresses the more recently-filed motions from

11  Baker, Van Auken, and James Molen, and the only motion filed by Sandra Molen.  (Mots. to

12  Dismiss, Dkt. Nos. 8, 12, 14, 15.)

13          Defendants' four motions to dismiss and supporting affidavits are nearly identical,

14  are wide-ranging in both style and scope, and do not clearly set out the legal or factual bases

15  supporting dismissal of the complaint.  However, it is clear that these motions and supporting

16  affidavits repeatedly assert a lack of personal jurisdiction.  (See, e.g., Van Auken Mot. to

17  Dismiss, Dkt. No. 12 at 4-5.)  The first paragraph of the "FACTS BEFORE THE COURT"

18  section of each motion references Federal Rule of Civil Procedure "12(b)(2)" and "lack of

19  jurisdiction over the person."  (See, e.g., id. at 4.)  The undersigned is aware that these

20  defendants likely prepared these motions without the assistance of counsel, and will construe the

21

---

22          [4]  Local Rule 230(c) provides, in pertinent part, that a "responding party who has no
   opposition to the granting of the motion shall serve and file a statement to that effect, specifically
23  designating the motion in question.  No party will be entitled to be heard in opposition to a motion
   at oral arguments if opposition to the motion has not been timely filed by that party."  This rule
24  notwithstanding, the court heard arguments from the defendants despite their failure to file timely
   oppositions to the plaintiff's motion to strike.

25

26          [5]  From a review of the court's docket, it appears Sandra Molen did not refile her original
   motion to dismiss.  (Dkt. No. 8.)

1  motions as motions to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil

2  Procedure 12(b)(2).

3          Plaintiff filed an opposition to the two motions to dismiss filed by Baker and Van

4  Auken, arguing that because these two defendants "were named in their capacities as trustees in

5  order to obtain jurisdiction over the Black Hole Adventures Trust," any appearance by Baker and

6  Van Auken in this action is an attempted appearance on behalf of the Trust, and trusts are entities

7  that can only be represented by licensed attorneys.  (Oppo. to Baker's & Van Auken's Mots. to

8  Dismiss, Dkt. No. 16 at 2-3.)

9          Plaintiff also filed an opposition to the Molens' two motions to dismiss, arguing

10  that personal jurisdiction exists as to the Molens because they "reside in and conduct business

11  within" this forum.  (Oppo. to Molens's Mots. to Dismiss, Dkt. No. 16-1 at 3.)

12  II.    <u>LEGAL STANDARDS</u>

13      A.    <u>Motion to Strike</u>

14          Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may

15  strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

16  scandalous matter."  <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010)

17  (citing <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u>

18  <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994).).  "The function of a 12(f) motion to strike is to

19  avoid the expenditure of time and money that must arise from litigating spurious issues by

20  dispensing with those issues prior to trial . . . ."  <u>Id</u>.  Granting a motion to strike may be proper if

21  it will make trial less complicated or eliminate serious risks of prejudice to the moving party,

22  delay, or confusion of the issues.  <u>Fantasy</u>, 984 F.2d at 1527-28;  <u>Travelers Cas. and Sur. Co. of</u>

23  <u>America v. Dunmore</u>, No. CIV. S-07-2493 LKK-DAD, 2010 WL 5200940, at *3 (E.D. Cal. Dec.

24  15, 2010) (unpublished) (same).  Motions to strike are generally disfavored, and in determining

25  whether to grant a motion to strike a district court resolves any doubt as to the sufficiency of a

26  defense in defendant's favor.  <u>E.g.</u>, <u>Mag Instrument, Inc. v. JS Prods., Inc.</u>, 595 F.Supp.2d 1102,

1106 (C.D. Cal. 2008) (internal citations omitted).

        The Ninth Circuit Court of Appeals has permitted motions to strike and motions
to dismiss pleadings filed by pro se parties on behalf of entity defendants such as trusts.  C.E.
Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (in deciding the issue
presented in two cases consolidated for appeal, Ninth Circuit Court of Appeals affirmed one
district court's grant of a motion to dismiss a complaint and another court's grant of a motion to
strike a complaint where each pleading was filed by pro se individual on behalf of a trust).

        B.      Motions to Dismiss

        Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may
move to dismiss for lack of personal jurisdiction.  On a motion to dismiss for lack of personal
jurisdiction, a plaintiff bears the burden of demonstrating that jurisdiction exists.
Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Rio Props., Inc. v.
Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

        Although the burden is on the plaintiff to demonstrate that the court has
jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only
make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  Brayton
Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (citing Pebble Beach,
Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)) (internal quotation marks omitted).

        Additionally, "uncontroverted allegations in [plaintiff's] complaint must be taken
as true, and conflicts between the facts contained in the parties' affidavits must be resolved in
[plaintiff's] favor."  Brayton Purcell LLP, 606 F.3d at 1127 (citing Rio Props., Inc., 284 F.3d at
1019 (observing that only "uncontroverted allegations in [the] complaint must be taken as
true")); see also Pebble Beach, 453 F.3d at 1154 ("[F]or the purpose of this [prima facie]
demonstration, the court resolves all disputed facts in favor of the plaintiff"); see also Am. Tel. &
Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996) (stating that
uncontroverted allegations in complaint must be taken as true, and "conflicts between the facts

contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists"); see Data Disc, Inc. v. Sys. Tech. Assoc., 557 F.2d 1280, 1284 (9th Cir. 1977) (in considering the motion, a court may "assume the truth of allegations in a pleading" to the extent that such allegations are not "contradicted by affidavit"); see also Hedges Indus. Enterprises, Inc. v. Rio Tinto PLC, No. CV-09-8113-PCT-GMS, 2010 WL 2662270, at*4 (D. Ariz. Jul. 1, 2010) (unpublished) (same).

III.     DISCUSSION

A.     Plaintiff's Motion to Strike the Answer in Part

Plaintiff seeks to strike those portions of the Molens's answer that assert defenses on "behalf of the Black Hole Adventures Trust and the James Orbin Molen Limited Partnership" on the grounds that the Molens are appearing without counsel and cannot appear on behalf of entities like trusts and partnerships.  (Mot. to Strike, Dkt. No. 5 at 4.)  Although plaintiff failed to specify whether such circumstance makes the asserted defenses "insufficient, immaterial, or impertinent" under Federal Rule 12(f), plaintiff's argument is nonetheless well-taken.

The general rule in federal litigation is that a non-attorney can represent himself on his own behalf.  See 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases. . . ."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  However, although an individual has the right to represent himself, an individual does not have the right to appear on behalf of anyone other than himself. C.E. Pope Equity Trust, 818 F.2d at 697 (citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)); see also Knoefler v. United Bank of Bismark, 20 F.3d 347 (8th Cir. 1994) (citing C.E. Pope Equity Trust, and holding that pro se purported trustees had no right to represent trusts).

Further, pursuant to this court's local rules, "[a] corporation or other entity may appear only by an attorney."  Local Rule 183(a).  Case law within the Ninth Circuit is in accord. It is well-settled that "[a] corporation may appear in federal court only through licensed counsel."

1  United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam); see

2  also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993)

3  (acknowledging that courts have held that the rationale for the rule requiring that corporations

4  appear in federal court through an attorney "applies equally to all artificial entities"); Church of

5  the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986) (applying rule to

6  unincorporated associations).

7         The rule requiring entity defendants to appear only through counsel applies

8  equally to partnerships.  As to business entities taking the form of partnerships, the Ninth Circuit

9  Court of Appeals has held that a partnership is the sort of entity that may appear only by an

10  attorney.  D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004)

11  (holding that it is "a longstanding rule that [c]orporations and other unincorporated associations

12  must appear in court through an attorney" and applying that rule to partnerships) (citation

13  omitted); see also Q1, LLC v. County of Sacramento, No. 2:08-cv-1564 JAM KJN PS, 2010 WL

14  682534, at *1 (E.D. Cal. Feb. 23, 2010) (unpublished) (applying D-Beam and Eastern District

15  Local Rule 183(a) to an individual purporting to appear on behalf of a limited liability company).

16         Similarly, the rule requiring entity defendants to appear only through counsel

17  applies to trusts.  C.E. Pope Equity Trust, 828 F.2d at 698 (holding that even a party's status as

18  trustee does not include the right to present pro se arguments in federal court, and while Federal

19  Rule of Civil Procedure 17(a) authorizes a trustee of an express trust to sue on behalf of the trust

20  without joining the trust beneficiaries, it does not authorize the trustee to proceed pro se); see

21  also Alpha Land Co. v. Little, 238 F.R.D. 497, 502 (E.D. Cal. 2006) ("a trust can only be

22  represented by an attorney in federal court") (emphasis in original) (citing C.E. Pope Equity

23  Trust, 828 F.2d at 697 and 28 U.S.C. § 1654).

24         The court in C.E. Pope Equity Trust held that, despite his status as the trustee, the

25  individual could not appear pro se on the trust's behalf.  C.E. Pope Equity Trust, 818 F.2d at

26  697-98.  The court also held, however, that there is an exception to the general rule: an individual

1   who is the trust's "beneficial owner" may appear pro se on the trust's behalf.  Id. (quoting 28

2   U.S.C. § 1654).  The court explained,

3   > Here the record does not identify the Trusts' beneficiaries.  Because Stradley
> is not the actual beneficial owner of the claims being asserted by the Trusts
4   > (so far as one can tell from the record), he cannot be viewed as a 'party'
> conducting his '*own* case personally' within the meaning of Section 1654.
5

6   Id. (emphasis in original); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (where

7   pro se party conceded that he was alleged to be representing is his employer benefit plan, court

8   held that "[b]ecause [he] is not the actual beneficial owner of the claims being asserted" he could

9   not be "viewed as a 'party' conducting his 'own case personally'"); accord Alpha Land Co., 238

10  F.R.D. at 502 ("Although individuals who are parties to an action may appear in propria persona,

11  this exception applies only to individuals who are asserting their own personal rights or

12  interests").)

13         Here, the Molens have appeared pro se and purported to assert defenses on behalf

14  of the Partnership.  (Molens' Answer, Dkt. No. 4 at 2, 5, 7, 8.)  As to the defenses asserted on the

15  Partnership's behalf, D-Beam and the above-referenced authorities provide that the Partnership

16  can only appear through a licensed attorney.  See, e.g., D-Beam, 366 F.3d at 973-74.  Nothing in

17  the record before the court indicates that either of the Molens are licensed attorneys.  Because the

18  Molens have not demonstrated that they can appear on the Partnership's behalf, the defenses they

19  asserted on the Partnership's behalf are necessarily "insufficient defenses" at this time and should

20  be stricken.  (Fed. R. Civ. P. 12(f).)  Accordingly, the undersigned orders that plaintiff's motion

21  to strike the answer in part is granted and the answer is partially stricken with respect to defenses

22  asserted on behalf of the Partnership.

23         Likewise, the Molens purport to assert defenses on behalf of the Trust.  (Molens'

24  Answer at 2, 5, 7, 8.)  However, C.E. Pope Equity Trust and the above-cited authorities provide

25  that the Trust can only appear through a licensed attorney, subject to the exception for a trust's

26  "beneficial owner."  C.E. Pope Equity Trust, 818 F.2d at 697-98.  Aside from the complaint's

allegations that the Trust is a sham and the property it holds actually belongs to the Molens, at this time there is no evidence before the court indicating that defendants Molen are the Trust's "beneficial owners." Here, just as in C.E. Pope Equity Trust, nothing in the record identifies the Trust's beneficiaries or otherwise confirms that the Molens are "the actual beneficial owner[s] of the [defenses] being asserted" on the Trust's behalf.[6] See id. Therefore, at least on the present record, with respect to representing the Trust neither James nor Sandra Molen can be viewed as a "party" conducting his or her "own case personally." See id. Accordingly, the Molens are presently barred from representing the Trust and asserting defenses on its behalf without retaining counsel for the Trust. See id. at 697-98.

Because the Molens have not demonstrated that they can properly appear on the Trust's behalf, the defenses they asserted on the Trust's behalf are necessarily "insufficient defenses" at this time and should be stricken. Fed. R. Civ. Proc. 12(f). Accordingly, the undersigned grants plaintiff's motion to strike the answer in part with respect to defenses asserted on behalf of the Trust, but reminds the Molens that they are permitted to file a motion for leave to amend to amend their answer on behalf of the Trust if the motion adequately demonstrates the Molens' "beneficial ownership" of the Trust.

////

---

[6] The undersigned notes that the Molens may face a "no win" situation in choosing whether to attempt to represent the Trust themselves. They may proceed pro se on the Trust's behalf only if they show that they are the Trust's "beneficial owners." But if they make such a showing, they risk losing the defensive argument that they *lack* ownership and control over the Trust such that it is not the "sham" plaintiff alleges. See generally Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir. 1991) (describing how pro se defendants seeking to represent a trust may face a "no-win" situation in that such representation may cause them to "lose" other defenses). In Maisano, the court held that where the record "contain[ed] considerable evidence indicating not only that the Maisanos were the beneficiaries of the Trust, but also that they were the actual owners of the seized vehicle" and included "testimony and exhibits presented at a hearing on the Maisanos' motion for a temporary restraining order show[ing] that Mr. Maisano paid cash for the vehicle and kept its maintenance records in his own name," the pro se Maisanos "placed themselves in a no-win situation . . . ." Id. The court stated: "If the [personal property] belongs to the trust, the Maisanos have no standing to sue and their case must be dismissed. If the [personal property] actually belongs to the Maisanos, they lose their argument that the IRS seized property belonging to the wrong party." Id.

1    B.    Motions to Dismiss for Lack of Personal Jurisdiction

2            Defendants Molen, Baker, and Van Auken each argue that the complaint should

3    be dismissed for lack of personal jurisdiction.[7]  (Dkt. Nos. 8, 12, 14, 15.)  It is well-settled that

4    personal jurisdiction exists over those who reside within the forum state.  See generally Pennoyer

5    v. Neff, 95 U.S. 714 (1877) (providing that one means of establishing personal jurisdiction is to

6    demonstrate that the defendant is a "resident" of the forum state);  Brayton Purcell LLP v.

7    Recordon & Recordon, 361 F. Supp. 2d 1135, 1138 (N.D. Cal., 2005) (citing Pennoyer and

8    stating that "[t]his Court has the power to hear a case against a defendant who resides anywhere

9    in this state.").

10            1.    Motions to Dismiss by the Molens

11            Plaintiff opposed the two motions to dismiss filed by the Molens (Dkt. Nos. 8,

12   15), arguing that because the complaint alleges that those defendants reside in Butte County,

13   California, personal jurisdiction is proper as to them.  (Dkt. No. 16-1 at p. 3.)  Plaintiff's

14   argument is well-taken.

15            The complaint alleges that the Molens "reside within this judicial district" and,

16   more specifically, that they "reside in Butte County, California" and have done so from 1976 to

17   present.  (Compl. ¶¶ 4, 5, 44, 49.)  The complaint also alleges that Butte County is within this

18   ───────────────

19            [7]  Personal jurisdiction can either be general or specific.  Schwarzenegger v. Fred Martin
     Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Helicopteros Nacionales de Colombia, S.A. v.
20   Hall, 466 U.S. 408, 414 & n. 9 (1984).)  A defendant is subject to general jurisdiction only where
     the defendant's contacts with a forum are "substantial" or "continuous and systematic."  Easter v.
21   Am. West Financial, 381 F.3d 948, 960-61 (9th Cir. 2004).)  A defendant is subject to specific
     personal jurisdiction where: "(1) The non-resident defendant must purposefully direct his activities
22   or consummate some transaction with the forum or resident thereof; or perform some act by which
     he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking
23   the benefits and protections of its laws;  (2) the claim must be one which arises out of or relates to
     the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair
24   play and substantial justice, i.e. it must be reasonable."  Schwarzenegger, 374 F.3d at 802 (9th Cir.
     2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).  Plaintiff bears the burden of
25   satisfying the first two prongs of the test.  Id. (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.
     1990).)

26

1 judicial district and the jurisdiction of this court.  (Id. ¶ 5.)  Pursuant to the above-cited

2 authorities governing motions to dismiss for lack of personal jurisdiction, plaintiff has met its

3 burden and made a prima facie showing that the court has jurisdiction.  See Brayton Purcell LLP,

4 606 F.3d at 1127.

5           Further, the Molens have not directly controverted these allegations in any

6 material way.  In support of his motion to dismiss, defendant James Molen declared that:

7           James-Orbin: Molen, makes his place of house keeping within the venue
            and jurisdiction of Butte county - Act of March 19, 1853, St. 1856, 37,
8           Statutes of California, and, California state, California Constitution 1849
            Article XII Boundary, one of the United State of America - United States
9           Statues at Large Vol 9 page 452, and not a Federal National Regional Area.

10 (Mot. to Dismiss, Dkt. No. 15 at p. 2 ¶ 5 (spelling and punctuation as in original).)  Defendant

11 Sandra Molen used this exact same language in her supporting declaration.  (Dkt. No. 8 at p. 2 ¶

12 5.)  These statements are insufficient to directly contradict the allegation that the Molens reside

13 in "Butte County, California," an area within this judicial district and the jurisdiction of this

14 court.  (Compl. ¶ 5, Dkt. No. 1.)  Indeed, the defendants' statements affirm the allegation that

15 they reside in Butte County.  Because "uncontroverted allegations in [plaintiff's] complaint must

16 be taken as true, and conflicts between the facts contained in the parties' affidavits must be

17 resolved in [plaintiff's] favor," plaintiff has properly pleaded the basis for personal jurisdiction

18 over the Molens.  See Brayton Purcell LLP, 606 F.3d at 1127.

19           Plaintiff has alleged the basis for personal jurisdiction on the basis of residence

20 within the forum, and the Molens have not directly contradicted that allegation.  See id.

21 Accordingly, the undersigned denies the Molens' motions to dismiss.

22           2.     Motions to Dismiss by Defendants Baker and Van Auken

23           Defendants Baker and Van Auken filed motions to dismiss for lack of personal

24 jurisdiction.  (Dkt. Nos. 12, 14.)  Plaintiff opposes those two motions, arguing that defendants

25 Baker and Van Auken are named only in their capacities as trustees of the Trust, not in their

26 capacities as individuals, and thus that their appearances in this action are improper pro se

1  appearances on the Trust's behalf.  (Dkt. No. 16 at pp. 2-3.)  Plaintiff's argument is well-taken.

2      For the same reasons the Molens cannot assert defenses on the Trust's behalf, as

3  explained above, defendants Baker and Van Auken likewise cannot appear in this action and file

4  motions to dismiss on the Trust's behalf.  See C.E. Pope Equity Trust, 818 F.2d at 697-98.  The

5  complaint names defendants Baker and Van Auken in their capacities as trustees and not as

6  individuals, so motions filed by those individuals can only logically be construed as motions filed

7  on the Trust's behalf.  Nothing in the record indicates that defendants Baker and Van Auken are

8  attorneys that could properly represent the Trust.  See id.  Moreover, nothing in the record

9  indicates either of these defendants is the Trust's beneficial owner and could thus represent the

10 Trust pro se.  See id.  Accordingly, the undersigned denies the motions to dismiss filed by Baker

11 and Van Auken.

12      For the foregoing reasons, IT IS HEREBY ORDERED that:

13      1.      Plaintiff's motion to strike the answer in part is granted;

14      2.      The answer (Dkt. No. 4) is hereby stricken to the extent it asserts defenses

15 on behalf of the Black Hole Adventures Trust and the James Orbin Molen Limited Partnership.

16 However, to the extent that the Trust and/or Partnership retains a licensed attorney, such attorney

17 may file timely answers or responsive pleadings on behalf of those entities; or, in the case of the

18 Trust, to the extent the Molens seek to show they are the Trust's "beneficial owners" and assert

19 defenses on behalf of the Trust, within 30 days of the effective date of this order the Molens may

20 file a motion (a) proving such beneficial ownership and (b) requesting leave to amend their

21 answer;

22      3.      The motions to dismiss filed by defendants Molen, Baker, and Van Auken

23 (Dkt. Nos. 7-10, 12, 14, 15) are denied; and

24      4.      The caption for this case is hereby amended to reflect the Molens' desire

25 to be referred to by their preferred names.  All future filings in connection with this case shall

26 ////

14

reflect that James O. Molen is "also known as James-Orbin: Molen," and that Sandra Molen is "also known as Sandra-Lyn: Molen."

        IT IS SO ORDERED.

DATED:  January 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE