IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                          No. 2:10-cv-02591 MCE KJN PS

    v.

JAMES O. MOLEN (also known as
James-Orbin: Molen); SANDRA L. MOLEN
(also known as Sandra-Lyn: Molen);
BLACK HOLE ADVENTURES, A FAMILY
TRUST, BY WILLIAM BAKER AND
JOHN VAN AUKEN, TRUSTEES;
CALIFORNIA FRANCHISE TAX BOARD;
CALIFORNIA EMPLOYMENT
DEVELOPMENT DEPARTMENT;
BUTTE COUNTY ASSESSOR,
HOUSEHOLD BANK SB N.A.;
ADVANTA BANK CORPORATION;
CITIBANK SOUTH DAKOTA, N.A.;
MBNA AMERICA BANK;
ASSET ACCEPTANCE LLC;
WELLS FARGO BANK N.A.;
HOUSEHOLD BANK SB N.A.;
JAMES ORBIN MOLEN LIMITED
PARTNERSHIP,

    Defendants.                          ORDER
_____/

        Presently before the court is plaintiff United States of America's Motion to Extend Time Limit For Service (the "Motion"). (Motion, Dkt. No. 27.) Defendants James O.

Molen (a.k.a. James-Orben: Molen) and Sandra L. Molen (a.k.a. Sandra-Lyn: Molen) are proceeding without counsel.[1]  No oppositions to the Motion were filed on behalf of the defendants James and Sandra Molen, defendant Black Hole Adventures Trust, or defendant James Orbin Molen Limited Partnership.  No oppositions to the Motion were filed on behalf of any other defendant in this action.

The Motion was set to be heard on March 17, 2011, but pursuant to Federal Rule of Civil Procedure 78 and Eastern District Local Rule 230(g), the court took the matter under submission without oral argument.  Because the Motion is not opposed, and because no prejudice results from the time extension plaintiff requests, the Motion is granted.

Service of a summons and complaint must be made upon a defendant within 120 days of the filing of the complaint.  Otherwise, under Federal Rule of Civil Procedure 4(m), the court has authority to dismiss the action as to that defendant, or to extend time to serve the defendant. Fed. R. Civ. P. Rule 4(m).  Rule 4(m) provides, in pertinent part, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.  The purpose of Rule 4 is to assure that a defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay.  See Electrical Specialty Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 313-14 (9th Cir. 1992).

In short, if plaintiff shows good cause for the failure to effect timely service, "the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. Rule 4(m).  But if unable to show "good cause," the court may either dismiss the action or give plaintiff more time ("direct that service be effected within a specified time").  Henderson v. United States, 517

---

[1]  This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21).  (See Dkt. No. 11.)

1  U.S. 654, 662–63 (1996). The Ninth Circuit Court of Appeal has defined "good cause" in this
2  context as "excusable neglect." See Electrical Specialty Co. v. Road & Ranch Supply, Inc., 967
3  F.2d 309 (9th Cir. 1992) (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).)
4        Further, even absent a showing of good cause, whether to extend the time for
5  service is a matter within the court's discretion. Tyson v. City of Sunnyvale, 159 F.R.D. 528,
6  530 (N.D. Cal. 1995) (holding that serving a defendant on the 121st day can constitute
7  "substantial compliance" with Rule 4(m) and "(e)ven if plaintiffs cannot show good cause, the
8  Court may within its discretion extend the service rather than dismiss the action . . . ."); Mann v.
9  American Airlines, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (holding that Rule 4(m) requires a
10 district court to grant an extension of time if good cause is shown and permits the district court to
11 grant such an extension even absent good cause) (citing Henderson v. United States, 517 U.S.
12 654, 662 (1996) (concluding that "the 120-day provision operates not as an outer limit subject to
13 reduction, but as an irreducible allowance")).
14       In this case, the complaint was filed on September 23, 2010. (Dkt. No. 1)
15 Therefore, the 120 day period to serve the summons and complaint under Rule 4(m) expired on
16 January 21, 2011. Plaintiff's counsel has declared that, as of that date, the taxpayer defendants
17 James and Sandra Molen, had been personally served. (Declaration of G. Patrick Jennings
18 ("Declaration"), Dkt. No. 27-2 at 2.) However, as to the remaining defendants with potential
19 interests in the Molens' real property (Motion at 2-3), service had not occurred. That lack of
20 service was partially due to oversight and plaintiff's counsel's obligations to other cases.
21 (Declaration, Dkt. No. 27-2 at 1-2.) Plaintiff's counsel has declared that service was
22 substantially accomplished on time, that the unserved defendants were not prejudiced, that the
23 United States promptly moved for relief such that the Court has good cause to extend the time for
24 service. (Motion at 4-5.) These arguments are well-taken. Further, plaintiff argues that
25 dismissal of the case without prejudice would result in a refiling of the suit and commensurate
26 additional costs for all parties: a separate, persuasive reason for the court to exercise its discretion

1 here. (Id. at 4.)

   A review of the court's docket reflects that, to date, all but five defendants have now been served. Because the pending Motion was unopposed and because defendants will not be prejudiced by the requested 30-day extension, the court will require that plaintiff serve or dismiss the remaining defendants within 30 days from the date of this order. However, plaintiff is cautioned that this is a one-time extension, and that further requests for extensions of time to complete service should not be made absent extraordinary circumstances.

   For the foregoing reasons, IT IS HEREBY ORDERED that:

   1. Plaintiff's Motion to Extend Time Limit for Service is granted. Within 30 days from the date of this order, plaintiff shall either serve or dismiss all defendants that have not yet been served.

   IT IS SO ORDERED.

DATED: March 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE