IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES O. MOLEN (also known as James-Orbin: Molen); SANDRA L. MOLEN (also known as Sandra-Lyn: Molen); BLACK HOLE ADVENTURES, A FAMILY TRUST, BY WILLIAM BAKER AND JOHN VAN AUKEN, TRUSTEES; CALIFORNIA FRANCHISE TAX BOARD; CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; BUTTE COUNTY ASSESSOR, HOUSEHOLD BANK SB N.A.; ADVANTA BANK CORPORATION; CITIBANK SOUTH DAKOTA, N.A.; MBNA AMERICA BANK; ASSET ACCEPTANCE LLC; WELLS FARGO BANK N.A.; HOUSEHOLD BANK SB N.A.; JAMES ORBIN MOLEN LIMITED PARTNERSHIP,

    Defendants.

No. 2:10-cv-02591 MCE KJN PS

ORDER

Defendants James O. Molen (a.k.a. James-Orbin: Molen) and Sandra L. Molen (a.k.a. Sandra-Lyn: Molen) are proceeding without counsel.  Presently before the court are the

1

1  Molens' "Motion for Judicial Notice Under 44 U.S.C. § 1507 - Federal Register Act and
2  Administrative Procedure Act at 5 U.S.C. § 553(b)(c) & (d)" and "Motion to Render Judgment
3  On Implied Contract Under 28 U.S.C. § 1367(a)" (collectively, the "Motions"). (Motions, Dkt.
4  No. 35.) Plaintiff the United States of America opposed the Motions. (Oppo., Dkt. No. 38.) The
5  Molens filed a reply supporting their Motions. (Reply, Dkt. No. 44.)[1]

6  On March 8, 2011, finding that oral argument would not aid the resolution of the
7  issues the motions raise, the undersigned took the matters under submission. (Dkt. No. 42.)
8  Based on the record and the briefing on file with the court, for the reasons stated below, the
9  Molen's Motions are denied in their entirety.

10  I.  BACKGROUND

11  On September 23, 2010, plaintiff filed its complaint against the Molens, the Black
12  Hole Adventures Trust, the James Orbin Molen Limited Partnership, and others. (Compl., Dkt.
13  No. 1.) The complaint alleges multiple failures to pay federal taxes by the Molens and the
14  Partnership. (Compl. ¶¶ 17-18, 28, 30, 34, 36-41.) The complaint also alleges that the Trust is
15  both a sham and the Molens's alter ego, and plaintiff seeks to set aside the purported transfer of
16  real property from the Molens to the Trust. (Id. ¶¶ 42-54, p. 13 ¶¶ D-E.) Plaintiff seeks
17  foreclosure of tax liens encumbering the Molens' alleged real property in Butte County,
18  California. (Id. at p. 13 ¶ I.) The complaint alleges that the Molens "reside in Butte County,
19  California, within this judicial district . . . ." (Compl. ¶ 5.) The complaint further alleges that the
20  Molens have occupied 189 Connors Avenue in Butte County, California, "as their residence from
21  at least 1976 to the present." (Compl. ¶¶ 17-18, 44, 49.)

22  According to the court's docket, the Molens filed a verified answer to the
23  complaint on November 15, 2010. (Answer, Dkt. No. 4.) In that answer, the Molens asserted
24  defenses on behalf of themselves as individuals, including a lack of personal jurisdiction. (Id. at

25
26  [1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (See Dkt. No. 11.)

2

1-2 (denying plaintiff's allegations of jurisdiction and purporting to appear "specially, and not generally").)  The Molens also filed motions to dismiss asserting a lack of personal jurisdiction.  (Dkt. Nos. 8-9, 15.)  After hearing oral arguments on the matter, the undersigned denied the Molens' motions to dismiss in their entirety.  (Dkt. No. 26.)

After the undersigned denied their original motions to dismiss, the Molens filed the pending Motions, which appear to seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6).  (E.g., Reply at 3 (repeatedly calling the motion a "12(b)(6) motion"; 6 ("The Defendants' FRCP 12(b)(6) motion should be granted . . . .").)

II.  LEGAL STANDARD

The undersigned construes the pending Motions as requesting dismissal of the complaint for failure to state a claim under Federal Rule 12(b)(6).  (Reply at 6 ("The Defendants' FRCP 12(b)(6) motion should be granted . . . .").)  However, because the Molens have already filed a responsive pleading in this action (Dkt. No. 4), the Motions will be construed as motions for judgment on the pleadings.  Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made *before* the responsive pleading.")  (emphasis in original); see also Dent v. Cox Commc'ns Las Vegas, Inc., 502 F.3d 1141, 1143 n.3 (9th Cir. 2007).

Motion for Judgment on the Pleadings

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citation and quotation marks omitted).  Where, as here, a motion for judgment on the pleadings is used to raise the defense of failure to state a claim, the motion "faces the same test as a motion under Rule 12(b)(6)."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R.

3

1  Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A
2  complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true,
3  it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement
4  v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937,
5  1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that
6  allows the court to draw the reasonable inference that the defendant is liable for the misconduct
7  alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010)
8  (quoting Iqbal, 129 S. Ct. at 1949). "When considering a motion for judgment on the pleadings,
9  [a] court may consider facts that are contained in materials of which the court may take judicial
10 notice." Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 980 n.18 (9th Cir. 1999)
11 (citation and quotation marks omitted).  The court is "not, however, required to accept as true
12 conclusory allegations that are contradicted by documents referred to in the complaint, and [the
13 court does] not necessarily assume the truth of legal conclusions merely because they are cast in
14 the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks
15 omitted).

III. DISCUSSION

"Motion for Judicial Notice" Construed as Motion for Judgment on the Pleadings

The Molens ask that the undersigned take "judicial notice" of "44 U.S.C. § 1507 - Federal Register Act and 5 U.S.C. § 553(b)(c) & (d) - Administrative Procedure Act." As a preliminary matter, the request is unnecessary. The "Motion for Judicial Notice" appears to seek only to direct the court to analyze 44 U.S.C. § 1507 and 5 U.S.C. § 553 and to dismiss the complaint based upon these legal authorities. The court may consider the applicability of these rules by citations to them and without the need to judicially notice them.[2]

---

[2] The court may consider certain documents that may be judicially noticed pursuant to Federal Rule of Evidence 201. E.g., Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). Rule 201 permits a court to take judicial notice of an

4

The undersigned construes the "Motion for Judicial Notice" (Dkt. No. 35) as a request that the complaint be dismissed pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted, based on a theory that 44 U.S.C. § 1507 and 5 U.S.C. § 553 somehow preclude plaintiff's action against the Molens. However, as stated above, because the Molens have already answered the operative complaint (Dkt. No. 4), such a motion would be denied outright on grounds that it is untimely. See Elvig, 375 F.3d at 954; see also Dent, 502 F.3d at 1143 n.3. Accordingly, the "Motion for Judicial Notice" is construed as a motion for judgment on the pleadings and analyzed accordingly below.

While their argument is unclear, the Molens appear to argue that plaintiff's action is precluded by 44 U.S.C. § 1507 (hereinafter "Section 1507") and 5 U.S.C. § 553 (hereinafter "Section 553"). (Dkt. No. 35 at 1-3.) The Molens appear to suggest that the United States does not have the authority to file suit against them for alleged refusal or neglect to pay taxes. (Id.) However, the United States's power to sell a taxpayer's property to collect unpaid taxes and its power to direct a civil action to be filed in connection with such tax or liability has been clearly stated within federal statutes. E.g., 26 U.S.C. § 7403; U.S. v. Holoubek, No. CV-06-761-PHX-SMM, 2006 WL 1701872, at *5 (D. Ariz. May 15, 2006) (not reported) (where the court analyzed the IRS's authority to issue summonses, it held that the IRS did not need to prove its "regulatory" authority and held that where the IRS's authority to act is "plainly, unambiguously, and expansively" conferred by the "clear provisions" of a statute itself, the statute requires "no regulatory 'assistance' in order to implement its provisions.") In light of this express statutory authority, the Molens face an uphill battle with respect to their argument that the plaintiff's suit against them should be dismissed as a matter of law. Nonetheless, the

---

adjudicative fact "not subject to reasonable dispute" because the fact is either: "(1) generally known with the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court can also take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies. Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir. 1988).

5

undersigned has reviewed the statutes and cases upon which the Molens appear to rely, and those authorities are described below.

Section 1507 provides, in full:

> A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the duplicate originals or certified copies of the document have been filed with the Office of the Federal Register and a copy made available for public inspection as provided by section 1503 of this title. Unless otherwise specifically provided by statute, filing of a document, required or authorized to be published by section 1505 of this title, except in cases where notice by publication is insufficient in law, is sufficient to give notice of the contents of the document to a person subject to or affected by it. The publication in the Federal Register of a document creates a rebuttable presumption –
>
> (1) that it was duly issued, prescribed, or promulgated;
> (2) that it was filed with the Office of the Federal Register and made available for public inspection at the day and hour stated in the printed notation;
> (3) that the copy contained in the Federal Register is a true copy of the original; and
> (4) that all requirements of this chapter and the regulations prescribed under it relative to the document have been complied with.
>
> The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number.

42 U.S.C. § 1507. Section 1507 expressly applies only to documents "required" to be published in the Federal Register pursuant to 42 U.S.C. § 1505 (hereinafter "Section 1505"). Section 1505(a) provides, in pertinent part,

> (a) Proclamations and Executive Orders; documents having general applicability and legal effect; documents required to be published by Congress. There shall be published in the Federal Register--
> (1) Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;
> (2) documents or classes of documents that the President may determine from time to time have general applicability and legal effect; and
> (3) documents or classes of documents that may be required so to

> be published by Act of Congress.
> For the purposes of this chapter every document or order which prescribes a penalty has general applicability and legal effect.

42 U.S.C. § 1505(a). The Molens also cite to Section 553(b)-(d) to support their argument that the action against them should be dismissed. (Dkt. No. 35 at 1.) Section 553 provides,

> (a) This section applies, according to the provisions thereof, except to the extent that there is involved--
> (1) a military or foreign affairs function of the United States; or
> (2) a matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts.
>
> (b) General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
> (1) a statement of the time, place, and nature of public rule making proceedings;
> (2) reference to the legal authority under which the rule is proposed; and
> (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.
> Except when notice or hearing is required by statute, this subsection does not apply--
> (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or
> (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.
>
> (c) After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation. After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose. When rules are required by statute to be made on the record after opportunity for an agency hearing, sections 556 and 557 of this title apply instead of this subsection.
>
> (d) The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except--
> (1) a substantive rule which grants or recognizes an exemption or relieves a restriction;
> (2) interpretative rules and statements of policy; or
> (3) as otherwise provided by the agency for good cause found and published with the rule.
> (e) Each agency shall give an interested person the right to

petition for the issuance, amendment, or repeal of a rule.

5 U.S.C. § 553.

While they make reference to these statutes, the Molens never describe which subsections they rely on in support of their argument that the IRS lacks authority to file this action against them. Rather than attempt to explain how Section 1505, Section 1507, and/or Section 553 might apply to this particular action, the Molens simply cut and paste a portion of U.S. v. American Production Indust., 58 F.3d 404 (9th Cir. 1995), and a portion of the syllabus to Chrysler v. Brown, 441 U.S. 281 (1979). (Dkt. No. 35 at 2-3.) This cursory "argument" does not clearly specify which rules, if any, the Molens allege were not properly promulgated. Instead, the Molens' entire "argument" appears to be two out-of-context excerpts from American Production Indust. and Chrysler. (Id.)

In American Production Indust., where Qui Tam relators moved to set aside an order of dismissal and argued that the Department of Justice failed to adhere to its own regulations, the court found that Department of Justice regulations concerning authority to settle claims were rules related to agency organization and management and did not create a private right of action for the relators. American Production Indust., 58 F.3d at 407. The Molens have not argued that the IRS has failed to follow its own internal policies regarding settlement, they have not sought to assert a private right of action based upon such policies. The American Production Indust. case does not offer guidance regarding the United States' authority to file lawsuits to collect unpaid taxes.

In Chrysler, the Supreme Court held that, "[i]t has been established in a variety of contexts that properly promulgated, substantive agency regulations have the "force and effect of law." Chrysler, 441 U.S. at 296. The Court analyzed the origins of the Trade Secrets Act, and explained that, for regulations to have the force and effect of law, they must be the product of a congressional grant of legislative authority, promulgated in conformity with any procedural requirements imposed by Congress. Id. at 312-16. The Molens have not argued that certain

8

regulations possess or lack the full "force and effect" of actual statutes. Indeed, it appears that the Molens argue that certain *laws* (although they do not clearly list these laws) do not arise from *regulations* "publish[ed] in the Federal Register" and therefore that plaintiff's lawsuit is improper. (Dkt. No. 35 at 4.) Accordingly, because Chrysler discusses the opposite — when *regulations* might be given the force and effect afforded to actual *laws* — the case does not support the Molens' apparent argument. Chrysler, 441 U.S. at 296, 312-16. In any event, the Chrysler case does not clearly address the United States' authority to file lawsuits to collect unpaid taxes.

The Molens do not attempt to analogize these cases to their own pending case, and do not engage in any discussion describing how Section 1505(a), Section 1507 or Section 553 might apply to the particular facts and circumstances here. Neither American Production Indust. nor Chrysler support the granting of a motion for judgment on the pleadings in the Molens' favor at this time, let alone upon abstract citations and out-of-context quotes therefrom.

More troublesome is the fact that the Molens have not clearly specified particular rules or statutes they claim were not properly promulgated, or how such improper promulgation might impact the action against them.[3] The undersigned declines to guess with which specific rules the Molens take issue. Where the Molens' arguments fail to specify which rules or statutes were improperly promulgated and what the specific alleged improprieties might be, out-of-context block quotes from cases and statues with no attempt to apply those authorities to the facts of this case will not be sufficient to warrant judgment on the pleadings.

---

[3] While the Molens make a passing reference to 26 U.S.C. 7401 & 7403, that reference is *in their Reply* (Reply at 4) and nowhere to be found within the Motion itself. E.g., U.S. ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (holding that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.") (citing Lujan v. National Wildlife Federation, 497 U.S. 871, 894-95 (1990)); accord Sogeti USA LLC v. Scariano, 606 F. Supp. 2d 1080, 1086 (D. Ariz. 2009) (holding that, "[a]s Defendants improperly raise this issue for the first time in the reply, Plaintiff has no opportunity to respond and the Court has not received the benefit of full briefing. The Court will not grant a motion to dismiss on the basis of argument first raised in a reply.")

9

Accordingly, for all of the above-described reasons, the Molens' motion for judgment on the pleadings is denied. The Molens are also cautioned against filing successive motions to dismiss under Rule 12(b)(6) on grounds that could have been raised in prior motions pursuant to that section where, as here, the complaint has not been amended.[4]

<u>Motion to "Render Judgment on Implied Contract Under 28 U.S.C. 1367(a)[5]"</u>

The Molens appear to argue that, because they sent correspondence to plaintiff's counsel and demanded his response within a specified time, counsel's alleged failure to respond within that time frame created an implied contract binding plaintiff to drop this action. (Dkt. No. 35 at 3-5.) The Molens argue that because plaintiff allegedly did not respond to the Molen's "Notice and Demand" within the time frame the Molens required, plaintiff allegedly agreed to drop this action. (Id.) Further, because the action has not yet been dropped, plaintiff is allegedly in "default" with respect to the alleged "implied contract." (Id.) Plaintiff denies any such implied agreement. (Oppo. at 4-5.)

---

[4] According to Federal Rule of Civil Procedure 12(g)(2), such successive motions are prohibited: "(2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Further, the court may determine that successive or piecemeal motions are interposed for improper motives and such motions my be denied on those grounds. See Fed. R. Civ. P. 11; <u>Aetna Life Ins. Co. v. Alla Med. Servs. Inc.</u>, 855 F.2d 1470, 1475-77, n.2 (9th Cir. 1988) ("courts have discretion to hear a second motion under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case will thereby be expedited . . . ."); <u>Federal Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.</u>, No. C 03-3721 VRW, 2005 WL 3325051, at *5-6 (N.D. Cal. Dec. 7, 2005) (not reported) ("Although the Ninth Circuit has not had occasion to apply this principle, the weight of authority outside this circuit holds that where the complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a second Rule 12(b) motion asserting objections or defenses that could have been asserted in the first motion.") (citing out-of-district authorities); accord <u>Buzayan v. City of Davis</u>, No. 2:06-cv-1576-MCE -DAD, 2009 WL 514201, at *3 (E.D. Cal. Feb. 26, 2009) (not reported).

[5] 28 U.S.C. 1367(a) is the supplemental jurisdiction statute, which provides that "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . ." It is not clear how the Molens believe this statute applies to their "implied contract" argument.

1 First, as a matter of procedure, the Molens' "Motion to Render Judgment on
2 Implied Contract" is improper. The motion relies on evidence — a "Notice and Demand" (Dkt.
3 No. 35 at 3-5) — outside the pleadings and may not be considered as part of a motion for
4 judgment on the pleadings. Heliotrope, 189 F.3d at 980 n.18. Further, to the extent this theory is
5 meant as a defense to the entire action, the undersigned notes that it has not been included in the
6 Molens' answer. (Dkt. No. 4.) As currently filed, the request that the undersigned "render
7 judgment" on an alleged "implied contract" is not procedurally proper and is therefore denied.

8 Even if the request were procedurally proper, which it is not, the Molens cite no
9 authorities supporting the existence of an implied contract on the facts they allege. Regardless,
10 the alleged facts are not sufficient to support the existence of an implied contract with plaintiff,
11 let alone an implied contract to dismiss this entire action. See Stanley v. University of Southern
12 California, 178 F.3d 1069, 1078 (9th Cir. 1999) ("Under California law, an implied contract is
13 one 'the existence and terms of which are manifested by conduct.' Cal. Civil Code § 1621. An
14 implied contract 'consists of obligations arising from a mutual agreement and intent to promise
15 where the agreement and promise have not been expressed in words.'"); Miller v. Fairchild
16 Industries, Inc., 885 F.2d 498, 507-08 (9th Cir. 1989). The Molens have not alleged facts
17 plausibly suggesting an implied contract with plaintiff. The "implied contract" the Molens
18 suggest arose from a writing called the "Notice and Demand," which itself expressly states the
19 terms of the so-called "implied contract" and even labels itself as an "implied contract."
20 (Motions, Exh. A.) On the Molens' own framing, then, the alleged agreement was not "implied"
21 — it was put down in writing (albeit by the Molens only) — and cannot be said to have been
22 implied such that it has "not been expressed in words." See Stanley, 178 F.3d at 1078.

23 If the Molens continue to advance this "implied contract" argument, they must do
24 so through a *proper* procedural mechanism, and with additional facts showing the requisite
25 *mutual* agreement and *mutual* intent to promise. The Molens are cautioned that future filings
26 advancing an "implied contract" argument — at least without additional supporting facts beyond

11

the plaintiff's mere failure to timely meet the Molens' deadline for responding to a letter — may be summarily rejected as procedurally improper and/or frivolous, and sanctions may issue.[6]

Accordingly, it is HEREBY ORDERED that:

1. The Molens' "Motion for Judicial Notice" (Dkt. No. 35) is construed as a motion for judgment on the pleadings and is denied.

2. The Molen's "Motion to Render Judgment on Implied Contract" (Dkt. No. 35) is denied.

3. The Molens are cautioned that future filings advancing an "implied contract" argument without additional supporting facts beyond the plaintiff's mere failure to timely meet the Molens' deadline for responding to a letter may be summarily rejected as procedurally improper and/or frivolous, and sanctions may issue.

IT IS SO ORDERED.

DATED: April 20, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[6] Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).