IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                No. 2:10-cv-02591 MCE KJN PS

    v.

JAMES O. MOLEN (also known as James-Orbin: Molen), et al.,

    Defendants.                          <u>ORDER</u>

_____/

        Defendants James O. Molen (a.k.a. James-Orbin: Molen) and Sandra L. Molen (a.k.a. Sandra-Lyn: Molen) (collectively, the "Molens" or "defendants") are proceeding without counsel.[1]  In an order dated April 20, 2011 (the "Order"), the undersigned denied the Molens' "Motion For Judicial Notice Under 44 U.S.C. § 1507 – Federal Register Act and Administrative Procedure Act at 5 U.S.C. § 553(b)(c) & (d), and Motion to Render Judgment on Implied Contract Under 28 U.S.C. § 1367(a)" (Dkt. No. 35), after construing that filing as a motion for judgment on the pleadings.  (Order, Dkt. No. 60).

        On May 2, 2011, the Molens filed a document entitled "Opposition to Court Order Denying Motion For Judicial Notice Under 44 U.S.C. § 1507 – Federal Register Act and Administrative Procedure Act at 5 U.S.C. § 553(b)(c) & (d), and Motion to Render Judgment on

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21).  (See Dkt. No. 11.)

1

1  Implied Contract Under 28 U.S.C. § 1367(a)" (the "Opposition").  (Dkt. No. 61.)  In the
2  Opposition, the Molens cite to the exact same authorities they cited in their motion.  (Compare
3  Dkt. No. 35 at 2 with Dkt. No. 61 at 3.)  The Molens argue that the court "should review its
4  denial of the FRCP 12(b)(6) motion and make a decision based on the merits of the motion and
5  not upon the basis of some arbitrary rules that apply to BAR attorneys."  (Id. at 2.)  The Molens
6  also argue that "Requests for Judicial Notice should never be a technical reason to dismiss a
7  motion or deny due process, as the Defendants believe has occurred."  (Id. at 3.)
8         The undersigned construes the Molens' Opposition as a motion for
9  reconsideration of the court's Order dated April 20, 2011.  Pursuant to Eastern District Local
10 Rule 230(j), a motion for reconsideration must state "what new or different facts or
11 circumstances are claimed to exist which did not exist or were not shown upon such prior
12 motion, or what other grounds exist for the motion" and "why the facts or circumstances were
13 not shown at the time of the prior motion."  E.D. Local Rule 230(j)(3)-(4).  The Opposition does
14 not describe new or different facts or circumstances that would warrant reconsideration of the
15 court's Order.  Further, the Molens' argument that their motion (Dkt. No. 35) was denied for
16 "technical reasons" is without basis.  While the court's Order noted the motion's technical and
17 procedural shortcomings, the Order addressed the motion on its substantive merits and denied the
18 motion thereon.  (Order at 3-5 (construing the improperly-filed motion as a motion for judgment
19 on the pleadings) and 5-10 (analyzing the merits of the arguments made therein).)
20         Accordingly, it is HEREBY ORDERED that:
21    1.   Accordingly, to the extent the Molens intended the Opposition (Dkt. No.
22 ////
23 ////
24 ////
25 ////
26 ////

2

1  61) to serve as a motion for reconsideration of the court's Order, the motion for reconsideration
2  is denied.
3          IT IS SO ORDERED.
4  DATED:  May 6, 2011

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE