1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7               FOR THE EASTERN DISTRICT OF CALIFORNIA

8

UNITED STATES OF AMERICA,

9

            Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

10

        v.

11

JAMES O. MOLEN (also known as
12   James-Orbin: Molen), et al.,

13          Defendants.                     ORDER
     _____/

14

15          Defendants James O. Molen (a.k.a. James-Orbin: Molen) and Sandra L. Molen

16   (a.k.a. Sandra-Lyn: Molen) (collectively, the "Molens" or "defendants") are proceeding without

17   counsel.  Between March 24, 2011, and March 31, 2011, the Molens filed six separate motions: a

18   "Motion to Compel Request[s] for Admission" (Dkt. No. 48); a "Motion to Compel Request[s]

19   for Interrogatories" (Dkt. No. 49); a "Motion for Judicial Notice Under 44 U.S.C. § 1507 -

20   Federal Register Act and Administrative Procedure Act at 5 U.S.C. § 553(b)(c) & (d) [and]

21   Motion to Render Judgment on Implied Contract under 28 U.S.C. § 1367(a)" (Dkt. No. 50); a

22   "Motion for Judicial Notice Under 44 U.S.C. § 1507 - Federal Register Act and Administrative

23   Procedure Act at 5 U.S.C. § 553(b)(c) & (d) [and] Motion to Dismiss under FRCP 12(b)(6) -

24   Failure to state a claim upon which relief can be granted" (Dkt. No. 52); a "Motion for Judicial

25   Notice as per FRCP 17 [and] Motion to Dismiss per FRCP 17(a) & (b)[:] Failure of Ratification

26   and Commencement and Failure to produce Real Party in Interest and Capacity to Sue or Be

                                              1

1   Sued" (Dkt. No. 53); and a "Motion for Judicial Notice as per Rule 201 [and] Motion to Dismiss

2   per Title 4 Sect. 72" (Dkt. No. 54).  These six motions will be referred to collectively as the

3   "Motions."[1]  Plaintiff, the United States of America (the "plaintiff"), filed a written opposition to

4   the Motions.  (Oppo., Dkt. No. 59.)

5          The court heard oral arguments regarding these Motions on its law and motion

6   calendar on May 5, 2011.  Attorney Patrick Jennings attended on behalf of the plaintiff.  James-

7   Orbin: Molen and Sandra-Lyn: Molen attended on behalf of themselves.  The undersigned has

8   considered the briefs, oral arguments, and the record in this case and, for the reasons that follow,

9   orders that the Motions are denied.  As discussed below, notwithstanding their being styled as

10  requests for judicial notice, most of the Motions attack the pleadings and request dismissal of the

11  action.  (Dkt. Nos. 50, 52-54.)  Some of the Motions duplicate defendants' prior filings.

12  (Compare Dkt. Nos. 50, 52 with Dkt. No. 35.)  The Motions were filed in contravention of the

13  Local Rules and Federal Rules of Civil Procedure.

14  I.     DISCUSSION

15         A.     Duplicative And Improper Motions

16         When defendants filed their six Motions, their previously filed motion to dismiss,

17  listed on the court's docket as Docket Number 35, was already under submission before this

18  court.  The Molens filed essentially the same motion several different times.  (Compare Dkt. Nos.

19  50, 52 with Dkt. No. 35.)  Of note, the court carefully considers the pleadings and record in this

20  action and issues rulings in due course; multiple and duplicative filings do not expedite the

21  process.

22         The multiplicity of defendants' improper and duplicative filings is a burden on the

23  court and the plaintiff, and impedes the progress of this action.  In the future, such conduct may

24  be sanctioned, and the sanctions may include entry of default judgment against the Molens.  See,

25  
26       [1]   This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)

                                                2

1   e.g., Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)

2   ("District courts have inherent power to control their dockets.  In the exercise of that power they

3   may impose sanctions including, where appropriate, default or dismissal."); accord In re

4   Phenylpropanolamine (PPA) Products Liability, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting

5   Thompson).

6                   B.      Motions To Compel Discovery Responses From Plaintiff

7                   On March 24, 2011, the Molens filed a " Motion to Compel Request for

8   Admissions" and a "Motion to Compel Request for Interrogatories."  (Dkt. Nos. 48, 49,

9   respectively.)  The undersigned construes these filings as motions to compel discovery responses,

10  and accordingly, the motions are denied for failure to comply with the Federal Rules of Civil

11  Procedure and the Local Rules.  As mandated by Local Rule 251, the parties must meet and

12  confer, preferably in person or via telephone, prior to the filing of any motion to compel or other

13  discovery motion.  If that meet and confer effort is unsuccessful, the moving party shall draft and

14  file a document entitled Joint Statement re: Discovery Disagreement, and *all parties shall assist*

15  *in the preparation of* that joint statement. Local Rule 251(c).  Additionally, if all other Federal

16  Rules of Civil Procedure and Local Rules are complied with, the moving party must contact the

17  undersigned's courtroom deputy clerk to set that particular dispute on the court's calendar prior

18  to filing any Joint Statement.  Despite the pro se nature of this case, the court still requires the

19  parties to timely and productively meet and confer.  The court expects and encourages the parties

20  to work together so as to avoid any unnecessary discovery disputes.  Pro se litigants are bound by

21  the rules of procedure, even though pleadings are liberally construed in their favor.  King v.

22  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

23                  The denial of the Molens' two discovery motions (Dkt. Nos. 48, 49), however, is

24  without prejudice so that defendants may refile, if necessary, proper motion(s) to compel

25  discovery that comply with the procedural and formatting requirements of Eastern District Local

26  Rule 251.  A continued failure to comply with the rules governing the filing of discovery motions

1   may result in the summary denial of improperly-filed motions.

2          C.    <u>Motions Attacking The Pleadings And Urging Dismissal Of The Case</u>

3          As noted above, the Molens have filed multiple motions urging dismissal of this

4   action. (Dkt. Nos. 50, 52, 53, 54.) Although several of the motions are styled as requests for

5   judicial notice, the substance of these motions reveals that they actually seek dismissal the

6   complaint.[2] However, Federal Rule of Civil Procedure 12(g)(2) prohibits the filing of successive

7   motions to dismiss: "(2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or

8   (3), a party that makes a motion under this rule must not make another motion under this rule

9   raising a defense or objection that was available to the party but omitted from its earlier motion."

10  Plaintiff has not amended its complaint, and the Molens' repeated filings of motions to dismiss

11  violate this Rule. A review of the pending motions urging dismissal of this action do not reveal

12  any legitimate explanation for the Molens' failure to include their arguments in their first two

13  attacks on the pleadings. (Dkt. Nos. 8-9, 15, 35.)

14         Further, even though the Molens already answered the complaint (Dkt. No. 4), to

15  date they have received *several* opportunities to challenge the pleading and the undersigned has

16  reviewed those challenges on their merits. (Dkt. Nos. 8-9, 15, 35.) In consideration of the

17  Molens' pro se status, the undersigned has construed the late-filed motions to dismiss as motions

18  for judgment on the pleadings and has addressed the substantive arguments within the motions.

19  The Molens have had ample opportunity to attack the pleading and may not continue to file

20  piecemeal motions challenging the sufficiency of the complaint based upon arguments that could

21  have been raised in the Molens' previous two motions to dismiss.

22         Plaintiff's complaint is now "at issue" with respect to the Molens. The Molens

23

24       [2] More accurately, the motions would need to be construed as motions for judgment on the pleadings given that the Molens have already filed an answer to the complaint in order to be

25  procedurally proper. (Answer, Dkt. No. 4.) <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading.") (emphasis in original); <u>see</u> <u>also</u> <u>Dent v. Cox Commc'ns Las Vegas, Inc.</u>, 502 F.3d 1141, 1143 n.3 (9th Cir.

26  2007).

have already had several extra "bites at the apple" with respect to attacking plaintiff's pleading. The court may determine that successive or piecemeal motions are interposed for improper motives and such motions my be denied on those grounds.  See Fed. R. Civ. P. 11; Aetna Life Ins. Co. v. Alla Med. Servs. Inc., 855 F.2d 1470, 1475-77, n.2 (9th Cir. 1988) ("courts have discretion to hear a second motion under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case will thereby be expedited . . . ."); Federal Agr. Mortg. Corp. v. It's A Jungle Out There, Inc., No. C 03-3721 VRW, 2005 WL 3325051, at *5-6 (N.D. Cal. Dec. 7, 2005) (not reported) ("Although the Ninth Circuit has not had occasion to apply this principle, the weight of authority outside this circuit holds that where the complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a second Rule 12(b) motion asserting objections or defenses that could have been asserted in the first motion.") (citing out-of-district authorities); accord Buzayan v. City of Davis, No. 2:06-cv-1576-MCE-DAD, 2009 WL 514201, at *3 (E.D. Cal. Feb. 26, 2009) (not reported).  As to the Molens, this action has moved beyond the pleading stage.  Should the Molens file additional motions attacking the sufficiency of the pleadings on the basis of defenses and/or objections that were available to the Molens but omitted from their earlier motions, such motions will be deemed procedurally improper  pursuant to Federal Rule of Civil Procedure 12(g) and may be summarily denied.

                i)     Docket Number 50

The motion at Docket Number 50 was filed on March 24, 2011, and is entitled "Motion for Judicial Notice Under 44 U.S.C. § 1507 - Federal Register Act and Administrative Procedure Act at 5 U.S.C. § 553(b)(c) & (d) [and] Motion to Render Judgment on Implied Contract under 28 U.S.C. § 1367(a)."  This filing is essentially substantively identical to the Molens' filing at Docket Number 35.  (Compare Dkt. No. 35 with Dkt. No. 50.)  The undersigned previously construed the motion at Docket Number 35 as a motion for judgment on the pleadings, reviewed the motion on its merits, and denied the motion in its entirety in an order

1  dated April 20, 2011.  (Dkt. No. 60.)  Accordingly, because the filing at Docket Number 50

2  duplicates an already-denied motion, the undersigned denies the motion on its merits for the

3  same reasons stated in the undersigned's order dated April 20, 2011.  (Dkt. No. 60.)

4               ii)      Docket Number 52

5          The motion at Docket Number 52 was filed on March 24, 2011, and is entitled

6  "Motion for Judicial Notice Under 44 U.S.C. § 1507 - Federal Register Act and Administrative

7  Procedure Act at 5 U.S.C. § 553(b)(c) & (d) [and] Motion to Dismiss under FRCP 12(b)(6) -

8  Failure to state a claim upon which relief can be granted."  (Dkt. No. 52.)  This filing also

9  substantially duplicates the Molens' previously-filed motion at Docket Number 35.  (Compare

10 Dkt. No. 35 with Dkt. No. 52.)  The Molens admit as much in the first pages of their motion.

11 (Dkt. No. 52 at 1-2.)

12         The undersigned previously took the filing at Docket Number 35 under

13 submission (Dkt. No. 42) after determining that oral arguments would not materially aid analysis

14 of the issues raised therein.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rul 230(g).  Apparently,

15 because the Molens "wish to provide additional oral arguments concerning" their motion, the

16 Molens "refiled" substantively the same document on March 24, 2011.  (Dkt. No. 52.)  The

17 Molens explain that they intend the filing at Docket Number 52 to be a "refiling" of their prior

18 motion at Docket Number 35.  (Dkt. No. 52 at 1-2.)  As explained above, the undersigned

19 previously construed the motion at Docket Number 35 as a motion for judgment on the

20 pleadings, reviewed the motion on its merits, and denied the motion in its entirety in an order

21 dated April 20, 2011.  (Dkt. No. 60.)  Accordingly, because the filing at Docket Number 52

22 duplicates an already-denied motion, the undersigned denies the motion on its merits for the

23 same reasons stated in the undersigned's order dated April 20, 2011.  (Dkt. No. 60.)

24         The Molens do not necessarily have a "right" to make oral arguments supporting

25 each and every one of their motions.  The undersigned may order that a given motion be

26 submitted on the briefs and without oral argument.  Eastern District Local Rule 230(g) provides:

Hearing and Oral Argument. Upon the call of the motion, the Court will hear appropriate and reasonable oral argument. Alternatively, *the motion may be submitted upon the record and briefs on file if the parties stipulate thereto, or if the Court so orders*, subject to the power of the Court to reopen the matter for further briefs or oral arguments or both.

E.D. Local Rule 230(g) (emphasis added).  The undersigned again cautions the Molens against filing multiple copies of substantively identical motions in efforts to achieve their goals, whether those goals are making oral arguments or obtaining dismissal of the case against them. Successive and repetitious filings of substantially similar motions will not aid defendants and may result in sanctions, including a potential entry of default judgment against them.  See Thompson, 782 F.2d at 831.

Further, to the extent the motion at Docket Number 52 raises arguments that do *not* necessarily duplicate those made in the previous motion at Docket Number 35 (see Dkt. No. 52 at 4-5 (arguing that the pleading should be dismissed pursuant to Rule 12(b)(6) for failure to "cite any Assessment or Lien authority" or "Tax Levy authority")), the undersigned denies the motion on the separate procedural grounds that it contains defenses and/or objections that were available to the Molens but omitted from their earlier motion, and therefore represents an improper "successive" motion to dismiss.  Fed. R. Civ. P. 12(g); Fed. R. Civ. P. 11; Aetna Life Ins. Co., 855 F.2d at 1475-77, n.2; Federal Agr. Mortg. Corp., 2005 WL 3325051 at *5-6; accord Buzayan, 2009 WL 514201 at *3.

        iii)    Docket Number 53

The motion at Docket Number 53 was filed on March 29, 2011, and is entitled "Motion for Judicial Notice as per FRCP 17 [and] Motion to Dismiss per FRCP 17(a) & (b)[:] Failure of Ratification and Commencement and Failure to produce Real Party in Interest and Capacity to Sue or Be Sued."  (Dkt. No. 53.)  In the motion at Docket Number 53, the Molens cite Federal Rule of Civil Procedure 17(a)-(b) and argue that plaintiff is not the real party in interest and, accordingly, may not sue the Molens.  (Dkt. No. 53 at 3-4.)  Therein, the Molens

1    purport to "grant the Plaintiff a reasonable amount of time (45 days) to bring a verifiable human

2    complainant that will state under oath or affirmation a lawful claim of injury.  (Id. at 3.)  For the

3    third time in this action, to salvage the Molens' procedurally-improper filings the undersigned

4    construes this so-called "motion to dismiss" as a motion for judgment on the pleadings.[3]  The

5    motion is denied for the reasons described below.[4]

6            The Molens' argument is, at its core, that the United States cannot sue anyone

7    because the United States is not an "individual" and because a plaintiff must always "be a

8    physical human being that the Defendants can face and cross-examine."  (Id. at 4.)  Nothing in

9    Rule 17 requires production of a "physical human being" or "individual" prior to the prosecution

10   of a case on behalf of the United States, although there are other requirements for such

11   prosecution.  E.g., Fed. R. Civ. P. 17(a)(2) (requiring that "[w]hen a federal statute" provides, a

12   suit may be maintained the name of the United States).  The Molens do not cite compelling

13   authority in support of their argument, and appear to ignore the plain text of Federal Rule 17(a),

14   which expressly permits those who are authorized by statute to sue on behalf of the United

15   States.  Fed. R. Civ. P. 17(a)(2) ("[w]hen a federal statute so provides, an action for another's use

16   or benefit must be brought in the name of the United States.").  The IRS is so authorized.  E.g.,

17   28 U.S.C. §§ 1340, 1345; 26 U.S.C. § 7401-03.  In any event, the Molens' argument that "the

18   Internal Revenue Service is not a real party in interest as a human, and therefore must provide a

19   real human" prior to continuing this lawsuit (Dkt. No. 53 at 4) is not supported by any authority

20   in the motion at Docket Number 53, and the motion is denied.  At most, the Molens make

21

22           [3] E.g., Dkt. No. 60 at 3 (citing Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th
     Cir. 2004); Dent v. Cox Commc'ns Las Vegas, Inc., 502 F.3d 1141, 1143 n.3 (9th Cir. 2007).

23

24           [4] While the undersigned examines the merits of what is effectively the Molens' *third* attack
     on the pleadings (Dkt. No. 53), the undersigned will not examine the merits of substantively similar
25   motions filed in the future.  As described *infra*, future filings of motions attacking the pleadings
     and/or requesting dismissal on substantively similar grounds raised in previous motions will be
26   summarily denied, as will successive filings of motions in violation of Federal Rule of Civil
     Procedure 12(g).

1  passing reference to inapposite authorities relating to diversity jurisdiction (Dkt. No. 53 at 3) and

2  passing reference to "the Constitution for the [U]nited States, 6th Amendment," which sets forth

3  rights related to criminal prosecutions and is inapposite in this civil case (Dkt. No. 53 at 4).  The

4  Molens do not cite any authorities requiring that, prior to the IRS's initiation of a lawsuit in the

5  name of the United States, some "individual" or "physical human being" must first be

6  "produced."  Accordingly, the Molens' motion at Docket Number 53 is denied.

7          Further, the undersigned denies the motion at Docket Number 53 on the separate

8  and additional grounds that it contains defenses and/or objections that were available to the

9  Molens but omitted from their earlier motions requesting dismissal (Dkt. Nos. 8-9, 15, 35), and

10  therefore represents an improper "successive" motion to dismiss.  Fed. R. Civ. P. 12(g).  The

11  undersigned again clarifies that, while the undersigned has examined the merits of what is

12  effectively the Molens' *third* attack on the pleadings, the undersigned will not examine the merits

13  of future motions raising substantively similar arguments that have already been rejected.  Such

14  motions may be summarily denied.  The same is true with respect to the filing of future

15  successive motions to dismiss in violation of the Federal Rules of Civil Procedure.  Fed. R. Civ.

16  P. 12(g); Fed. R. Civ. P. 11; <u>Aetna Life Ins. Co.</u>, 855 F.2d at 1475-77, n.2; <u>Federal Agr. Mortg.</u>

17  <u>Corp.</u>, 2005 WL 3325051 at *5-6; <u>accord</u> <u>Buzayan</u>, 2009 WL 514201 at *3.

18          iv)    <u>Docket Number 54</u>

19          The Molens' most recent filing at Docket Number 54 is dated March 31, 2011,

20  and is entitled "Motion for Judicial Notice as per Rule 201 [and] Motion to Dismiss per Title 4

21  Sect. 72."  (Dkt. No. 54.)  Despite purporting to be a motion to dismiss "per" 4 U.S.C. § 72, the

22  motion at Docket Number 54 must be construed as yet another motion to dismiss for failure to

23  state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), apparently on grounds that the

24  ////

25  ////

26  ////

1   United States does not have authority to prosecute cases outside the District of Columbia.[5]   (Dkt.

2   No. 54 at 2 ("All offices attached to the seat of government shall be exercised in the District of

3   Columbia, and not elsewhere, except as otherwise expressly provided by law" (quoting 4 U.S.C.

4   § 72) and Dkt. No. 54 at 6 ("The jurisdictional area of this United States is limited only to the

5   District of Columbia").)

6           The undersigned has now addressed the substantive arguments within three

7   separate motions each attacking the same original pleading (Dkt. Nos. 8, 9, 15, 35, 53) — the

8   more recent of which each raise defenses and/or objections that were available to the Molens but

9   were omitted from their first several motions — and the motion at Docket Number 54 represents

10  yet another improper "successive" motion to dismiss.  Fed. R. Civ. P. 12(g).  Accordingly, the

11  undersigned declines to discuss the substance of that motion except to note that he finds the

12  Molens' argument unpersuasive, and denies the motion at Docket Number 54 on the grounds that

13  it contains defenses and/or objections that were available to the Molens but omitted from their

14  several prior motions requesting dismissal (Dkt. Nos. 8, 9, 15, 35, 50, 52, 53).  Fed. R. Civ. P.

15  11, 12(g); Aetna Life Ins. Co., 855 F.2d at 1475-77, n.2; Federal Agr. Mortg. Corp., 2005 WL

16  3325051 at *5-6; accord Buzayan, 2009 WL 514201 at *3.

17          D.      Motions Styled As Requests For Judicial Notice

18          The undersigned has previously instructed the Molens against improperly styling

19  their requests for dismissal as requests for "judicial notice."  (E.g., Dkt. No. 60 at 4-5, n.2.)  In

20  this action to date, the Molens have filed at least six motions for "judicial notice" that, in

21  substance, actually request dismissal of the complaint for failure to state a claim.  (Dkt. Nos. 19,

22  35, 50, 52, 53, 54 (each purporting to request "judicial notice" but actually arguing for dismissal

23

24  _____

25      [5]  4 U.S.C. § 72 does not provide a procedural mechanism to "dismiss" pending civil cases.
    The Molens apparently intend to argue that, based upon the legal authority contained in 4 U.S.C. §
26  72, the action against them should be dismissed by way of the procedural mechanism set forth in
    Federal Rule of Civil Procedure § 12(b)(6).

1  of the entire case pursuant to Rule 12(b)(6)).)[6]  The motions reference statutes and regulations

2  that the Molens believe support dismissal of the complaint, and the Molens appear simply to seek

3  to have the undersigned review — or, in their words, "notice" — the statutes and regulations.

4  The undersigned again informs the Molens that there is typically no need to request judicial

5  notice of statutes and regulations pursuant to Federal Rule of Evidence 201, although that is what

6  the Molens have requested in the filings at Docket Numbers 50, 52, and 53.  Instead of

7  requesting "judicial notice" of statutes and regulations they believe support their arguments, the

8  Molens should simply include citations to the statutes and regulations within the legal argument

9  portion of their motions.

10        The undersigned again directs the Molens to Federal Rule of Evidence 201.  That

11  rule provides that courts may consider certain kinds of documents that may be judicially noticed.

12  E.g., Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

13  1998).  Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to

14  reasonable dispute" because the fact is either: "(1) generally known with the territorial

15  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

16  sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The court can

17  also take judicial notice of matters of public record, such as pleadings in another action and

18  records and reports of administrative bodies.  Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th

19  Cir. 1988).

20        When a motion actually seeks to attack the pleadings and seeks dismissal of the

21  action, labeling that motion as a "request for judicial notice" is misleading.  It also causes undue

22  burden to the undersigned, who must repeatedly guess at what relief the Molens *actually* intend

23  to request.  Future filings labeled as requests for judicial notice that actually seek other relief or

24

---

25        [6]  While the undersigned has noted that the motions were improperly styled, however, the
   undersigned has proceeded to analyze the substantive arguments within these motions.  (E.g., Dkt.
26  No. 60 at 4-5.)

1    dismissal of the case may be summarily denied.

2    II.    CONCLUSION

3              While the Molens are proceeding without counsel in this case, they are obligated

4    to familiarize themselves with the Federal Rules of Civil Procedure and Eastern District of

5    California Local Rules.  Pro se litigants are afforded a degree of leniency with respect to their

6    pleadings, but they are nonetheless required to comply with the rules of litigation procedure.

7    King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

8              In the future, the Molens' failures to comply with the rules of litigation procedure

9    may subject them to sanctions, and improperly-filed motions may be summarily denied.  Local

10   Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal

11   Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or

12   other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules

13   "may be grounds for imposition by the Court of any and all sanctions authorized by statute or

14   Rule or within the inherent power of the Court."  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

15   1995).

16             Accordingly, the Molens are cautioned that future and continued noncompliance

17   with the Local Rules and Federal Rules of Civil Procedure may result in monetary or other

18   sanctions or the summary denial of improperly-filed and/or duplicative motions.  Going forward,

19   such motions are a waste of judicial time and resources and will not be tolerated.  The Molens

20   are advised that a future failure to comply with the terms of this order may result in an order

21   limiting their filings to only one motion pending at any time, as well as other limitations.

22             Accordingly, it is HEREBY ORDERED that:

23             1.    Defendants' discovery filings labeled as " Motion to Compel Request for

24   Admissions" (Dkt. No. 48) and "Motion to Compel Request for Interrogatories" (Dkt. No. 49)

25   fail to comply with Eastern District Local Rule 251 and are therefore denied without prejudice to

26   refiling. The Molens are directed to review and comply with Local Rule 251.

1    2.    Defendants' motion at Docket Number 50 is substantively identical to and

2  duplicative of the Molens' prior motion to dismiss (Dkt. No. 35).  The undersigned denies the

3  motion (Dkt. No. 50) on its merits for the same reasons stated in the undersigned's order dated

4  April 20, 2011.  (Dkt. No. 60.)

5    3.    Defendants' motion at Docket Number 52 is, essentially substantively

6  identical to and duplicative of the Molens' prior motion to dismiss (Dkt. No. 35).  The

7  undersigned denies the motion (Dkt. No. 52) on its merits for the same reasons stated in the

8  undersigned's order dated April 20, 2011.  (Dkt. No. 60.)  To the extent its substance slightly

9  differs from the motion at Docket Number 35, the motion (Dkt. No. 52) is also denied on the

10  separate procedural grounds that it contains defenses and/or objections that were available to the

11  Molens but omitted from their earlier motions attacking the pleadings (Dkt. No. 8-9, 15, 35).

12  Fed. R. Civ. P. 12(g).

13    4.    Defendants' motion at Docket Number 53 is construed as a motion for

14  judgment on the pleadings seeking dismissal on grounds that the United States is not the real

15  party in interest pursuant to Federal Rule of Civil Procedure 17.  The motion (Dkt. No. 53) is

16  denied on its merits.  The motion (Dkt. No. 53) is also denied on the separate and additional

17  grounds that it contains defenses and/or objections that were available to the Molens but omitted

18  from their prior filings requesting dismissal (Dkt. Nos. 8, 9, 15, 35, 50, 52), and therefore

19  represents an improper "successive" motion to dismiss.  Fed. R. Civ. P. 12(g).

20    5.    Defendants' motion at Docket Number 54 represents an improper

21  "successive" motion to dismiss, the undersigned declines to reach the merits of that motion, and

22  denies the motion at Docket Number 54 on the grounds that it contains defenses and/or

23  objections that were available to the Molens but omitted from their earlier filings (Dkt. Nos. 8, 9,

24  15, 35, 50, 52, 53) attacking the complaint and requesting dismissal.  Fed. R. Civ. P. 12(g).

25    6.    Defendants shall file no further motions attacking the sufficiency of the

26  complaint whether styled as requests for "judicial notice" or otherwise.  Further such motions

1  seeking to attack the pleadings may be summarily denied as filed in violation of Federal Rule of

2  Civil Procedure 12(g).

3          7.      Defendants shall file no further motions styled as requests for "judicial

4  notice" where the substance of such motions actually seeks dismissal of the action or other relief.

5  Future filings styled as requests for judicial notice that are actually motions raising legal

6  arguments in favor of dismissing the complaint may be summarily denied.

7          *Failure to comply with this order shall result in summary denial or rejection of*

8  *improper filings, a limitation on the number of the Molens' filings that may be pending at any*

9  *one time, and may also result in monetary or other sanctions.*

10          IT IS SO ORDERED.

11  DATED:  May 6, 2011

12

13

14                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26