1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

12        v.

13   JAMES O. MOLEN (also known as
     James-Orbin: Molen); et al.,

14
                Defendants.                   ORDER
15   _____/

16              Defendants James Molen and Sandra Molen (the "defendants") are proceeding

17   without counsel in this action.[1]  Defendants have filed two motions contending that the Status

18   (Pretrial Scheduling) Order (the "PTSO") (Dkt. No. 76), was both prematurely issued and

19   improper.  (Dkt. Nos. 80 ("Opposition To Pretrial Scheduling Order As Premature And Denial

20   Of Magistrate Judge Forms"); 87 ("Opposition To And Motion To Reverse Pretrial Scheduling

21   Order As Premature And Submission Of Magistrate Judge Denial Forms").)[2]  Plaintiff the United

22   _____

23        [1]  This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)
24
          [2]  Defendants have already received warnings from this court regarding their obligation to
25   abide by the rules of litigation procedure, including their obligation to refrain from filing duplicative
     motions.  (E.g., Dkt. Nos. 60, 65.)  Defendants are cautioned that their filings at Docket Numbers
26   80 and 87 are largely substantively duplicative.  However, it is possible that defendants did not

                                              1

1   States of America (the "plaintiff") filed a written opposition to the motions.  (Dkt. No. 90.)

2   Because oral argument would not materially aid the resolution of the pending motions, these

3   matters are submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E.D.

4   Local Rule 230(g).  The undersigned has fully considered the parties' briefs and the record in this

5   case and, for the reasons that follow, the undersigned denies both defendants' motions

6   challenging the PTSO.  (Dkt. Nos. 80, 87.)

7   I.      BACKGROUND

8           On September 23, 2010, plaintiff filed its complaint against defendants, as well as

9   against defendants' alleged trust and partnership entities.  (Compl., Dkt. No. 1.)  The complaint

10  alleges multiple failures to pay federal taxes by the defendants and the partnership.  (Compl. ¶¶

11  17-18, 28, 30, 34, 36-41.)  The complaint also alleges that the trust is both a sham and the

12  defendants' alter ego, and plaintiff seeks to set aside the purported transfer of real property from

13  the defendants to the trust.  (Id. ¶¶ 42-54, p. 13 ¶¶ D-E.)  Plaintiff seeks foreclosure of tax liens

14  encumbering the defendants' alleged real property in Butte County, California.  (Id. at p. 13 ¶ I.)

15          The complaint alleges that defendants "reside in Butte County, California, within

16  this judicial district . . . ."  (Compl. ¶ 5.)  The complaint further alleges that defendants have

17  occupied 189 Connors Avenue in Butte County, California, "as their residence from at least 1976

18  to the present."  (Compl. ¶¶ 17-18, 44, 49.)

19          Defendants filed a verified Answer to the complaint on November 15, 2010.

20  (Answer, Dkt. No. 4.)  In that answer, defendants asserted defenses, including a lack of personal

21  jurisdiction, on behalf of themselves as individuals, as well as on behalf of entities (i.e., the trust

22  and the partnership).  (Id. at 1-2, 5, 7, 8.)  The portion of the Answer asserting defenses on behalf

23

24  intentionally violate the court's order prohibiting duplicative motions, given that defendants
    erroneously noticed the former motion before the incorrect judge and, after the filing of the latter
25  motion, may not have intended the former motion to remain at issue.  While the undersigned gives
    defendants the benefit of the doubt in this particular instance, the undersigned also reminds
26  defendants that duplicative motions are prohibited and may result in summary denial(s) and/or
    sanctions.

2

1   of these entities has since been stricken.  (Dkt. Nos. 26.)

2   II.      DISCUSSION

3             a.      The PTSO Was Not "Premature"

4             In anticipation of the Status (Pretrial Scheduling) Conference set for June 9, 2011,

5   plaintiff filed a Joint Scheduling Statement that included electronic signatures from plaintiff and

6   both defendants.  (Dkt. No. 68.)  The Joint Scheduling Statement contained both plaintiff's and

7   defendants' respective positions on issues of jurisdiction, trial, discovery, and the like.  (Id.)  In

8   reviewing these respective positions, the undersigned found that the parties had supplied the

9   information required for setting a trial date and related deadlines, and accordingly, the

10  undersigned issued an order vacating the June 9, 2011 hearing date.  (Dkt. No. 73.)  Within that

11  order, however, the undersigned directed all parties to complete and file "Consent to / Decline of

12  Jurisdiction of United States Magistrate Judge" forms by June 23, 2011, so as to ensure that the

13  appropriate trial judge was identified within the PTSO.  (Id.)

14            A discussion of the Local Rules governing the undersigned's role in this action

15  helps explain the timing of the entry of the PTSO.  The Eastern District Local Rule 302(c)(21)[3]

16  provides that the Magistrate Judge shall preside over dispositive and non-dispositive motions and

17  matters in "pro se actions"[4] like this one.  The Magistrate Judge shall hear "all general pretrial

18  matters" in such cases, making determinations regarding certain specific issues and making

19  "proposed findings of fact and recommendations" regarding others.  E.D. Local Rule 303(a),

20  304(a).  Upon "the consent of *all* parties," however, the Magistrate Judge may conduct the trial

21

22           [3]   A Magistrate Judge will preside over, "In Sacramento, all actions in which all the
23  plaintiffs or defendants are proceeding in propria persona, including dispositive and non-dispositive
     motions and matters.  Actions initially assigned to a Magistrate Judge under this paragraph shall be
24  referred back to the assigned Judge if a party appearing in propria persona is later represented by an
     attorney appearing in accordance with L.R. 180."  E.D. Local Rule 302(c)(21).

25           [4]   "'Pro Se Action' means an action in which all the plaintiffs or all the defendants are
26  proceeding in propria persona.  In these Rules, 'pro se' and 'in propria persona' are used
     interchangeably."  E.D. Local Rule 101.

1   itself, in addition to the "general pretrial matters" referenced above.  E.D. Local Rule 305(b)

2   (emphasis added).  Thus, in civil "pro se actions" like this one, the Magistrate Judge makes

3   determinations regarding all "general pretrial matters" short of the actual trial, and typically, if

4   the matter progresses through trial, the assigned District Judge serves as the trial judge.  E.D.

5   Local Rules 302(c)(21),  303(a), 304(a), 305(b).  If, however, *all parties* consent, the Magistrate

6   Judge may serve as the trial judge in place of the District Judge.  E.D. Local Rule 305(b).

7   Accordingly, if and when *one* litigant files the "Consent to / Decline of Jurisdiction of United

8   States Magistrate Judge" form expressly *declining* to have the Magistrate Judge serve as the trial

9   judge, this obviates the need for other parties to file the form.  In short, when *one* litigant declines

10  to have the Magistrate Judge serve as trial judge, it becomes impossible for "*all* parties" to

11  consent to the Magistrate Judge serving as the trial judge (E.D. Local Rule 305(b), and it

12  becomes clear that the United States District Judge will indeed preside over the trial in that case.

13          Here, in response to the undersigned's order (Dkt. No. 73), plaintiff filed the

14  requisite form *declining* to have the undersigned serve as the trial judge.  (Dkt. No. 74.)  Upon

15  that filing, it became clear that the assigned district judge, Judge Morrison England, would

16  preside over the trial in this case.  Accordingly, there being no need to wait to receive "Consent"

17  forms from other parties, on June 15, 2011, the undersigned issued the PTSO identifying Judge

18  England as the trial judge.  Accordingly, that the undersigned's previous order (Dkt. No. 73)

19  directed the parties to file "Consent to / Decline of Jurisdiction of United States Magistrate

20  Judge" forms by June 23, 2011, does not render the PTSO premature or improper.  The PTSO

21  (Dkt. No. 76) designates the proper trial judge and is properly based on the undersigned's review

22  of the parties' *Joint* Scheduling Statement (Dkt. No. 68).   Defendants' motions to "reverse" the

23  PTSO as "premature" (Dkt. Nos. 80, 87) are therefore denied.

24          Plaintiff and defendants agree that the district judge should preside over trial in

25  this case.  (Dkt. Nos. 74, 77-78.)  Indeed, like plaintiff, defendants filed forms expressly

26  declining to have the undersigned preside over the trial.  (Dkt. Nos. 77-78.)  The PTSO, which

1  identifies United States District Judge Morrison England as the trial judge, is thus in keeping

2  with the defendants' preferences on the issue.  In any case, even assuming *arguendo* that the

3  PTSO was "premature" because it was issued *before* defendants filed their "Consent to / Decline

4  of Jurisdiction of United States Magistrate Judge" forms, defendants were not prejudiced by such

5  issuance.  The PTSO identifies the district judge as the trial judge, exactly as the defendants have

6  requested.  (Dkt. Nos. 77-78.)

7       The undersigned also notes that defendants challenge the PTSO in part because

8  their "Consent to / Decline of Jurisdiction of United States Magistrate Judge" forms were

9  "denied by [Judge] Newman."  (Dkt. No. 87 at 2.)  This is inaccurate.  The undersigned did not

10  "deny" defendants' "Consent to / Decline of Jurisdiction of United States Magistrate Judge"

11  forms.  Similarly, defendants claim that the undersigned issued the PTSO "setting dates and

12  assignment to Morrison C. England for trial without hearing from all parties."  (Dkt. No. 87 at 2.)

13  This is also inaccurate.  As described above, the undersigned issued the PTSO after reviewing the

14  parties' *Joint* Scheduling Statement (Dkt. No. 68) and thus, after "hearing from" defendants.

15       b.    The PTSO Does Not Improperly "Assume" Jurisdiction And Venue

16       Defendants argue in passing that the PTSO is improper because it includes the

17  "assumption that Jurisdiction and venue are found to be proper."  (Dkt. No. 87 at 2.)  Defendants

18  argue that neither is proper, "because they are not supported with any required substantive Code

19  of Federal Regulations that applies to and subjects the Defendants."  (Dkt. No. 87 at 2.)

20       The court has already examined the propriety of jurisdiction in this case and found

21  jurisdiction to be proper (Dkt. No. 26 at 12-13), and defendants have not offered any compelling

22  reasons for the undersigned to readdress the issue.  Similarly, as to venue, defendants have not

23  offered a compelling argument as to the impropriety of venue and have not proposed an alternate

24  venue for this action.  Also, the undersigned has already rejected the defendant's oft-attempted

25  tact of citing a lack of substantive "regulations" as the sole support for their various arguments.

26  (E.g., Dkt. No. 60 at 5-10.)  As to defendants' passing argument that venue is improper because it

1    is somehow "not supported by" federal regulations, the undersigned again rejects that argument.

2    (Dkt. No. 87 at 2.)

3           Finally, defendants included their positions on jurisdiction and venue within the

4    Joint Scheduling Statement filed in anticipation of the PTSO.  (Dkt. No. 68.)  The undersigned

5    considered those positions prior to issuing the PTSO.  Plaintiffs' motion to "reverse" the PTSO

6    (Dkt. No. 87) on grounds that it "assumes" the issues of jurisdiction and venue is denied.

7           c.     The PTSO's Reference To "A.K.A.s" Of Defendants Does Not Render
                    The PTSO Improper

8

9           Defendants purport to "reject" the PTSO's "references to their agents/executors,

10   Sandra-Lyn: Molen and James-Orbin: Molen as a.k.a's of the Defendants (legal fictions); no

11   different than Guy Patrick Jennings to be called an a.k.a. of the Plaintiff United States of

12   America."  (Dkt. No. 87 at 2.)  Puzzlingly, this so-called "rejection" conflicts with previous

13   representations defendants have made to this court.

14          Defendants appeared for a hearing on January 27, 2011.  On the record during that

15   hearing, defendant James Molen informed the court both of his preference to be referred to as

16   "James-Orbin: Molen," and his preference that the caption in this action be amended to include

17   that name.  Sandra Molen had also expressed a preference to be referred to as "Sandra-Lyn:

18   Molen."  (Dkt. No. 8, 2-3.)  Accordingly, the court amended the case caption to reflect that these

19   two defendants are also known as these preferred names.  (Dkt. No. 26.)

20          Notwithstanding defendants' more recent and conflicting request, however,

21   whether the PTSO identifies defendants by their "preferred" names, their given names, or both,

22   defendants have not compellingly explained how such identification itself renders the PTSO

23   improper.  The undersigned declines to find as much.  Defendants' motions (Dkt. No. 80, 87) are

24   denied.

25          For the foregoing reasons, IT IS HEREBY ORDERED that:

26          1.     Defendants' "Opposition To Pretrial Scheduling Order As Premature And

                                              6

1   Denial Of Magistrate Judge Forms" (Dkt. Nos. 80) is denied.

2           2.      Defendants' "Opposition To And Motion To Reverse Pretrial Scheduling

3   Order As Premature And Submission Of Magistrate Judge Denial Forms" (Dkt. No. 87) is

4   denied.

5           3.      The hearing dates for these motions (Dkt. Nos. 80, 87) are vacated.

6           IT IS SO ORDERED.

7   DATED:  August 19, 2011

8

9                                          _____
                                           KENDALL J. NEWMAN
10                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26