1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

12     v.

13   JAMES O. MOLEN (also known as
     James-Orbin: Molen); et al.,

14

15          Defendants.                    ORDER
     _____/

16          Defendants James Molen and Sandra Molen (the "defendants") are proceeding

17   without counsel in this action.[1]  Currently pending before the court is defendants' "Peremptory

18   Challenge And Memorandum of Points And Authorities," which requests that the undersigned be

19   disqualified.  (Dkt. No. 86.)  Defendants have set that motion to be heard on September 1, 2011.

20   (Id.)  Defendants have also filed several other motions that indirectly suggest the undersigned has

21   treated defendants unfairly and/or is biased against defendants.  (Dkt. Nos. 80 at 2, 81 at 2-3, 87

22   at 2.)  Plaintiff the United States of America (the "plaintiff") filed a written opposition to the

23   motions.  (Dkt. No. 90.)

24          Because oral argument would not materially aid the resolution of the pending

25   _____

26          [1]  This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)

1

1 motion, the matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ. P.

2 78(b); E.D. Local Rule 230(g).  The undersigned has fully considered the briefs and the record in

3 this case and, for the reasons that follow, the undersigned denies defendants' motion.

4 II.    DISCUSSION

5            Defendants seek disqualification of the undersigned pursuant to 28 U.S.C. § 455.[2]

6 (Dkt. No. 86 at 2 (citing 28 U.S.C. § 455).)  Defendants base their request[3] on the following

7 grounds: that the undersigned "prematurely" entered the Status (Pretrial Scheduling) Order (the

8 "PTSO"); that the undersigned improperly "assumed" the propriety of jurisdiction and venue

9 within the PTSO[4]; that the undersigned has either "denied" or "not heard" all motions by

10 defendants; that the undersigned refuses to "recognize the Defendants as legal fictions" and other

11 similar issues regarding defendants' identities; that defendants believe the undersigned is

12 unlikely to give defendants a "fair hearing on any matter," although defendants do not explain

13 how; and, finally, that defendants believe the undersigned's involvement in this matter has the

14 appearance of impropriety, although defendants do not explain how.  (Dkt. No. 86 at 1-2.)

15 ////

16 ////

17

18      [2]  The undersigned must rule on plaintiff's request for disqualification pursuant to 28 U.S.C.
§ 455(a).  Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 (9th Cir. 1994) (stating that a motion
19 to disqualify pursuant to 28 U.S.C. § 455(a) "is addressed to, and must be decided by, the very judge
whose impartiality is being questioned"); see also Perry v. Schwarzenegger, 630 F.3d 909, 915 (9th
20 Cir. 2011) (wherein a Circuit Judge of the Ninth Circuit Court of Appeals ruled on the motion to
disqualify him filed pursuant to, in part, 28 U.S.C. § 455(a)).

21
      [3]  Aside from citing to and quoting Section 455(a), defendants also quoted lengthy excerpts
22 from the California Code of Civil Procedure provisions regarding disqualification, namely, sections
170.1, 170.3, and 170.6.  (Dkt. No. 86 at 3-4.)  The undersigned has not considered or discussed
23 these cited sections of the California Code of Civil Procedure, because the Federal Rules of Civil
Procedure govern in federal actions like this one.  Defendants have not cited authorities indicating
24 state procedural rules apply here.

25      [4]  The issues of the "prematurity" of the PTSO and an "assumption" of jurisdiction and venue
within the PTSO will be addressed in a separate order addressing defendants' motions (Dkt. Nos.
26 80, 87) specifically regarding those issues.

Two subsections of 28 U.S.C. § 455 ("Section 455") are potentially relevant here.[5] First, Section 455(a) provides that "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Second, a magistrate judge "shall also disqualify himself [or herself] . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1).

The Ninth Circuit Court of Appeals has held that the substantive standard for recusal under 28 U.S.C. § 455 asks "'[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)); accord Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

In United States v. Grinnell Corp., 384 U.S. 563 (1966), the United States Supreme Court stated that in order for the "alleged bias and prejudice to be disqualifying" in the context of a Section 144 affidavit, it must stem from an "extrajudicial source." Id. at 583. In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court extended the so-called "extrajudicial source doctrine" to disqualifications pursuant to 28 U.S.C. § 455(a), but clarified that the alleged bias must *usually* arise from an extrajudicial source. See id. at 554-55 (stating that "it would be better to speak of the existence of a significant (and often determinative) 'extrajudicial source' *factor*, than of an 'extrajudicial source' *doctrine*, in recusal jurisprudence") (emphasis in original). In so holding, the Supreme Court partially described the consequences of

---

[5] Although a judge might be required to disqualify or recuse himself or herself from a case pursuant to 28 U.S.C. § 144 *or* 28 U.S.C. § 455(a), defendants only request that the undersigned disqualify himself pursuant to Section 455(a). (Dkt. No. 86 at 2-3.) Regardless, "[i]nsofar as 'the grounds for disqualification set out in section 144 personal bias or prejudice either against (a party) or in favor of any adverse party are included in section 455,' see United States v. Ritter, 540 F.2d 459, 462 (10th Cir.1976), both sections are considered together." U.S. v. Bell, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999) (internal citations omitted).

1   the extrajudicial source factor:

2   　　　　First, judicial rulings alone almost never constitute a valid basis for a bias
    　　　　or partiality motion.  In and of themselves (*i.e.*, apart from surrounding
3   　　　　comments or accompanying opinion), they cannot possibly show reliance
    　　　　upon an extrajudicial source; and can only in the rarest circumstances
4   　　　　evidence the degree of favoritism or antagonism required (as discussed
    　　　　below) when no extrajudicial source is involved.  Almost invariably, they
5   　　　　are proper grounds for appeal, not for recusal.  Second, opinions formed
    　　　　by the judge on the basis of facts introduced or events occurring in the
6   　　　　course of the current proceedings, or of prior proceedings, do not
    　　　　constitute a basis for a bias or partiality motion unless they display a
7   　　　　deep-seated favoritism or antagonism that would make fair judgment
    　　　　impossible.  Thus, judicial remarks during the course of a trial that are
8   　　　　critical or disapproving of, or even hostile to, counsel, the parties, or their
    　　　　cases, ordinarily do not support a bias or partiality challenge.  They *may* do
9   　　　　so if they reveal an opinion that derives from an extrajudicial source; and
    　　　　they *will* do so if they reveal such a high degree of favoritism or
10  　　　　antagonism as to make fair judgment impossible.

11  Id. at 555 (citation omitted) (emphasis in original); see also United States v. Johnson, 610 F.3d

12  1138, 1147 (9th Cir. 2010) ("We have described the extrajudicial source factor as involving

13  'something other than rulings, opinions formed or statements made by the judge during the

14  course of trial.'") (quoting United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008)).

15  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for

16  establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  Pesnell,

17  543 F.3d at 1044 (citing Liteky, 510 U.S. at 555-56).

18  　　　　　　Here, the extrajudicial source factor applies to defendants' request for

19  disqualification and dooms that request.  Defendants have simply failed to identify any

20  extrajudicial source of any alleged partiality on the part of the undersigned.  Instead, defendants'

21  questioning of the undersigned's impartiality stems entirely from the undersigned's judicial

22  rulings denying several of defendants' motions.  That the undersigned has denied motions by

23  defendants is not an "extrajudicial source factor" that supports disqualification or recusal.  See

24  Johnson, 610 F.3d at 1147.  That the undersigned refuses to "recognize the Defendants as legal

25  fictions" and has made other similar statements or rulings during the course of litigation, is not

26  an "extrajudicial source factor" that supports disqualification or recusal.  See id.  Defendants'

4

contentions regarding the PTSO's timing and contents are not "extrajudicial source factors" that support disqualification or recusal.  See id.  That the undersigned has "not heard" several of defendants' motions is similarly not an "extrajudicial source factor," and moreover, the undersigned has already informed defendants that they are not presumptively entitled to hearings on every single one of their motions.  (See Dkt. No. 65 at 6-7 (citing Local Rule 230(g).)  Defendants base their request solely upon "judicial" conduct, such as rulings, opinions formed or statements made by the judge during the course of the litigation.  See id.  Moreover, contrary to defendants' intimations, there is no indication that any of the court's rulings is based upon anything other than the merits of the applicable facts and law.  There is no evidence any extra-record information has been utilized or that any information outside the case has been considered.

Although not raised within their "Peremptory Challenge" motion (Dkt. No. 86), the undersigned will address a contention that defendants raise in other filings: that the undersigned is "prejudiced against" them and biased toward plaintiff United States of America (the "plaintiff") due to "the fact that the Plaintiff, Plaintiff's attorney, Court, and the Judges have a conflict of interest" given their "common source of intertwined employment."  (Dkt. No. 81 at 2-3.)  Defendants have not cited any authorities supporting this broad argument, however, and absent such authorities the undersigned declines to find a conflict of interest based upon a so-called "common source of intertwined employment."  Indeed, a "*reasonable person* does not infer prejudice from . . . the fact that the United States of America can sue in a United States District Court; or because a federal judge receives a salary from the federal government."  See Bell, 79 F. Supp. 2d at 1173 (emphasis in original).  Defendants have not demonstrated any special relationship, improper influence or irreconcilable conflict in this case, and therefore, have failed to demonstrate a legally sufficient reason for disqualification of the undersigned.

III.   CONCLUSION

The extrajudicial source factor applies to disqualifications under Sections 455(a)

5

1   and 455(b)(1), see Liteky, 510 U.S. at 551-54, and, accordingly, the undersigned finds no reason

2   to disqualify himself as a result of bias or prejudice.  Defendants' request for disqualification is

3   squarely foreclosed by the Supreme Court's decision in Liteky and the Ninth Circuit Court of

4   Appeals's subsequent decisions that are in accord with Liteky.  Accordingly, defendants' request

5   for disqualification is denied.

6              For the foregoing reasons, IT IS HEREBY ORDERED that:

7              1.      Defendants' "Peremptory Challenge And Memorandum Of Points And

8   Authorities" (Dkt. No. 86) is construed as a request for disqualification pursuant to 28 U.S.C. §

9   455 and is denied.

10             2.      The September 1, 2011 hearing date currently set for defendants'

11  "Peremptory Challenge And Memorandum Of Points And Authorities" (Dkt. No. 86) is vacated.

12             3.      To the extent defendants intended portions of their other recently-filed

13  motions to serve as additional requests for disqualification (Dkt. Nos. 80 at 2, 81 at 2-3, 87 at 2),

14  the requests are denied.

15             IT IS SO ORDERED.

16  DATED:  August 19, 2011

17

18                                              _____
                                                KENDALL J. NEWMAN
19                                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26