IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES O. MOLEN (also known as James-Orbin: Molen); et al.,

    Defendants.

No. 2:10-cv-02591 MCE KJN PS

ORDER

    Defendants James Molen and Sandra Molen (the "defendants") are proceeding without counsel in this action.[1] Presently before the court is defendants' "Motion To Strike All References To James-Orbin: Molen And Sandra-Lyn: Molen As A.K.A.'s Of The Defendants." (Dkt. No. 88.) Plaintiff the United States (the "plaintiff") filed a non-opposition to the motion. (Dkt. No. 90 at 88.) Because oral argument would not materially aid the resolution of the pending motion, the matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. D. Local Rule 230(g). The undersigned has fully considered the briefs and the record in this case and, for the reasons that follow, the undersigned grants defendants' motion.

////

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (See Dkt. No. 11.)

1

I.     BACKGROUND

On September 23, 2010, plaintiff filed its complaint against defendants, as well as against defendants' alleged trust and partnership entities. (Compl., Dkt. No. 1.) The complaint alleges multiple failures to pay federal taxes by the defendants and the partnership. (Compl. ¶¶ 17-18, 28, 30, 34, 36-41.) The complaint also alleges that the trust is both a sham and the defendants' alter ego, and plaintiff seeks to set aside the purported transfer of real property from the defendants to the trust. (Id. ¶¶ 42-54, p. 13 ¶¶ D-E.) Plaintiff seeks foreclosure of tax liens encumbering the defendants' alleged real property in Butte County, California. (Id. at p. 13 ¶ I.)

The complaint alleges that defendants "reside in Butte County, California, within this judicial district . . . ." (Compl. ¶ 5.) The complaint further alleges that defendants have occupied 189 Connors Avenue in Butte County, California, "as their residence from at least 1976 to the present." (Compl. ¶¶ 17-18, 44, 49.)

Defendants filed a verified Answer to the complaint on November 15, 2010. (Answer, Dkt. No. 4.) In that answer, defendants asserted defenses, including a lack of personal jurisdiction, on behalf of themselves as individuals, as well as on behalf of entities (i.e., the trust and the partnership). (Id. at 1-2, 5, 7, 8.) The portion of the Answer asserting defenses on behalf of these entities has since been stricken. (Dkt. Nos. 26.)

During a hearing on January 27, 2011, defendant James Molen informed the court of his preference to be referred to as "James-Orbin: Molen," and of his preference that the caption in this action be amended to reflect the preferred name. Sandra Molen had also expressed a preference to be referred to as "Sandra-Lyn: Molen." (Dkt. No. 8, 2-3.) Accordingly, the court amended the case caption to reflect that these two defendants are also known as these "preferred" names. (Dkt. No. 26.)

II.    LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Id. Granting a motion to strike may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues. Fantasy, 984 F.2d at 1527-28; Travelers Cas. and Sur. Co. of America v. Dunmore, No. CIV. S-07-2493 LKK-DAD, 2010 WL 5200940, at *3 (E.D. Cal. Dec. 15, 2010) (unpublished) (same). Motions to strike are generally disfavored, and in determining whether to grant a motion to strike a district court resolves any doubt as to the sufficiency of a defense in defendant's favor. E.g., Mag Instrument, Inc. v. JS Prods., Inc., 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (internal citations omitted).

III.     DISCUSSION

Defendants seek to "strike all of Plaintiff's references to JAMES-ORBIN: MOLEN or James-Orbin: Molen and SANDRA-LYN: MOLEN or Sandra-Lyn: Molen as a.k.a.'s of the Defendants." (Dkt. No. 88 at 2.) In particular, defendants argue that "[t]he Defendants are pro per legal fictions. The supposed a.k.a.'s are not legal fictions or a.k.a.'s of the Defendants; but instead, are the agents and executors for the Defendants. James-Orbin: Molen and Sandra-Lyn: Molen are natural human beings under common law born on the soil of California and are not to be confused with being one and the same as the legal fiction defendants." (Id.)

Puzzlingly, defendants' request to strike all references to what they have previously described as their "preferred" names directly conflicts with defendants' previous requests to this court. As described above, defendants have expressed their wish that their preferred names be used in this action. Accordingly, the court amended the case caption to reflect that these two defendants are "also known as" these preferred names. (Dkt. No. 26.)

Plaintiff has explicitly not opposed the striking of defendants' "preferred" names

3

1  from the pleadings . (Dkt. No. 90 at 4.)  Plaintiff has also compellingly explained that continued

2  use of defendants' preferred names as "a.k.a.'s" in this case causes needless confusion and

3  irrelevant arguments.  (Id. at 4-5.)

4          The undersigned agrees with defendants and plaintiff that continued use of

5  defendants' preferred names constitutes a "redundant" or "immaterial" matter that should be

6  stricken from the pleadings.  See Whittlestone, 618 F.3d at 973.  Rather than alleviating

7  defendants' concerns regarding their names, as was intended, amending the case caption and

8  pleadings to refer to defendants' "a.k.a.'s" has only spawned confusion and led to further

9  concerns from defendants.  Even though defendants themselves requested that they be called by

10 their preferred names with particularized punctuation (i.e., "James-Orbin: Molen"), use of those

11 names has managed only to offend defendants' beliefs/theories regarding the interplay between

12 the so-called "a.k.a.'s" and defendants' alleged status as "legal fictions" versus "agents and

13 executors."  Because continued use of these "a.k.a.'s" would lead to further confusion and

14 "redundant" or "immaterial" issues and arguments, and because plaintiff agrees with defendants

15 that these preferred names should be stricken, all references to "a.k.a.'s" shall stricken from the

16 pleadings pursuant to Rule 12(f). Defendants' motion to strike (Dkt. No. 88) is granted.

17         For the foregoing reasons, IT IS HEREBY ORDERED that:

18         1.   Defendants' "Motion To Strike All References To James-Orbin: Molen

19 And Sandra-Lyn: Molen as A.K.A.'s Of The Defendants" (Dkt. No. 88) is granted.

20         2.   The motion's hearing date, which is currently set for September 15, 2011,

21 is vacated.

22         IT IS SO ORDERED.

23 DATED: August 19, 2011

24                             KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE