IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                      No. 2:10-cv-02591 MCE KJN PS

    v.

JAMES O. MOLEN (also known as
James-Orbin: Molen); et al.,

    Defendants.                                <u>ORDER</u>
_____/

        Defendants James Molen and Sandra Molen (the "defendants") are proceeding without counsel in this action.[1] Defendants have filed two motions, a "Motion To File Amended Answer" (Dkt. No. 84), and a "Motion To Amend Answer to Complaint" (Dkt. No. 79), both requesting leave to amend their Answer (Dkt. No. 4).[2] Plaintiff the United States of America (the

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (See Dkt. No. 11.)

[2] Defendants have already received warnings from this court regarding their obligation to abide by the rules of litigation procedure, including their obligation to refrain from filing duplicative motions. (E.g., Dkt. Nos. 60, 65.) Defendants are cautioned that their filings at Docket Numbers 79 and 84 are substantively duplicative. However, it is possible that defendants did not intentionally violate the court's order prohibiting duplicative motions, given that defendants erroneously noticed the former motion before the incorrect judge and, after filing the latter motion, may not have intended the former motion to remain at issue. While the undersigned gives defendants the benefit of the doubt in this particular instance, the undersigned again reminds defendants that duplicative

1

"plaintiff") filed a written opposition to the motions. (Dkt. No. 90.) Because oral argument would not materially aid the resolution of the pending motions, these matters are submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E.D. Local Rule 230(g). The undersigned has fully considered the parties' briefs and the record in this case and, for the reasons that follow, the undersigned denies both of defendants' motions. (Dkt. Nos. 79, 84.)

I.     BACKGROUND

On September 23, 2010, plaintiff filed its complaint against defendants, as well as against defendants' alleged trust and partnership entities. (Compl., Dkt. No. 1.) The complaint alleges multiple failures to pay federal taxes by the defendants and the partnership. (Compl. ¶¶ 17-18, 28, 30, 34, 36-41.) The complaint also alleges that the trust is both a sham and the defendants' alter ego, and plaintiff seeks to set aside the purported transfer of real property from the defendants to the trust. (Id. ¶¶ 42-54, p. 13 ¶¶ D-E.) Plaintiff seeks foreclosure of tax liens encumbering the defendants' alleged real property in Butte County, California. (Id. at p. 13 ¶ I.)

Defendants filed a verified Answer to the complaint on November 15, 2010. (Answer, Dkt. No. 4.) In that answer, defendants asserted defenses, including a lack of personal jurisdiction, on behalf of themselves as individuals, as well as on behalf of entities (i.e., the trust and the partnership). (Id. at 1-2, 5, 7, 8.) The portion of the Answer asserting defenses on behalf of these entities has since been stricken. (Dkt. Nos. 26.)

II.    DISCUSSION

Defendants have been explicitly informed of their obligation to abide by the rules of litigation procedure. (E.g., Dkt. Nos. 60, 65.) Defendants have also been reminded that their obligation to comply with these rules, including the Federal Rules of Civil Procedure and this court's local rules, exists despite the fact that they are proceeding without counsel in this case. (Dkt. Nos. 60 at 12 n.6; 65 at 3,12.) The undersigned notified defendants that their failure to

---

motions are prohibited and may result in summary denial(s) and/or sanctions.

comply with these rules could result in the summary denial of improperly-filed motions. (Dkt. Nos. 60 at 12 n.6; 65 at 3, 12.)

Despite the foregoing, however, neither defendants' Motion To File Amended Answer (Dkt. No. 84) nor defendants' Motion To Amend Answer to Complaint (Dkt. No. 79) complies with the Eastern District Local Rules. In particular, Eastern District Local Rule 137(c) provides, in pertinent part,

> (c) Documents Requiring Leave of Court. If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall *attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules.*

E.D. Local Rule 137(c) (emphasis added); see generally Fed. R. Civ. P. 15(a); E.D. Local Rule 220. Here, defendants have already filed an Answer (Dkt. No. 4) and the time to file an answer as a matter of course has expired (Fed. R. Civ. P. 12(a)), yet defendants failed to attach a draft *amended* Answer as an exhibit to their moving papers seeking leave to file such amended Answer. See E.D. Local Rule 137(c). According to the applicable local rule, a request to amend an Answer must be filed with a copy of the draft *amended* answer itself. Id.

Because defendants' requests were not accompanied by a draft amended answer, the court cannot properly gauge the propriety of the request. See id. Similarly, defendants' moving papers fail to describe in any detail the sort(s) of amendment(s) defendants wish to make to their Answer. (Dkt. No. 79 at 2 (stating that defendants seek leave to "amend their original answer to reflect a clearer response to the Plaintiff's pleading", but offering no further detail regarding the content of the proposed amendment(s)).) Accordingly, defendants' motions (Dkt. Nos. 79, 84) run afoul of Local Rule 137(c) and are therefore denied. Such denial is without prejudice to refiling.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' "Motion To Amend Answer to Complaint" (Dkt. No. 79) is

denied without prejudice to refiling.

2. Defendants' "Motion To File Amended Answer" (Dkt. No. 84) is denied without prejudice to refiling.

3. The hearing dates for these motions (Dkt. Nos. 79, 84) are vacated.

IT IS SO ORDERED.

DATED: August 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE