1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

12       v.

13   JAMES O. MOLEN (also known as
     James-Orbin: Molen); et al.,
14
              Defendants.                   <u>ORDER</u>
15   _____/

16            Defendants James Molen and Sandra Molen (the "defendants") are proceeding

17   without counsel in this action.[1]  Defendants have filed eight motions in approximately as many

18   weeks, including a "Motion To File Amended Answer" (Dkt. No. 84), and a "Motion To Amend

19   Answer to Complaint" (Dkt. No. 79), both requesting leave to amend their Answer (Dkt. No. 4).

20            The court took defendants' motions (Dkt. No. 79, 84) under submission on the

21   papers and without oral argument, in accordance with Eastern District Local Rule 230(g), and

22   denied both motions.  (Dkt. No. 96 at 1-2.)  Specifically, the court vacated the motions' hearing

23   date and explained that "[b]ecause oral argument would not materially aid the resolution of the

24   pending motions, these matters are submitted on the briefs and record without a hearing."  (<u>Id.</u>

25   _____

26        [1]  This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)

1   (citing Fed. R. Civ. P. 78(b); E.D. Local Rule 230(g)).)

2          Defendants have since filed a document styled as a "Reply Brief To Court Order

3   Vacating Hearing On Notice Of Motion And Motion For Jury Trial And Demand For Jury Trial"

4   (Dkt. No. 100), in which defendants state that

5                    [d]efendants oppose any order that denies their
                     right to a fair hearing on any motion presented
6                    before the Court.  To deny any right to a fair
                     hearing, whether to the Plaintiff or the
7                    Defendant, is a denial of due process.  The
                     Defendants do request that the Court reopen the
8                    matter for further briefs and oral arguments.  The
                     Defendants are opposed to Newman's order that
9                    oral argument would not materially aid the
                     resolution of the pending motion, and that
10                   matters are submitted on the briefs and record
                     without a hearing.
11

12  (Dkt. No. 100 at 1-2.)  The court construes this "Reply Brief" as a motion for reconsideration of

13  the court's orders at Docket Numbers 95 and 96, and denies the motion.[2]

14          A.      Local Rule 230(g) Permitted The Court To Take Defendants' Motions Under
                    Submission
15

16          While defendants believe oral argument would materially aid the court in

17  resolving the above-described motions, however, defendants do not offer *any* explanation — let

18  alone a compelling one — as to why "further briefs and oral arguments" (Dkt. No. 100 at 1-2)

19  might have been useful.  The court reviewed defendants' moving papers and deemed those

20  papers sufficient for a determination of the issues raised therein, and, in keeping with the Eastern

21  District Local Rules, took the motions under submission accordingly.  Defendants are reminded,

22

23

24          [2]   Pursuant to Local Rule 230(j), a motion for reconsideration must state "what new or
    different facts or circumstances are claimed to exist which did not exist or were not shown upon such
25  prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were
    not shown at the time of the prior motion."  E.D. Local Rule 230(j)(3)-(4).  Defendants' "Reply
26  Brief" (Dkt. No. 100) does not describe new or different facts or circumstances that would warrant
    reconsideration of the court's Orders (Dkt. Nos. 95, 96).

2

1     yet again, that they are not entitled to oral arguments regarding every motion they file.[3]

2     Defendants are also directed to review the substance of the court's orders so as to

3 better understand why their motions were properly taken under submission without oral

4 argument.  For instance, as stated in the order denying defendants' motions to amend their

5 answer (Dkt. Nos. 84, 79), the motions were denied *without prejudice* because of a procedural

6 defect, namely, the defendants' failure to attach a draft amended answer to their moving papers

7 pursuant to Local Rule 137(c).  (Dkt. No. 96 at 2-3.)  Accordingly, an oral argument would not

8 have cured the motions' procedural defect.  In the future, similarly baseless objections to the

9 court's taking defendants' motions under submission may be summarily denied.  The court does

10 not have the resources to continue to remind defendants that they are not always entitled to oral

11 arguments.  Local Rule 230(g).

12     B.    <u>Local Rule 230(d) Governed Defendants' Deadline To Reply</u>

13     Defendants argue (Dkt. No. 100 at 2) that the court gave them insufficient time to

14 file a Reply brief in support of their Request For Jury Trial (Dkt. Nos. 81, 85), another set of

15 motions that the court took under submission.  (Dkt. No. 95.)  Defendants are mistaken.

16     Defendants set their Request For Jury Trial to be heard on September 1, 2011.

17

18     [3] The undersigned has *already* reminded defendants that they do not have a "right" to make oral arguments supporting "each and every one of their motions."  (Dkt. No. 65 at 6; Dkt. No. 93 at
19 4-5.) The undersigned *again* cautions defendants against filing multiple copies of substantively identical motions in efforts to achieve their goals, whether those goals are making oral arguments
20 or obtaining dismissal of the case against them.  (Dkt. No. 65 at 2-3, 6-7.)  The multiplicity of defendants' improper and duplicative filings is a burden on the court and the plaintiff, and impedes
21 the progress of this action.  In the future, such conduct may be sanctioned, and the sanctions may include entry of default judgment against defendants.  <u>See</u>, <u>e.g.</u>, <u>Thompson v. Housing Auth. of City
22 of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where
23 appropriate, default or dismissal."); <u>accord</u> <u>In re Phenylpropanolamine (PPA) Products Liability</u>, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting <u>Thompson</u>).  As the court has already advised defendants
24 (Dkt. No. 65), successive and repetitious filings of substantially similar motions, such as those continuing to demand oral arguments where the court has already determined that a hearing would
25 not materially aid the court's decision (and where defendants themselves cannot seem to articulate *why* oral argument is necessary), will not aid defendants and may result in sanctions including a
26 potential entry of default judgment.  <u>See</u> <u>Thompson</u>, 782 F.2d at 831.

(Dkt. No. 85.)  It was defendants' own selection of the September 1, 2011 hearing date that established August 25, 2011, as the deadline for them to file their Reply brief.  See Local Rule 230(d) ("Reply.  Not less than seven (7) days preceding the date of hearing, the moving party may serve and file a reply to any opposition filed by a responding party.").  Seven days before September 1, 2011, was August 25, 2011.  Accordingly, defendants were *already obligated* to file their Reply brief on August 25, 2011, a date the court further clarified within the order taking those motions under submission.  (Dkt. No. 95.)  Defendants' argument that they were prejudiced by having to file a Reply brief by this August 25, 2011 deadline is not well-taken.  Defendants had already subjected themselves to that very deadline when they filed their moving papers and selected September 1, 2011, as the hearing date.

            For the foregoing reasons, IT IS HEREBY ORDERED that:

            1.       Defendants' "Reply Brief To Court Order Vacating Hearing On Notice Of Motion And Motion For Jury Trial And Demand For Jury Trial" (Dkt. No. 100) is construed as a motion for reconsideration of the undersigned's orders at Docket Numbers 95 and 96, and is denied.

            2.       As the court has now repeatedly advised defendants (Dkt. No. 65 at 6; Dkt. No. 93 at 4-5), successive and repetitious filings of substantially similar motions (such as motions demanding oral arguments after the court has already determined that a hearing would not materially aid the court's decision, especially where defendants themselves cannot articulate why oral argument is necessary) may be summarily denied and may result in sanctions, including a potential entry of default judgment against defendants.

            IT IS SO ORDERED.

DATED:  August 29, 2011

                                                    _____
                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE