IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JAMES O. MOLEN, et al.,

      Defendants.
      /

No. 2:10-cv-02591 MCE KJN PS

ORDER

Defendants James O. Molen and Sandra L. Molen ("defendants")[1] have filed a document entitled "Notice To Court Of Record: Defendants Are Legal Fictions; Defendants Are Presented [sic] In Pro Per By Their Agent/Executors." (Dkt. No. 102.) The document: (1) seeks to give "notice" to the court that defendants are "legal fictions" represented by "their agents/executors" and are "debtors to their agent/executors as creditors," and (2) purports to give the court "30 days" to respond with "supporting arguments" on this issue. (Id.)[2] This filing is

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (Dkt. No. 11.)

[2] Defendants previously filed a motion to strike "all references to James-Orbin: Molen and Sandra-Lyn: Molen as a.k.a.'s of the defendants." (Dkt. No. 88.) Plaintiff filed a non-opposition to that motion. (Dkt. No. 90 at 88.) The undersigned granted the defendants' motion, and explained that, "[r]ather than alleviating defendants' concerns regarding their names, as was intended,

1

not a motion and does not seek any relief from the court.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Defendants' filing entitled "Notice To Court Of Record: Defendants Are Legal Fictions; Defendants Are Presented [sic] In Pro Per By Their Agent/Executors" (Dkt. No. 102) is disregarded.

        2.    Defendants shall not file any additional documents through which they purport to impose their own deadlines upon the court. Any such filings by defendants in the future will be summarily disregarded, and will further result in a recommendation that defendants be sanctioned for failure to follow the court's orders, the court's Local Rules, and/or the Federal Rules of Civil Procedure. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Further, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions

---

amending the case caption and pleadings to refer to defendants' 'a.k.a.'s' has only spawned confusion and led to further concerns from defendants. Even though defendants themselves requested that they be called by their preferred names with particularized punctuation (i.e., 'James-Orbin: Molen'), use of those names has managed only to offend defendants' beliefs/theories regarding the interplay between the so-called 'a.k.a.'s' and defendants' alleged status as 'legal fictions' versus 'agents and executors.' Because continued use of these 'a.k.a.'s' would lead to further confusion and 'redundant' or 'immaterial' issues and arguments, and because plaintiff agrees with defendants that these preferred names should be stricken, all references to 'a.k.a.'s' shall be stricken from the pleadings pursuant to Rule 12(f)." (Dkt. No. 94 at 4 (emphasis added).)

including, where appropriate, default or dismissal." Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam); accord In re Phenylpropanolamine (PPA) Products Liability, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Thompson).

IT IS SO ORDERED.

DATED: October 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE