IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                       No. 2:10-cv-02591 MCE KJN PS

    v.

JAMES O. MOLEN, et al.,

        Defendants.               <u>ORDER</u>

/

        On October 12, 2011, defendants James O. Molen and Sandra L. Molen ("defendants")[1] filed a document in the form of a letter to the Office of the Clerk of this court. (Dkt. No. 104.) The letter document: (1) requests certified copies of all "Notices of Federal Tax Lien (writs of attachment)" recorded "against our persons within the local county records" office and (2) purports to give the Office of the Clerk "15 calendar days" to respond to the request. (<u>Id.</u>)

        The court disregards defendant's letter. First, that filing is not a properly-noticed motion. Second, defendants have already been warned against imposing their own deadlines on the court, and have been informed that future filings imposing such deadlines would be summarily disregarded. (<u>See</u> Dkt. No. 103.) Third, tax liens on real property are typically

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (Dkt. No. 11.)

1

recorded in the county recorder's office where the property is situated, not the Office of the Clerk of this Court.

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Defendants' filing at Docket Number 104 is disregarded.

        2.     As the court has previously ordered (see Dkt. No. 103), defendants shall not file any additional documents through which they purport to impose their own deadlines upon the court.  Any such filings by defendants in the future will be summarily disregarded, and will further result in a recommendation that defendants be sanctioned for failure to follow the court's orders, the court's Local Rules, and/or the Federal Rules of Civil Procedure.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Further, "[d]istrict courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam); accord In re Phenylpropanolamine (PPA) Products Liability, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Thompson).

////

////

////

2

1        IT IS SO ORDERED.

2 DATED: October 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3