IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. 2:10-cv-02591 MCE KJN PS

    v.

JAMES O. MOLEN et al.,

    Defendants.

<u>ORDER</u>

_____/

        Defendants James and Sandra Molen ("defendants") are proceeding without counsel in this action.[1] Defendants have filed two motions: a "Notice of Motion and Motion And Demand For Jury Trial" (Dkt. No. 81), and a "Notice of Motion And Motion For Jury Trial And Demand For Jury Trial" (Dkt. No. 85).[2] Both motions seek relief from defendants' admittedly

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (See Dkt. No. 11.)

[2] Defendants have already received warnings from this court regarding their obligation to abide by the rules of litigation procedure, including their obligation to refrain from filing duplicative motions. (<u>E.g.</u>, Dkt. Nos. 60, 65.) Defendants are cautioned that their filings at Docket Numbers 81 and 85 are substantively duplicative. However, it is possible that defendants did not intentionally violate the court's order prohibiting duplicative motions, given that defendants erroneously noticed the former motion before the incorrect judge and, after filing the latter motion, may not have intended the former motion to remain at issue. While the undersigned gives defendants the benefit of the doubt in this particular instance, the undersigned also reminds defendants that duplicative

untimely jury demand, and both motions request a trial by jury. Plaintiff, the United States of America ("plaintiff"), filed an opposition to the motions, as well as its own "Counter-Motion To Strike Jury Trial Demand." (Oppo., Dkt. No. 89.)

Because oral argument would not materially aid the resolution of the pending motions, on August 22, 2011, these matters were previously submitted on the briefs and record without a hearing. (Dkt. No. 95 at 2) (citing Fed. R. Civ. P. 78(b); E.D. Local Rule 230(g) ("... the motion may be submitted upon the record and briefs on file . . . if the Court so orders, subject to the power of the Court to reopen the matter for further briefs or oral arguments or both.").) For the reasons described below, the undersigned denies defendants' motions.

I.  BACKGROUND

Plaintiff has not demanded a jury trial in this case. On November 15, 2010, defendants filed an answer to the complaint and did not demand a jury trial at that time. (Answer, Dkt. No. 4.) However, in a Joint Scheduling Report filed on May 26, 2011, in anticipation of a scheduling conference, defendants stated an intention to file a "Motion for a Jury Trial." (Dkt. No. 68 at 4.) In response, the undersigned expressly directed defendants to Federal Rule of Civil Procedure 38(b)-(d) and 39(b). (Dkt. No. 76 at 7-8.) The undersigned also informed defendants that,

> Generally, the time limit for a jury demand by either party is no later than 14 days after service of the last pleading directed to a jury-triable issue. Fed. R. Civ. P. 38(b); Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 905 (9th Cir. 1982). Typically, jury demands made outside this 14-day period are deemed to be waived. Fed. R. Civ. P. 38(d). Under the Federal Rules of Civil Procedure, only a complaint, an answer, an answer to a counterclaim, an answer to a cross claim, a third-party complaint, a third-party answer, and a reply to an answer—if ordered by the court—qualify as pleadings. Fed. R. Civ. P. 7(a). A jury demand must be made in writing and must be filed with the clerk of the court. Fed. R. Civ. P. 38(b) (2). Further, relief from an

motions are prohibited and may result in summary denial(s) and/or sanctions.

> untimely jury demand must be sought by motion pursuant to Federal Rule of Civil Procedure 39(b). A court's discretion under Rule 39(a)(2) "is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Lewis v. Time Inc., 710 F.2d 549, 556 (9th Cir. 1983) abrogated on other grounds as recognized in Unelko Corp. v. Rooney, 912 F.2d 1049, 1052-53 (9th Cir. 1990); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1086-1087 (9th Cir. 2002).

(Dkt. No. 76 at 7-8.) The undersigned also expressly informed defendants that their passing reference to an "intention" to file a motion requesting a jury trial was not itself a sufficient motion, and that "[b]efore filing any such motion, defendants should review these relevant authorities and make a good faith determination as to whether they permit defendant's intended motion." (Id.)

II.     LEGAL STANDARD

Generally, the time limit for a jury demand by either party is no later than 14 days after service of the last pleading directed to a jury-triable issue. Fed. R. Civ. P. 38(b); see also Beckham, 691 F.2d at 905. Under the Federal Rules of Civil Procedure, only a complaint, an answer, an answer to a counterclaim, an answer to a cross claim, a third-party complaint, a third-party answer, and a reply to an answer — if ordered by the court — qualify as pleadings. Fed. R. Civ. P. 7(a). A jury demand must be made in writing and must be filed with the clerk of the court. Fed. R. Civ. P. 38(b)(2).

Federal Rules of Civil Procedure 38 ("Rule 38") and 39 ("Rule 39") govern demands for jury trials and requests for relief for failing to timely make such demands. Rule 38 provides, in its entirety,

> (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution — or as provided by a federal statute — is preserved to the parties inviolate.
>
> **(b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other**

3

> **parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).**
>
> (c) Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may — within 14 days after being served with the demand or within a shorter time ordered by the court — serve a demand for a jury trial on any other or all factual issues triable by jury.
>
> **(d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.**
>
> (e) Admiralty and Maritime Claims. These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).

Fed. R. Civ. P. 38 (emphasis added). In other words, Rule 38 provides that a party may demand a jury trial on "any issue triable of right" by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). A party waives a jury trial, however, "unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); see also Solis v. Los Angeles, 514 F.3d 946, 953–54 (9th Cir. 2008).

Rule 39 provides, in its entirety,

> (a) When a Demand Is Made. When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
>
> **(b) When No Demand Is Made. Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.**
>
> (c) Advisory Jury; Jury Trial by Consent. In an action not

> triable of right by a jury, the court, on motion or on its own:
> (1) may try any issue with an advisory jury; or
> (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

Fed. R. Civ. P. 39 (emphasis added).  In other words, if no timely demand for a jury trial is properly made under Rule 38, a court may, pursuant to a party's motion under Rule 39(b), order a jury trial on any issue for which a jury might have been demanded.  Fed. R. Civ. P. 39(b).

A district court has discretion to grant or deny an untimely jury demand. Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68, 71 (9th Cir. 1996).  However, the Ninth Circuit Court of Appeals has held that a district court's discretion under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086-1087 (9th Cir. 2002) (pro se party's unawareness of Rule 38's requirements was insufficient to warrant relief under Rule 39); see also Kulas v. Flores, 255 F.3d 780, 784 (9th Cir. 2001) (same); Lewis, 710 F. 2d at 556.  "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  Pac. Fisheries Corp. v. HIH Cas. & General Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001) (good faith mistake in law insufficient for relief under Rule 39).

III.     ANALYSIS

Defendants cite both Rule 38(a) and the Seventh Amendment to the Constitution in arguing that "[t]he Constitution does not provide for a limitation of the right to a Jury Trial." (Dkt. Nos. 81 at 1-2; 85 at 1-2.)  Defendants contend that *any* time constraint upon their right to a jury trial is necessarily "unconstitutional."  (Dkt. Nos. 81 at 2; 85 at 2.)  The plain text of Rules 38 and 39 undercuts the argument, however, as the Rules expressly recognize: (1) a time limit for demanding a jury, and (2) that the right to a jury trial can be "waived" by failure to timely and properly demand a jury trial.  Fed. R. Civ. P. 38(b), (d); 39(b).  Moreover, "[l]ike other constitutional rights, the right to a jury trial in civil suits can be waived." Solis, 514 F.3d at 953

(citing United States v. Moore, 340 U.S. 616, 621 (1951); Kulas, 255 F.3d at 784).  A party's failure to "serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury."  Id. (citing Fed. R. Civ. P. 38(d).)

      Defendants argue that their motion constitutes a "demand" for a jury trial pursuant to Rule 38(b), and explain that they never intended to "waive" a jury trial.  (Dkt. No. 81 at 2.)  However, defendants' "demand" is untimely.  Federal Rule of Civil Procedure 38(b) states that a jury demand must be made "no later than 14 days after the last pleading directed to the issue is served."  Here, defendants's last pleading, an answer, was served in November 2010.  (Answer, Dkt. No. 4 at 9.)  The last pleading by *any* defendant was served on April 7, 2011.  (Dkt. Nos. 56-57 (Answer to Complaint by California Employment Development Department ("California EDD"), served April 7, 2011).)  Even under the most generous timeline, where Rule 38(b)'s 14-day countdown would commence upon service of the California EDD's answer on April 7, 2011, defendants' jury demand would have been due no later than April 22, 2011.[3]  Yet, defendants did not properly demand a jury trial until the filing of their motion on June 21, 2011.  (Dkt. No. 81 (Motion for Jury Trial filed June 21, 2011).)  Accordingly, defendants have waived their right to a trial by jury.  Fed. R. Civ. P. 38(d).  Defendants' failure to demand a jury within 14 days "after service of the last pleading directed to a jury-triable issue" means that defendants have already waived their right to a jury trial, *unless* they can convincingly argue for relief from their failure to make a timely demand.  Fed. R. Civ. P. 39(b).

---

[3] "When defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such issue' is the last pleading required to be filed as between the plaintiff and any of the jointly liable defendants."  Bentler v. Bank of America Nat. Trust and Sav. Ass'n, 959 F.2d 138, 141 (9th Cir. 1992) (citing cases).  Thus, in cases where multiple "defendants are jointly liable [on a given issue] . . . a jury demand as to that issue is timely if served within" 14 days "after service of the *last defendant's answer*."  Id. (citing former text of Rule 38(b), which provided 10-day time limit instead of 14-day limit) (emphasis added).  Here, the undersigned does not determine whether defendants and the California EDD actually face "joint and several" liability in this case, nor does the undersigned determine that the California EDD's answer is actually the "last pleading" for purposes of Rule 38(b).  Instead, without so finding, the undersigned merely assumes as much solely for purposes of providing defendants with the most generous possible timeline in analyzing the timeliness of defendants' jury demand.

        Defendants cite to Rule 39(b) and argue that "[e]ven if a party did not make a timely jury demand under FRCP 38(b), it can still file and serve a motion for a jury trial on any or all issues . . . FRCP 39(b) does not set a deadline for a motion for jury trial." (Dkt. Nos. 81 at 2; 85 at 2.) While defendants are correct that a motion for jury trial under Rule 39(b) can be filed at any time, they are incorrect in assuming that such motion will automatically be granted. Instead, defendants must demonstrate that they are entitled to relief from their prior failure to timely demand a jury. See Zivkovic, 302 F.3d at 1087; Kletzelman, 91 F.3d at 71. While defendants offer two somewhat contradictory explanations for failing to timely demand a jury trial, however, neither explanation is well-taken.

        First, defendants argue that "[p]rior to this demand for a jury trial the Defendants did believe they would receive a fair Court trial if indeed a trial was mandated. However, since that time, the Defendants have grown to believe that the magistrate assigned may be prejudiced toward the Plaintiff with his denial of all motions presented, coupled with the fact that the Plaintiff, Plaintiff's attorney, Court, and the Judges have a conflict of interest with each other's interests by their common source of intertwined employment." (Dkt. Nos. 81 at 2-3; 85 at 2-3.) Defendants belatedly seek a jury trial after having "grown to believe" the undersigned is prejudiced against them. (Dkt. Nos. 81 at 2-3; 85 at 2-3.)

        Defendants' explanation does not support a grant of relief from their untimely jury demand. The undersigned has already addressed, and rejected, defendants' suggestions that the undersigned's orders have been motivated by bias or colored by a conflict of interest. (See Dkt. No. 93 (construing various motions by defendants as motions to disqualify the undersigned, and denying those motions).) Because the undersigned finds defendants' claims of bias to be unfounded, the fact that defendants have "grown to believe" that the undersigned is prejudiced does not serve as an excuse for failing to timely demand a jury.

        Second, defendants argue that their "failure to make a timely demand for a jury trial under FRCP 38 was the result of an honest mistake in belief." (Dkt. No. 81 at 3 (citing

7

Kletzelman, 91 F.3d at 71; and citing other out-of-circuit authorities); Dkt. No. 85 at 3 (same).)[4] However, in this circuit, an "honest mistake" — even one made by an unrepresented party — does not suffice to excuse a failure to timely demand a jury. See Zivkovic, 302 F.3d at 1087 (holding that a pro se party's unawareness of Rule 38's requirements was insufficient to warrant relief under Rule 39); see also Kulas, 255 F.3d at 784 (same). In Zivkovic, the Court of Appeals specifically declined to consider a party's pro se status as excusing that party's failure to timely demand a jury trial. Zivkovic, 302 F.3d at 1086-87. The court explained, "Zivkovic argues that his untimely demand for a jury trial should be excused because he filed his complaint pro se and was unaware of the requirements of Rule 38(b). However, Zivkovic's good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand." Id. (citing Kulas, 255 F.3d at 784).

Here, although defendants are proceeding without counsel and may have honestly been mistaken about their deadline to demand a jury, the undersigned nevertheless finds that defendants have not demonstrated grounds for relief from their failure to timely demand a jury trial. See Zivkovic, 302 F.3d at 1086-87; Kulas, 2555 F.3d at 784. The undersigned is bound by the Court of Appeal's precedent constraining the discretion to "grant relief when the failure to make a timely demand results from an oversight or inadvertence." Zivkovic, 302 F.3d at 1086-87. There is no indication that defendants' failure to make a timely demand was the result of anything other than inadvertence or neglect. See Zivkovic, 302 F.3d at 1086-1087 ("discretion under Rule 39(b) is narrow and 'does not permit a court to grant relief when the failure to make a

---

[4] While defendants cite Kletzelman in support of their position that an "honest mistake" merits relief from an untimely jury demand, Kletzelman does not support that proposition. The district court in Kletzelman determined that the plaintiff's untimely jury demand was the result of mere "oversight and inadvertence" based on a lack of knowledge of Rule 38's timing requirements, and the Court of Appeal affirmed the determination, finding that district court "did not abuse its discretion in denying [plaintiff's] untimely demand for trial by jury." Kletzelman, 91 F.3d at 81.

1 timely demand results from an oversight or inadvertence'"). Accordingly, the undersigned denies defendants' request for a jury a trial.

Finally, in its opposition, plaintiff correctly argues that defendants did not timely request a jury trial and have therefore waived any right to a trial by jury. (Oppo., Dkt. No. 89 at 3-4.) Plaintiff also "moves to strike the demand in its entirety." (Id. at 4.) While plaintiff is correct that defendants failed to timely demand a jury and have not offered explanations sufficient to warrant relief from their untimely demand, plaintiff has not cited any authorities supporting the *striking* of defendant's untimely jury demand. Accordingly, because the undersigned denies defendants' request for relief from their untimely jury demand, plaintiff's request that the undersigned "strike" the jury demand is denied without prejudice. (Id.)

IV. CONCLUSION

Accordingly, for all the foregoing reasons, it is HEREBY ORDERED THAT:

1. Defendants James and Sandra Molens' "Notice of Motion and Motion And Demand For Jury Trial" (Dkt. No. 81), and "Notice of Motion And Motion For Jury Trial And Demand For Jury Trial" (Dkt. No. 85) are denied. Trial in this case shall remain a court trial. Fed. R. Civ. P. 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court.").

2. Plaintiff the United States of America's "Counter-Motion To Strike Jury Trial Demand" (Dkt. No. 89) is denied without prejudice.

IT IS SO ORDERED.

DATED: February 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE