IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 2:10-cv-02591 MCE KJN PS

    v.

JAMES O. MOLEN, et al.,

        Defendants.                 <u>ORDER</u>

_____/

        Presently before the court are two virtually identical motions filed by defendant James O. Molen entitled "Motion To Accept Notice of Debt Note Exchanges and No Taxable Event Income Received As Conditional Facts Before the Court" (Dkt. Nos. 111, 113).[1] Although it is not entirely clear precisely what relief Mr. Molen seeks through his motions, Mr. Molen appears to seek an order of the court concluding or establishing that his defenses to plaintiff's claims have factual and legal merit. Plaintiff opposes Mr. Molen's motion (Dkt. No. 114).

        Despite the fact that these motions could have readily been submitted without a hearing, the court heard these matters on its July 12, 2012 law and motion calendar to accommodate Mr. Molen's written "demand" for a hearing. Defendant James O. Molen, who is

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

proceeding without an attorney, appeared via telephone and represented himself and the estate of his late wife, defendant Sandra L. Molen.[2] Attorney G. Patrick Jennings appeared via telephone on behalf of plaintiff.

The undersigned has fully considered the various moving and opposition papers, the parties' oral arguments, and appropriate portions of the record in this case. For the reasons that follow, the undersigned denies Mr. Molen's motions.[3]

I. BACKGROUND

Through this civil action, the United States generally seeks the following: "(a) to reduce to judgment federal tax assessments against James O. Molen and Sandra L. Molen . . . and the James Orbin Molen Limited Partnership; (b) to adjudicate that Black Hole Adventures, a family trust, and the James Orbin Molen Limited Partnership are the nominees, alter egos, and fraudulent transferees of the taxpayers; and (c) to foreclose federal tax liens and a judgment lien against certain real property." (Compl. ¶ 1.) Plaintiff alleges that the Internal Revenue Service ("IRS") assessed unpaid taxes against Mr. Molen and the James Orbin Molen Limited Partnership, and also assessed "frivolous tax return" penalties against Mr. and Mrs. Molen. (See, e.g., id. ¶¶ 19, 22-24, 26, 32.)

On May 24, 2012, Mr. Molen filed his first motion entitled "Motion To Accept Notice of Debt Note Exchanges and No Taxable Event Income Received As Conditional Facts Before the Court" (Dkt. No. 111). After the court continued the hearing date on its motion (Minute Order, Dkt. No. 112), Mr. Molen filed a second motion of the same name that is virtually identical to the first such motion (Dkt. No. 113).

---

[2] Defendant Sandra L. Molen passed away on February 14, 2012 (see Dkt. No. 108).

[3] Mr. Molen raised several new claims or arguments in his reply brief, including those premised on the Privacy Act and the Administrative Procedure Act. The undersigned disregards, and has not considered, Mr. Molen's late-raised arguments. Additionally, at the hearing plaintiff raised a new legal argument regarding a potential bar to Mr. Molen's apparent request for declaratory relief concerning tax-related matters. The undersigned has not considered plaintiff's argument, which was first raised at the very end of the July 12, 2012 hearing.

2

1    The undersigned notes that in his reply brief, Mr. Molen represented that he
2 believed, however incorrectly, that he had properly re-noticed the hearing on his motions for
3 July 19, 2012, and that if the court left the hearing on for July 12, 2012, Mr. Molen would suffer
4 "a punitive ruling that interferes with adequate time to respond to" plaintiff's opposition to his
5 motions. (Reply Br. at 1-2, Dkt. No. 117.) At the hearing, Mr. Molen clarified that he actually
6 suffered no prejudice as a result of the court hearing his motions on July 12, 2012, and that he
7 believed that his motions were presently ready to be heard and resolved by the court.

8 II.    DISCUSSION

9    The court denies Mr. Molen's motions on both procedural and substantive
10 grounds. First, Mr. Molen did not file his motions pursuant to any Federal Rule of Civil
11 Procedure or Local Rule; he cites no procedural basis for his motion at all. Instead, as has been
12 the case throughout this litigation, Mr. Molen simply conjured up a motion that suited his
13 immediate desires and filed it with no regard for the applicable rules of procedure. Although Mr.
14 Molen is proceeding without counsel, his disregard of the Federal Rule of Civil Procedure and
15 this court's Local Rules constitutes a sanctionable violation of this court's Local Rules.[4]
16 Accordingly, Mr. Molen's motions are denied for want of any procedural basis, but the court
17 declines to impose monetary or other sanctions on Mr. Molen at this time.

18    Second, Mr. Molen's purported procedural dictates contained in his motions are
19 summarily denied consistent with the court's prior orders prohibiting plaintiff from issuing such
20 directives. (See, e.g., Order, Oct. 26, 2011 ("As the court has previously ordered (see Dkt.
21 No. 103), defendants shall not file any additional documents through which they purport to

---

[4] See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); see also Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil . . . Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.").

3

impose their own deadlines upon the court. Any such filings by defendants in the future will be summarily disregarded, and will further result in a recommendation that defendants be sanctioned for failure to follow the court's orders, the court's Local Rules, and/or the Federal Rules of Civil Procedure."), Dkt. No. 105.) For example, each of Mr. Molen's pending motions states the following: "This [Motion] requires the Plaintiff to accept this motion by written response or through its acquiescence, or by written opposition with factual and verifiable proofs of claim regarding all such points of opposition. If not opposed and rebutted with factual and verifiable proof of claims, the claims made above by the Defendants will stand as facts before this court." (Motion at 3; see also Reply Br. at 2.) This requirement imposed by Mr. Molen, and any other such requirements, are summarily disregarded. The court warns Mr. Molen *for the final time* that he is not entitled to prescribe or impose procedural requirements or prohibitions on the court or other parties. In addition to having any such mandate summarily stricken or disregarded, *the court will impose monetary sanctions or default sanctions if Mr. Molen engages in similar conduct in the future*. See Local Rules 110 and 183(a).

        The court emphasizes that Mr. Molen has been repeatedly and thoroughly warned of the potential consequences of his continuing misconduct in this case, e.g., monetary sanctions, a judgment against him by default, etc. (See Order, Feb. 1, 2012, at 1 n.1, Dkt. No. 107; Order, Oct. 26, 2011, at 2, Dkt. No. 105; Order, Oct. 6, 2011, at 2, Dkt. No. 103; Order, Aug. 30, 2011, at 4, Dkt. No. 101; Order, Aug. 22, 2011, at 1 n.1, Dkt. No. 96; Order, Aug. 22, 2011, at 1 n.1, Dkt. No. 95; Order, May 9, 2011, at 2-3 & 12, Dkt. No. 65; Order, Apr. 21, 2011, at 12 n.6, Dkt. No. 60.) *Mr. Molen's next material violation of the Federal Rules of Civil Procedure, the Local Rules, or this court's orders will result in the imposition of significant monetary sanctions against Mr. Molen, and absent extraordinary circumstances will result in a recommendation that plaintiff be granted a default judgment against Mr. Molen and other defendants represented or controlled by him* (e.g., the estate of Sandra Molen). The court will not provide Mr. Molen with any further warnings, but will provide Mr. Molen with an opportunity to be heard in writing prior

to the imposition of monetary or default sanctions. In terms of the potential consequences of a default, the court reminds Mr. Molen that plaintiff seeks, among other relief, a forced sale of Mr. Molen's home and approximately $210,000 through this lawsuit. (See Compl. at 12-13.)

Third, the undersigned denies Mr. Molen's motions on substantive grounds. Mr. Molen's primary argument—which also appears to be his primary defense in this case—is that federal reserve notes, i.e., U.S. dollars, are "worthless securities" such that the receipt or exchange of federal reserve notes cannot create taxable income or a taxable event. As a result, Mr. Molen contends that the defendants against whom the IRS imposed or assessed taxes and penalties never had taxable income or incurred associated liabilities and were under no obligation to file tax returns or other tax forms.[5]

Mr. Molen's argument is plainly at odds with Congress's legislative declaration that "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103; see also 12 U.S.C. § 411 (providing that federal reserve notes "shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues"). Additionally, Mr. Molen's argument that federal reserve notes are not taxable legal tender has been thoroughly rejected by the Ninth Circuit Court of Appeals as "frivolous." See, e.g., Knigge v. Comm'r of Internal Revenue, 756 F.2d 1377, 1378-79 (9th Cir. 1985) (per curiam) (summarily rejecting the taxpayer's argument that federal reserve notes are not taxable, and imposing an award of attorney's fees and double costs on taxpayer for filing a "frivolous" appeal); United States v. Hurd, 549 F.2d 118, 120 (9th Cir. 1977) (per curiam) (affirming as "clearly proper" the district court's exclusion in a criminal tax trial defendant's evidence "to the effect that Federal Reserve Notes did not constitute legal tender"); United States v. Schmitz, 542 F.2d 782, 785 (9th Cir.

---

[5] Although Mr. Molen attempted to repackage this argument in his reply brief and at the hearing, his core argument regarding "worthless securities," remain the same.

1976) (per curiam) (rejecting defendant's argument that federal reserve notes are not taxable dollars because they are not presently payable in gold or silver, and holding that federal reserve notes are taxable legal tender), cert. denied, 429 U.S. 1105 (1977); United States v. Kelley, 539 F.2d 1199, 1203 (9th Cir. 1976) (rejecting as "frivolous" defendant's argument that he had no income upon which he could be taxed because he was paid in federal reserve notes that were not lawful money), cert. denied, 429 U.S. 963 (1976); United States v. Wangrud, 533 F.2d 495, 495 (9th Cir. 1976) (per curiam) ("By statute it is established that federal reserve notes, on an equal basis with other coins and currencies of the United States, shall be legal tender for all debts, public and private, including taxes."), cert. denied, 429 U.S. 818 (1976); United States v. Gardiner, 531 F.2d 953, 955 (9th Cir. 1976) (per curiam) (summarily rejecting as "without merit" defendant's argument that federal reserve notes he received were not "lawful money" such that he did not receive "money" for the two tax years in question), cert. denied, 429 U.S. 853 (1976). The Ninth Circuit Court of Appeals has also rejected as "frivolous" Mr. Molen's related argument premised on the theory that federal reserve notes are merely "debts" that cannot be taxed. United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984) (per curiam), cert. denied, 469 U.S. 1164 (1985). Mr. Molen's derivative argument that the Molens only suffered "net losses" by receiving U.S. dollars, which necessarily resulted in no taxable events, is misplaced for the reasons stated above.

Mr. Molen also argues that "Defendants are not U.S. Citizens (Citizens of the District of Columbia, its possessions, or its territories), or have contacts with the jurisdiction of the Corporate United States, subjecting them to no compulsory tax and revenue justification of the United States . . . ." In essence, Mr. Molen argues that the Molens are not subjected to federal tax laws because they are not citizens of Washington, D.C., or other federal installations.[6]

---

[6] In defining the limited "jurisdiction" of the United States, Mr. Molen relies, in part, on 4 U.S.C. § 72, which provides: "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law."

1  Mr. Molen's argument has been adjudicated to be patently absurd and frivolous by the Ninth
2  Circuit Court of Appeals, and has been similarly derided by other Circuit Courts.  See United
3  States v. Nelson (In re Becraft), 885 F.2d 547, 548-49 (9th Cir. 1989) (order); see also United
4  States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) (describing as a "frivolous squared" typical
5  tax-protester arguments such as the argument that "only residents of Washington, D.C., and other
6  federal enclaves are subject to the federal tax laws because they alone are citizens of the United
7  States"); accord Stuart v. Rech, 603 F.3d 409, 412 (7th Cir. 2010); United States v. Mundt, 29
8  F.3d 233, 237 (6th Cir. 1994) (citing United States v. Collins, 920 F.2d 619, 629 (10th Cir.
9  1990)).  Indeed, a judge of this court previously rejected a slight variant of Mr. Molen's
10 "jurisdictional" argument when made by the Molens in a previous tax case filed in this court.
11 See United States v. Molen, Civ. No. 03-1531 DFL GGH, 2006 WL 2927486, at *1 (E.D. Cal.
12 Oct. 12, 2006) (unpublished) (rejecting as "patently frivolous" the Molens' argument that
13 "federal courts cannot enforce federal tax laws outside of the District of Columbia").  Mr.
14 Molen's argument is no less frivolous now than it was in the prior case.

15 III.    CONCLUSION

16         For the foregoing reasons, IT IS HEREBY ORDERED that defendant James O.
17 Molen's two motions entitled "Motion To Accept Notice of Debt Note Exchanges and No
18 Taxable Event Income Received As Conditional Facts Before the Court" (Dkt. Nos. 111, 113)
19 are denied.

20         IT IS SO ORDERED.

21 DATED: July 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE