1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

12        v.

13   JAMES O. MOLEN et al.,

14            Defendants.                   <u>ORDER</u>
     _____/

15

16            Defendant James Molen ("defendant") is proceeding without counsel in this

17   action.[1]  On November 19, 2012, defendant filed a document styled as a "Motion to Compel."

18   (Mot. to Compel, Dkt. No. 123.)  Defendant selected December 13, 2012, as the hearing date for

19   that motion.  (<u>Id.</u>)

20            Defendant's motion is denied without prejudice to refiling.  Previously, defendant

21   filed two duplicative "Motions to Compel," (Dkt. Nos. 48-49), both of which were denied

22   without prejudice to refiling based upon defendant's non-compliance with the rules governing

23   ////

24   ////

25   _____

26        [1]  This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)

                                            1

1    discovery motions.[2]  (Order, Dkt. No. 65.)  Here again, the undersigned denies defendant's

2    pending Motion to Compel (Dkt. No. 123) without prejudice for the same reasons.

3            Defendant's pending motion is denied for failure to comply with the applicable

4    Federal Rules of Civil Procedure and the Local Rules.  As mandated by Local Rule 251, the

5    parties must meet and confer, preferably in person or via telephone, prior to the filing of any

6    motion to compel or other discovery motion.  If that meet and confer effort is unsuccessful, the

7    moving party shall draft and file a document entitled Joint Statement re: Discovery

8    Disagreement, and *all parties shall assist in the preparation of* that joint statement.  E.D. Local

9    Rule 251(c).  Additionally, if all other Federal Rules of Civil Procedure and Local Rules are

10   complied with, the moving party must contact the undersigned's courtroom deputy clerk to set

11   that particular dispute on the court's calendar prior to filing any Joint Statement.

12           No Joint Statement was filed in connection with defendant's motion, defendant

13   does not indicate that any such Joint Statement will be filed, and defendant does not address the

14   meet and confer efforts regarding the discovery dispute that have occurred to date.  Despite the

15   pro se nature of this case, the court still requires the parties to timely and productively meet and

16   confer.  The court expects and encourages the parties to work together so as to avoid any

17   unnecessary discovery disputes.  Pro se litigants are bound by the rules of procedure, even though

18   pleadings are liberally construed in their favor.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.

19   1987).

20           The denial of defendant's pending discovery motion (Dkt. No. 123) is without

21   prejudice so that defendant may refile, if necessary, proper motion(s) to compel discovery that

22   comply with the procedural and formatting requirements of Eastern District Local Rule 251.

23   Defendant has already been directed to review and comply with Local Rule 251 in this case.

24

25       [2] Defendant has already received warnings from this court regarding his obligation to abide
     by the rules of litigation procedure, including his obligation to refrain from filing duplicative
26   motions.  (<u>E.g.</u>, Dkt. Nos. 60, 65.)

2

1  (Order, Dkt. No. 65 at 2-4.)  A continued failure to comply with the rules governing the filing of

2  discovery motions may result in the summary denial of improperly-filed motions.

3      While defendant is proceeding without counsel in this case, he is again reminded

4  that he is obligated to familiarize himself with the Federal Rules of Civil Procedure and Eastern

5  District of California Local Rules.  Pro se litigants are afforded a degree of leniency with respect

6  to their pleadings, but they are nonetheless required to comply with the rules of litigation

7  procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  As he has been advised

8  previously (Order, Dkt. No. 65), in the future defendant's failures to comply with the rules of

9  litigation procedure may subject him to sanctions, and improperly-filed motions may be

10  summarily denied.  Local Rule 183, governing persons appearing in pro se, provides that failure

11  to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for

12  dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that

13  failure to comply with the Local Rules "may be grounds for imposition by the Court of any and

14  all sanctions authorized by statute or Rule or within the inherent power of the Court."  Ghazali v.

15  Moran, 46 F.3d 52, 53 (9th Cir. 1995).

16      Accordingly, defendant is again cautioned that future and continued

17  noncompliance with the Local Rules and Federal Rules of Civil Procedure may result in

18  monetary or other sanctions or the summary denial of improperly-filed and/or duplicative

19  motions.  Going forward, such motions waste of judicial time and resources and will not be

20  tolerated.  Defendant is again advised that a future failure to comply with the terms of this order

21  may result in an order limiting his filings to only one motion pending at any time, as well as other

22  limitations.

23  ////

24  ////

25  ////

26  ////

1    For the foregoing reasons, IT IS HEREBY ORDERED THAT defendant's Motion

2 to Compel (Dkt. No. 123) is denied without prejudice to refiling, and the hearing date currently

3 set for that motion is hereby vacated.

4    IT IS SO ORDERED.

5 DATED:  November 26, 2012

6

7

_____

8 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4