1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    No. 2:10-cv-02591 MCE KJN PS

12     v.

13   JAMES O. MOLEN et al.,

14          Defendants.                   <u>ORDER</u>
     _____/

15

16          Defendant James Molen ("defendant") is proceeding without counsel in this

17   action.[1]  This order addresses defendant's "Motion to Suppress Discovery and Motion for

18   Extension of Time," filed on March 4, 2013.[2]  (Motion, Dkt. No. 128.)  The filing challenges the

19   denial of defendant's motion to compel discovery filed on January 9, 2013 (Dkt. No. 126), seeks

20   to "suppress" the fruits of plaintiff's discovery, and appears to seek to reopen discovery given

21   plaintiff's alleged failure to meet and confer to establish a discovery plan at the outset of this

22

23          [1]  This action was referred to the undersigned pursuant to Eastern District Local Rule
     302(c)(21).  (See Dkt. No. 11.)

24

25          [2]  Defendant styled the motion as a "Motion For Court To Suppress All Discovery By The
     Plaintiff And The Defendants Acquired Prior To The Meet And Confer Requirements As Per Prior
26   Court Order. Motion For Time Extension To Allow Plaintiff To Respond. Memorandum Of Points
     And Authorities."  (Dkt. No. 128 at 1.)

                                              1

1   case.  (Dkt. No. 128 at 1-5.)

2        The undersigned takes defendant's motion under submission on the papers and

3   without oral argument, in accordance with Eastern District Local Rule 230(g).  The undersigned

4   construes defendant's filing (Dkt. No. 128) as three separate motions: (1) a motion for

5   reconsideration of the undersigned's order (Dkt. No. 127) denying the motion to compel

6   defendant filed on January 9, 2013 (Dkt. No. 126), (2) a motion to compel discovery and request

7   for evidentiary sanctions, and (3) a motion for relief from the scheduling order seeking to reopen

8   discovery in this case.  For the reasons described below, the undersigned denies the motion for

9   reconsideration of his order issued January 18, 2013 (Dkt. No. 127), denies the motion to compel

10   discovery and request for sanctions, and orders plaintiff to file an opposition or statement of non-

11   opposition regarding defendant's motion from relief from the scheduling order.

12   I.    <u>DISCUSSION</u>

13       A.    <u>Motion For Reconsideration</u>

14        The undersigned partially construes defendant's filing at Docket Number 128 as a

15   motion for reconsideration of his order at Docket Number 127.  E.D. Cal. L.R. 230(k).  Pursuant

16   to Eastern District Local Rule 230(j), a motion for reconsideration must state "what new or

17   different facts or circumstances are claimed to exist which did not exist."  E.D. Cal. L.R.

18   230(j)(3)-(4).

19        On January 9, 2013, defendant filed a document styled as a "Joint Disagreement

20   Notice Of Meet And Confer Plan For Discovery."  (Dkt. No. 126.)  The undersigned construed

21   this as a motion to compel discovery subject to the requirements of Eastern District Local Rule

22   251, and denied it for failure to comply with that rule.  (Order issued Jan. 18, 2013, Dkt. No.

23   127.)  The undersigned also denied that motion on the alternative basis that it was brought

24   outside the discovery period in this case.  (<u>Id.</u>)

25        As defendant's pending motion accurately states, the undersigned's prior order

26   referenced the discovery completion date from the *original* Scheduling Order (Dkt. No. 76

1   (stating discovery completion date of "October 4, 2012"), rather than the *amended* discovery

2   completion date of "January 7, 2013," reflected in the undersigned's order granting defendant's

3   unopposed motion to modify the scheduling order.  (Dkt. No. 110 ¶ 2(b) (modifying Dkt. No. 76

4   and setting a discovery completion date of January 7, 2013).)

5          Regardless, however, defendant's discovery motion was still untimely under the

6   *amended* discovery completion date of January 7, 2013.  Given that defendant's motion to

7   compel (Dkt. No. 126) was filed on January 9, 2013, two days *after* the amended discovery

8   completion date of January 7, 2013, defendant's motion was still filed after the applicable

9   discovery completion deadline and was properly denied for the same reasons stated in the

10  undersigned's order of January 18, 2013 (Dkt. No. 127).  Accordingly, defendant's request for

11  reconsideration of that order is denied.

12          B.      Motion To Compel And Request For Sanctions

13          The undersigned partially construes defendant's filing at Docket Number 128 as a

14  motion to compel additional discovery from plaintiff, and as a request for evidentiary sanctions

15  for alleged discovery misconduct by plaintiff.  Defendant argues that all discovery that has

16  occurred to date has been improper and should be "suppressed," given plaintiff's alleged failure

17  to meet and confer to establish a discovery plan at the outset of this case.  (Dkt. No. 128 at 3-4

18  ("Because the Plaintiff refused to meet and confer . . . the Discovery process was halted and

19  never authorized, and is disallowed . . . .").)

20          Previously, defendant has completed several filings styled as "Motions to

21  Compel" (e.g., Dkt. Nos. 48-49), which were denied without prejudice to refiling based upon

22  defendant's noncompliance with the rules governing discovery motions, including Eastern

23  District Local Rule 251.  (Orders, Dkt. Nos. 65, 124 (informing defendant that future failures to

24  comply with such rules would result in motions being summarily denied).)  Thereafter, defendant

25  filed another motion seeking discovery (Dkt. No. 126), which the undersigned summarily denied

26  for failure to comply with Local Rule 251.  (Dkt. No. 127).  Defendant's most recent filing (Dkt.

No. 128) is a motion regarding discovery rules, discovery, and discovery sanctions, yet it suffers from the same deficiencies described in the undersigned's prior orders.  Insofar as it is construed as yet another motion to compel and request for sanctions, it is therefore summarily denied due to those same procedural deficiencies.

As defendant has been informed numerous times in this case, even though he is proceeding without counsel, he is obligated to familiarize himself with the Federal Rules of Civil Procedure and Eastern District of California Local Rules.  Pro se litigants are afforded a degree of leniency with respect to their pleadings, but they are nonetheless required to comply with the rules of litigation procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  As he has been advised previously (e.g., Orders, Dkt. Nos. 65, 124), defendant's continued failures to comply with the rules of litigation procedure may subject him to sanctions, and improperly-filed motions may be summarily denied.[3]

Defendant's motion to compel and request for sanctions is also denied on grounds that it was filed outside the period for discovery in this case.  Defendant appears to believe that the motion is timely under the applicable "March 7, 2013" deadline for dispositive motions.  (Dkt. No. 128 at 2.)  However, defendant's pending filing is not a dispositive motion, it is a motion addressing discovery, and it is therefore subject to the amended discovery deadline of January 7, 2013.

The undersigned notes that defendant's pending motion is largely based upon defendant's misreading of Local Rule 251(b).  Defendant believes plaintiff failed to meet the requirements of meeting and conferring under Local Rule 251(b) such that plaintiff's discovery was improperly conducted in violation of the rule.  (Dkt. No. 128 at 1-2 ("The Plaintiff was

---

[3] Local Rule 183, governing persons appearing in propria persona, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

1    equally required to meet Local Rule 251(b) prior to seeking Discovery[,]" and "[b]ecause the

2    Plaintiff refused to meet and confer through their silence (acquiescence), the Discovery process

3    was halted and never authorized, and is disallowed as per the requirement in Local Rule

4    251(b).").)

5              While meeting and conferring with opposing counsel is necessary through all

6    phases of a case, however, the plain text of Local Rule 251(b) requires meeting and conferring

7    and creating a Joint Statement Re: Discovery Disagreement *prior to filing a motion regarding*

8    *discovery*.  In this case, however, plaintiff has not filed any motions regarding discovery.

9    Accordingly, defendant's argument that plaintiff violated *Local Rule 251(b)* by allegedly failing

10   to meet and confer before conducting discovery is not well-taken.  Likewise, defendant's

11   argument that plaintiff was unfairly allowed "to seek Discovery outside of the Meet and Confer

12   requirement" of Local Rule 251(b) is not well-taken.  (Dkt. No. 128 at 3-4 ("If the Defendants

13   are disallowed Discovery because they were not successful at arranging a Meet and Confer dialog

14   with the Plaintiff, then the Plaintiff should equally be required to abandon its pre Meet and

15   Confer Discovery, due to the Plaintiff's non response and disregard to Local Rule 251(b).").)

16   Plaintiff and defendant were both "allowed" to seek discovery during the discovery period of this

17   case, and that period closed on January 7, 2013.  (Dkt. No. 110.)  Local Rule 251 applies only to

18   circumstances involving *the filing of discovery motions* and does not itself establish a "Meet and

19   Confer requirement" as a threshold to conducting all discovery.  Accordingly, defendant's

20   arguments that plaintiff failed to comply with Local Rule 251 are not well-taken.

21              C.      Motion For Relief From The Scheduling Order

22              Finally, the undersigned partially construes defendant's filing at Docket Number

23   128 as a request for relief from the Scheduling Order.  (Dkt. No. 110 (modifying Dkt. No. 76 and

24   amending dates for discovery completion, designation of experts, and dispositive motions); see

25   also Dkt. No. 122 (modifying Dkt. No. 76 and setting new dates for trial and trial-related

26   filings).)

1    Specifically, defendant seeks relief from the amended discovery completion date

2  of January 7, 2013, and apparently wishes to reopen discovery.  (Dkt. No. 128 at 1-5.)

3  Defendant's argument is essentially that discovery should be reopened because plaintiff allegedly

4  failed to meet and confer to set up a discovery plan at the outset of this case, somehow

5  prejudicing defendant's own discovery.  (Id. at 3-5 ("When the Defendants attempted to establish

6  the initial conference and propose a discovery plan, the Plaintiff became silent, with no

7  response.") (citing Fed. R. Civ. P. 26(a), (d), (f)).)

8    However, the court's electronic docket belies defendant's assertion that plaintiff

9  never met and conferred with defendant prior to conducting discovery.  Specifically, the docket

10  indicates that on May 26, 2011, the parties filed a *Joint* Scheduling Statement, signed by both

11  plaintiff *and defendant*, and which includes representations from plaintiff *and defendant*.  (Joint

12  Scheduling Statement, Dkt. No. 68.)  Moreover, the Joint Scheduling Statement included both an

13  itemized "Proposed Discovery Plan – Rule 26(f)" and an itemized "Proposed Discovery

14  Schedule."  (Id. at 3-4.)  This filing indicates that the parties properly met and conferred to create

15  a discovery plan prior to engaging in any discovery.

16    However, in an abundance of caution, the undersigned orders that, on or before

17  March 25, 2013, plaintiff shall file an opposition or statement of non-opposition to defendant's

18  motion for relief from the scheduling order.  Thereafter, defendant may file reply briefing in

19  support of his request on or before April 8, 2013.  The undersigned may set this matter for

20  hearing *sua sponte* should one appear necessary following receipt of the papers.

21    For the foregoing reasons, IT IS HEREBY ORDERED THAT:

22    1.    Defendant's motion (Dkt. No. 128) is submitted on the papers and without

23  oral argument, in accordance with Eastern District Local Rule 230(g), and the hearing date of

24  March 28, 2013, is hereby vacated.

25    2.    Defendant's filing at Docket Number 128 is partially construed as a

26  request for reconsideration of the order at Docket Number 127 and is denied.

1    3.    Defendant's filing at Docket Number 128 is partially construed as a

2  motion to compel additional discovery from plaintiff, and as a request for evidentiary sanctions

3  for alleged discovery misconduct by plaintiff, and is denied.

4    4.    Defendant's filing at Docket Number 128 is partially construed as a

5  motion for relief from the Scheduling Order.  (Dkt. No. 110 (modifying Dkt. No. 76); see also

6  Dkt. No. 122 (modifying Dkt. No. 76).)   The *Joint* Scheduling Statement at Docket Number 68

7  contradicts defendant's argument that discovery should be reopened given plaintiff's failure to

8  meet and confer and create a discovery plan pursuant to Federal Rule of Civil Procedure 26.

9  However, in an abundance of caution, the undersigned orders that, as to defendant's motion for

10  relief from the Scheduling Order, **plaintiff shall file an opposition or statement of non-**

11  **opposition on or before March 25, 2013.**  Thereafter, **defendant may file reply briefing in**

12  **support of his request on or before April 8, 2013**.  The undersigned may set this matter for

13  hearing *sua sponte* should one appear helpful following receipt of the papers.

14    IT IS SO ORDERED.

15  DATED:  March 7, 2013

16

17

18  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

7