IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff, No. 2:10-cv-02591 MCE KJN PS

v.

JAMES O. MOLEN et al.,

Defendants. ORDER

_______________________________/

Defendant James Molen ("defendant") is proceeding without counsel.[1]

A. Stipulated Modifications To Scheduling Order

On March 4, 2013, defendant filed a "Motion to Suppress Discovery and Motion for Extension of Time."[2] (Motion, Dkt. No. 128.) In an order issued on March 8, 2013, the undersigned denied the bulk of that motion; however, the undersigned partially construed the motion as a request for relief from the scheduling order and ordered plaintiff to file an opposition

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (See Dkt. No. 11.)

[2] Defendant styled the motion as a "Motion For Court To Suppress All Discovery By The Plaintiff And The Defendants Acquired Prior To The Meet And Confer Requirements As Per Prior Court Order. Motion For Time Extension To Allow Plaintiff To Respond. Memorandum Of Points And Authorities." (Dkt. No. 128 at 1.)

or statement of non-opposition by March 25, 2013.  (Order, Dkt. No. 129.)

On March 8, 2013, plaintiff filed a Statement of Non-Opposition, explaining that while it disagreed with the representations defendant made in his filing, plaintiff did not oppose extending discovery as long as the dispositive motion deadline was also extended.  (Statement of Non-Opp'n, Dkt. No. 130.)  Plaintiff proposed an amended discovery cutoff date of September 20, 2013, and proposed that all dispositive motions also be filed on or before that same date.  (Statement of Non-Opp'n at 2.)  Plaintiff also noted that this proposed date would not conflict with the trial schedule set by the assigned United States District Judge.  (Judge England's Order, Dkt. No. 122 (resetting trial for February 3, 2014, and resetting the final pretrial conference for December 5, 2013).)

The undersigned permitted defendant to file reply briefing by April 8, 2013.  (Order, Dkt. No. 130.)  Defendant timely filed reply briefing on April 8, 2013.  (Reply, Dkt. No. 131.)  Defendant agreed with plaintiff's proposed amended discovery completion date and dispositive motion filing deadline of September 20, 2013.  (Id. at 3 ("[T]he period of Discovery, by motion or otherwise, including any dispositive motions should be extended to September 20, 2013, as agreed by the plaintiff.") (emphasis omitted).)

Accordingly, pursuant to the parties' stipulation and good cause appearing, the scheduling order (Dkt. No. 110 ¶ 2(b) (modifying Dkt. No. 76 and setting a discovery completion date of January 7, 2013)) is hereby modified to state an amended discovery completion date of **September 20, 2013**, and all dispositive motions shall also be filed on or before that same date.  The word "completed" in this context means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall also have been resolved by appropriate order by **September 20, 2013**, and, where discovery has been ordered, the order has been complied with by **September 20, 2013.**  Motions to compel discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules.  Counsel (and/or pro se parties) are cautioned to refer to the Local Rules regarding the

requirements for properly noticing such motions in advance of the hearing date.

B. Defendant's Request For Reconsideration

Defendant previously argued that plaintiff failed to meet and confer under Local Rule 251(b) such that all of plaintiff's discovery was improperly conducted in violation of the rule. (Dkt. No. 128 at 1-2 ("The Plaintiff was equally required to meet Local Rule 251(b) prior to seeking Discovery[,]" and "[b]ecause the Plaintiff refused to meet and confer through their silence (acquiescence), the Discovery process was halted and never authorized, and is disallowed as per the requirement in Local Rule 251(b).").) The undersigned rejected that argument and briefly explained the rules regarding meeting and conferring in his prior order. (Dkt. No. 129 at 3-5.)

In his reply briefing, defendant now suggests that the court has inconsistently and unfairly applied the rules regarding parties' obligations to "meet and confer" during the course of this litigation.[3] (Reply at 2-3.) Specifically, defendant suggests that this court has applied the "meet and confer" requirements to defendant's disfavor and to plaintiff's benefit. This suggestion is based upon defendant's mistaken belief that one overarching "meet and confer" requirement exists, and/or the belief that plaintiff was obligated to further "meet and confer" prior to propounding each set of its discovery requests, apparently as an additional step beyond conferring to establish a general discovery plan. These misunderstandings are based upon

[3] According to defendant, "The Court has previously stated that the meet and confer requirements were met within . . . the Joint Scheduling Statement that included the itemized "Proposed Discovery Plan." In the Defendants' view, neither the Joint Scheduling Statement, nor the Proposed Discovery Plan meets the definition of meet and confer plan requirements. The meet and confer process is about agreement concerning eliminating or narrowing the claims and issues before the Court for Discovery purposes, and has nothing to do with any proposed discovery schedule or Discovery plan, whether joint or by Court order. It is impossible to know that far in advance the specific areas of Discovery agreements. To the Defendants' understanding, no such meet and confer requirement has ever taken place. However, if the Court insists that the meet and confer requirements were met [within the Joint Scheduling Statement and Proposed Discovery Plan], how can the court deny all of the Defendants' prior motions to Compel discovery and then now claim the Defendants never complied with the meet and confer requirements as a means of denial? Is the Court stretching the rules to favor the Plaintiff, or is this simply an error? To this end the Court has ruled inconsistently." (Reply at 2-3.)

defendant's misreadings of Local Rule 251 and Federal Rules of Civil Procedure 26 and 37. Given defendant's continued misunderstanding of the applicable rules, the undersigned will again attempt to clarify those rules for defendant.

There are various separate "meet and confer" obligations that arise at various times during the course of litigation. First, prior to conducting discovery, parties must meet and confer to establish a general discovery plan at the outset of a case. Fed. R. Civ. P. 26(d), (f). Second, as a separate and distinct requirement, after discovery has been propounded parties must also meet and confer to attempt to resolve discovery disputes "without court action" when such disputes arise during the course of discovery. Fed. R. Civ. P. 37(a). Third, if the parties are unable to resolve a particular discovery dispute even after meeting and conferring, the parties must *again* meet and confer to attempt to narrow the scope of the particular discovery dispute, and to work together to create a Joint Statement Re Discovery Disagreement to better define the scope of the dispute, all as a threshold to the moving party's request for the court's involvement in resolving the discovery dispute. Id.; E.D. Cal. L.R. 251(b)-(d). This meet and confer requirement is separate and distinct from the two already described above. The court will typically not entertain discovery motions filed without supporting documents confirming that the parties have met and conferred in good faith to resolve the dispute. E.D. Cal. L.R. 251(b) (motions filed without such documents "shall not be heard."). Likewise, the court will typically not entertain discovery motions that have been filed without the proper Joint Statement delineating each party's framing of the dispute and the legal authorities each party relies on with respect to the disputed discovery issue. E.D. Cal. L.R. 251(b)-(d).

The undersigned further clarifies these rules insofar as they have applied in this particular case. First, as stated in the undersigned's prior order (Dkt. No. 129 at 6), the parties apparently satisfied the meet and confer requirements of Federal Rule of Civil Procedure 26(d) & (f) when they prepared a joint status report at the outset of this case. Specifically, on May 26, 2011, the parties filed a Joint Scheduling Statement signed by plaintiff and defendant and

including representations from plaintiff and defendant. (Joint Scheduling Statement, Dkt. No. 68.) Moreover, the Joint Scheduling Statement included both an itemized "Proposed Discovery Plan – Rule 26(f)" and an itemized "Proposed Discovery Schedule." (Id. at 3-4.) This filing indicates that the parties properly met and conferred to create a discovery plan prior to engaging in any discovery. Thereafter, pursuant to the court's scheduling order and Federal Rule of Civil Procedure 26(d) & (f), the parties were permitted to begin conducting discovery; no additional "meet and confer" prerequisites were required. Thus, defendant's argument that plaintiff has been permitted to conduct its discovery without properly meeting and conferring is not well-taken.

Second, defendant filed several motions to compel discovery in this case, each time triggering the requirements of Federal Rule of Civil Procedure 37(a) and Eastern District Local Rule 251.[4] These discovery motions were all denied for procedural reasons, primarily due to defendant's apparent failures to meet and confer with plaintiff to resolve the particular discovery disagreements prior to filing those motions, and failures to file the motions with the appropriate accompanying Joint Statement, all in violation of Local Rule 251(b)-(d) and Federal Rule of Civil Procedure 37(a). *That the court has repeatedly required defendant to show he complied with these rules but has not formally required plaintiff to do so is a function of the fact that defendant is the party who filed the discovery motions*. In other words, while the court has not formally ordered plaintiff to show that *plaintiff* has satisfied Local Rule 251's threshold

---

[4] Previously, defendant completed several filings styled as "Motions to Compel" (e.g., Dkt. Nos. 48-49), which were denied without prejudice to refiling based upon defendant's noncompliance with the rules governing discovery motions, including Eastern District Local Rule 251. (Orders, Dkt. Nos. 65, 124 (informing defendant that future failures to comply with such rules would result in motions being summarily denied).) Thereafter, defendant filed another motion seeking discovery (Dkt. No. 126), which the undersigned summarily denied for failure to comply with Local Rule 251. (Dkt. No. 127.) Defendant's filing of March 4, 2013, was a motion regarding discovery rules, discovery, and discovery sanctions, yet it suffered from the same deficiencies described in the undersigned's prior orders. (Dkt. No. 128.) Insofar as it could be construed as yet another motion to compel and request for sanctions, it was summarily denied due to those same procedural deficiencies. (Dkt. No. 129 at 3-4.)

requirements, this is simply because in this case it has always been *defendant* filing the discovery motions and requesting the court's involvement, such that it has always been *defendant's* burden as the moving party to show satisfaction of the requirements of Local Rule 251. Defendant should rest assured that if *plaintiff* ever files a discovery motion in this case, the court will require *plaintiff* to make the threshold showing that, as the moving party, it has properly met and conferred with defendant regarding the discovery dispute and has otherwise complied with Local Rule 251. Accordingly, defendant's belief that the court has inconsistently applied the "meet and confer" rules to plaintiff's advantage is in error. Defendant's belief that plaintiff was permitted to conduct discovery without properly meeting and conferring is also in error.

Accordingly, to the extent defendant intended a portion of his reply briefing to serve as a request for reconsideration of the court's orders at Docket Numbers 127 and 129, the request is denied for the reasons stated above.

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. **Pursuant to the parties' stipulation and good cause appearing, the court's scheduling order (Dkt. No. 110 ¶ 2(b) (modifying Dkt. No. 76 and setting a discovery completion date of January 7, 2013)) is hereby modified to state an amended discovery completion date of September 20, 2013, and all dispositive motions shall also be filed on or before that same date**. The word "completed" in this context means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order by **September 20, 2013,** and, where discovery has been ordered, the order has been complied with by **September 20, 2013**. Motions to compel discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules. Counsel and pro se parties are cautioned to refer to the Local Rules regarding the requirements for noticing motions to compel discovery and dispositive motions. All other dates, including the trial dates stated in Judge England's Order at Docket Number 122, remain unchanged.

2. To the extent defendant intended his reply briefing (Dkt. No. 131) to serve as a request for reconsideration of the court's orders at Docket Numbers 127 and 129, the request is denied.

IT IS SO ORDERED.

DATED: April 11, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE