1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:10-cv-02591 MCE KJN PS

12                 Plaintiff,

13          v.                             ORDER

14   JAMES O. MOLEN, et al.,

15                 Defendants.

16

17          Defendant James Molen ("defendant") is proceeding without counsel in this action.[1]  The

18   operative complaint was filed on September 23, 2010.  (Compl., ECF No. 1.)  On June 27, 2013,

19   more than two years and nine months since the operative complaint was filed, defendant

20   challenges the sufficiency of that pleading by filing a "Motion For More Definite Statement Of

21   Claims."  (ECF No. 133.)

22          Plaintiff filed an Opposition to defendant's pending motion.  (Opp'n, ECF No. 135.)

23   Defendant did not timely file reply briefing in support of his motion.

24          Because oral argument would not materially aid the resolution of the pending motions, the

25   undersigned took the matter under submission (ECF No. 136) on the briefs and record without a

26   hearing.  See Fed. R. Civ. P. 78(b); E.D. Cal. L.R. 230(g).  The undersigned has fully considered

27   _____

[1]   This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21).
28   (ECF No. 11.)

1

1  the parties' briefs and the appropriate portions of the record in this case and, for the reasons that

2  follow, denies defendant's motion.

3      I.      BACKGROUND

4          On September 23, 2010, plaintiff the United States ("plaintiff") filed its complaint against

5  defendant, as well as against defendant's alleged trust and partnership entities.  (Compl., ECF No.

6  1.)  The complaint alleges multiple failures to pay federal taxes by the defendant and his

7  partnership.  (Compl. ¶¶ 17-18, 28, 30, 34, 36-41.)  The complaint also alleges that the trust is

8  both a sham and defendant's alter ego, and plaintiff seeks to set aside the purported transfer of

9  real property from the defendant to the trust.  (Id. ¶¶ 42-54, 13 ¶¶ D-E.)  Plaintiff seeks

10 foreclosure of tax liens encumbering the defendant's alleged real property in Butte County,

11 California.  (Id. at 13 ¶ I.)  Defendant filed a verified Answer to the complaint on November 15,

12 2010.  (Answer, ECF No. 4.)

13         Since the beginning of this case, defendant has filed several motions to dismiss plaintiff's

14 pleading.  (Mots. to Dismiss, ECF Nos. 9, 15, 35, 54.)  The undersigned previously addressed

15 each of these filings and denied them on their merits.  (Orders, ECF Nos. 26, 42, 60, 65.)

16 Defendant has also completed several other filings purporting to request "judicial notice" (ECF

17 Nos. 50, 52-53), yet the substance of these "requests" revealed that they actually sought dismissal

18 of the complaint, and the undersigned denied the motions.  (ECF No. 65.)  Defendant also filed a

19 Motion to Amend the Answer (ECF Nos. 79-84), which the undersigned addressed and denied

20 without prejudice.  (ECF No. 96.)

21     II.     LEGAL STANDARD

22         In regards to a motion for a more definite statement, Federal Rule of Civil Procedure 12(e)

23 provides:

24             A party may move for a more definite statement of a pleading to
               which a responsive pleading is allowed but which is so vague or
25             ambiguous that the party cannot reasonably prepare a response.
               The motion must be made before filing a responsive pleading and
26             must point out the defects complained of and the details desired.  If
               the court orders a more definite statement and the order is not
27             obeyed within 14 days after notice of the order or within the time
               the court sets, the court may strike the pleading or issue any other
28             appropriate order.

2

1    Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a

2    pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant

3    can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora

4    Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only

5    if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

6    asserted, i.e., so vague that the defendant cannot begin to frame a response."). Rule 12(e) also

7    provides that the "motion must be made *before* filing a responsive pleading." Fed. R. Civ. P.

8    12(e) (emphasis added).

9       A court should deny a motion for a more definite statement "if the complaint is specific

10    enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail

11    sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F.

12    Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim

13    has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F.

14    Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal standard of pleading is consistent with

15    Federal Rule of Civil Procedure 8(a) which allows pleadings that contain a "short and plain

16    statement of the claim." Id.

17      III.     DISCUSSION

18       Defendant's Motion For More Definite Statement Of Claims (ECF No. 133) is denied.

19    More than two years and nine months have passed since the pleading was filed. (ECF No. 1.)

20    Defendant has already filed a responsive pleading, his Answer (ECF No. 4), and thus defendant's

21    motion is untimely. See Fed. R. Civ. P. 12(e) ("the motion must be made *before* filing a

22    responsive pleading.") (emphasis added).

23       Defendant offers no compelling explanation for the nearly three years between the filing

24    of the operative pleading and defendant's filing his pending motion challenging that pleading. At

25    most, defendant rather confusingly states,

26
27
28
     Although the Defendants did answer the Plaintiff's complaint on
November 15, 2010, the answers were not indicative of a manner
that justified the response as given. Because of the Defendants'
short answers, the short answers were based on false suppositions.
The Defendants, after considerable frustration in attempting to

comprehend the claims as presented by the Plaintiff, now seek a
more definite statement of the claims (Bill of Particulars).   The
Defendants can find no stated facts as presented in the Plaintiff's
pleading that lawfully applies to the Defendants or in relation to the
James Orbin Molen Limited Partnership, or the Black Hole
Adventures trust.

(ECF No. 133 at 2.)  Even if the motion were timely filed, however, the undersigned would still

deny it on its merits.  Plaintiff's pleading is not so vague or indefinite that defendant cannot

possibly respond to it.  See C.B., 691 F. Supp. 2d at 1191.  Tellingly, the substance of defendant's

pending motion reads more like a discovery request to be propounded upon plaintiff than it does a

motion describing unintelligible vagueness within the pleading.[2]  (E.g., ECF No. 133 at 2.)  Also

tellingly, the undersigned has previously addressed defendant's substantive challenges to the

pleading that defendant now attempts to construe as prohibitively vague.  (See, e.g., Orders, ECF

Nos. 26, 42, 50, 52-53, 60, 65.)  The complaint succinctly describes the taxes defendant allegedly

failed to pay and the property upon which plaintiff seeks to enforce its lien.  The complaint is a

relatively straightforward pleading that satisfies the requirements of Federal Rule 8 and provides

defendant with sufficient notice of the claims against him.

    The motion is also denied because it represents yet another improper successive challenge

to the sufficiency of the pleading under Rule 12.[3]  The undersigned previously informed

defendant that further challenges to the sufficiency of the pleading would not be timely and could

---

[2]   (See ECF No. 133 at 2 ("Defendants request further definitions on the following items by
number found within plaintiff's original pleading." [. . .] "Further definition is required for the
Defendants to comprehend how the referenced Federal tax assessments are the same as 'Notices
of Federal Tax Lien.'  There is confusion as to who made the assessments, the Department of
Justice, the Internal Revenue [sic], or the Internal Revenue Service." [. . .] "Further definition is
required for the Defendants to comprehend how the Plaintiff, without any factual basis or legal
authority, suggests that Black Hole Adventures is a family trust or that [defendants are] nominees,
alter egos, or fraudulent transferees of the defendants (taxpayers).").)

[3]   Federal Rule of Civil Procedure 12(g)(2) prohibits the filing of successive motions challenging
the pleadings: "(2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a
party that makes a motion under this rule must not make another motion under this rule raising a
defense or objection that was available to the party but omitted from its earlier motion."  Plaintiff
has not amended its complaint, and defendant's pending Motion For More Definite Statement
thus violates Rule 12(g)(2).

1    be summarily denied.  Specifically, the undersigned's relevant order stated that defendant has

2    "already had several extra 'bites at the apple' with respect to attacking plaintiff's pleading."

3    (ECF No. 65 at 4-5.)  The undersigned previously warned defendant that future similar motions

4    might be construed as having been "interposed for improper motives and such motions may be

5    denied on those grounds." (Id. (citing Fed. R. Civ. P. 11; Aetna Life Ins. Co. v. Alla Med. Servs.

6    Inc., 855 F.2d 1470, 1475-77, n.2 (9th Cir. 1988) ("courts have discretion to hear a second motion

7    under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case

8    will thereby be expedited . . . ."); Federal Agr. Mortg. Corp. v. It's A Jungle Out There, Inc., No.

9    C 03-3721 VRW, 2005 WL 3325051, at *5-6 (N.D. Cal. Dec. 7, 2005) (unpublished) ("Although

10   the Ninth Circuit has not had occasion to apply this principle, the weight of authority outside this

11   circuit holds that where the complaint is amended after the defendant has filed a Rule 12(b)

12   motion, the defendant may not thereafter file a second Rule 12(b) motion asserting objections or

13   defenses that could have been asserted in the first motion.") (citing out-of-district authorities);

14   accord Buzayan v. City of Davis, No. 2:06-cv-1576-MCE-DAD, 2009 WL 514201, at *3 (E.D.

15   Cal. Feb. 26, 2009) (unpublished) (explaining that courts have discretion to hear a second motion

16   to dismiss if the motion is not interposed for delay and the final disposition of the case will

17   thereby be expedited.)

18        The undersigned has also previously explained that "this action has moved beyond the

19   pleading stage.  Should the Molens file additional motions attacking the sufficiency of the

20   pleadings on the basis of defenses and/or objections that were available to the Molens but omitted

21   from their earlier motions, such motions will be deemed procedurally improper pursuant to

22   Federal Rule of Civil Procedure 12(g) and may be summarily denied."  (ECF No. 65 at 4-5.)

23   After examining the merits of defendant's third attack on the pleadings (ECF No. 53), the

24   undersigned clarified that, "While the undersigned examines the merits of what is effectively the

25   Molens' third attack on the pleadings (ECF No. 53), the undersigned will not examine the merits

26   of substantively similar motions filed in the future.  As described infra, future filings of motions

27   attacking the pleadings and/or requesting dismissal on substantively similar grounds raised in

28   previous motions will be summarily denied, as will successive filings of motions in violation of

5

1   Federal Rule of Civil Procedure 12(g)." (Id. at 8-9 & n.4.)

2          The undersigned also previously informed defendant that future filings addressing the

3   sufficiency of the complaint under Federal Rule of Civil Procedure 12 — as defendant's pending

4   motion does — would be summarily denied notwithstanding defendant's status as a pro se

5   litigant.  "While the Molens are proceeding without counsel in this case, they are obligated to

6   familiarize themselves with the Federal Rules of Civil Procedure and Eastern District of

7   California Local Rules.  Pro se litigants are afforded a degree of leniency with respect to their

8   pleadings, but they are nonetheless required to comply with the rules of litigation procedure."

9   (Id. at 11-12 (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).)

10          The undersigned's previous order also provided that, "[i]n the future, the Molens' failures

11   to comply with the rules of litigation procedure may subject them to sanctions, and improperly-

12   filed motions may be summarily denied.  Local Rule 183, governing persons appearing in pro se,

13   provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be

14   ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110

15   provides that failure to comply with the Local Rules 'may be grounds for imposition by the Court

16   of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.'"

17   Id. (citing Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).)  The undersigned also previously

18   cautioned defendant that "future and continued noncompliance with the Local Rules and Federal

19   Rules of Civil Procedure may result in monetary or other sanctions or the summary denial of

20   improperly-filed and/or duplicative motions. Going forward, such motions are a waste of judicial

21   time and resources and will not be tolerated." (Id. at 12.)

22   IV.    CONCLUSION

23          Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED THAT

24   Defendant's Motion For More Definite Statement Of Claims (ECF No. 133) is denied.

25          IT IS SO ORDERED.

26   Dated:  July 26, 2013

27                                                                    _____

28                                                                    KENDALL J. NEWMAN
                                                                      UNITED STATES MAGISTRATE JUDGE

6