UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:10-cv-02591 MCE KJN PS |
|---|---|
| Plaintiff, | |
| v. | <u>ORDER</u> |
| JAMES O. MOLEN, et al., | |
| Defendants. | |

Defendant James Molen ("defendant") is proceeding without counsel in this action.[1] The operative complaint was filed on September 23, 2010. (Compl., ECF No. 1.) On July 10, 2013, defendant filed a document styled as a "Joint Statement." (ECF No. 134.)

The first paragraph of the document reads, in pertinent part,

> *This is a communication between the Defendants and the Plaintiff, United States of America, and may not be construed as a motion before the court*, but may be used as evidence of an attempt by the Defendants to establish a Joint Statement re Discovery Disagreement in reference to the Meet and Confer Plan for Proposed Discovery. The Plaintiff's failure to respond to the Defendants' previous request for a Meet and Confer Plan for Proposed Discovery was not acting in good faith. Therefore, as required by Local Rule 251(b), the Plaintiff is required to act in good faith to assist the Defendants in that Joint Statement Re Discovery Disagreement. [. . .] Without the Plaintiff's response

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (ECF No. 11.)

1

> within 21 calendar days, the Defendants intend to file a notice of motion and motion before the Court for Failure to Meet or Obtain Joint Statement, as per Local Rule 251(d), and resume the requested elements of formal discovery.

(ECF No. 134 at 1 (emphasis added).)

Despite being framed as a "Joint Statement," defendant's filing is not a joint statement.[2] First, it was not prepared "jointly" with the participation of opposing counsel. Second, defendant's filing expressly clarifies on its own terms that it was not intended to be a motion before the court. (Id.) Instead, the filing is a meet and confer communication intended for plaintiff's counsel. (Id.)

The court disregards defendant's filing at ECF No. 134. Going forward, defendant shall not file meet and confer communications with the court *unless* those communications are filed as *exhibits to a proper Joint Statement Re Discovery Disagreement or motion to compel.* Meet and confer communications — like defendant's filing at ECF No. 134 — and/or discovery requests/responses that are filed as stand-alone documents unaffiliated with a currently-pending motion will be summarily disregarded.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's filing at ECF No. 134 expressly seeks no relief from the court and is construed as a meet and confer communication intended for defendant's counsel. The court therefore disregards the filing.

2. Going forward, defendant shall not file meet and confer communications with the court *unless* they are filed as *exhibits to a proper Joint Statement Re Discovery Disagreement or motion to compel.* Meet and confer communications and/or discovery requests/responses that are filed as stand-alone documents unaffiliated with a currently-pending motion will be summarily disregarded.

---

[2] The undersigned has previously explained the requirements of Eastern District Local Rule 251(b) to defendant, including requirements pertaining to meet and confer efforts and the preparation and filing of Joint Statements. (Order, ECF No. 129 at 4-5.) Defendant may wish to reexamine the undersigned's prior order and reexamine the requirements of Eastern District Local Rule 251. The rule does not provide for the preemptive filing of stand-alone meet and confer communications in anticipation of a potential future discovery motion.

1        IT IS SO ORDERED.

2   Dated: July 31, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE