UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cv-2591-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| JAMES O. MOLEN, et al., | |
| Defendants. | |

Defendant James Molen ("defendant") is proceeding without counsel in this action.[1] On November 22, 2013, plaintiff the United States ("plaintiff") filed a Motion for Partial Summary Judgment. (Mot. for Summ. J., ECF No. 148.) However, plaintiff filed this motion one day after the deadline for the filing of dispositive motions. (See ECF No. 147 (setting the deadline for filing dispositive motions as "no later than" November 21, 2013).) Plaintiff's moving papers did not acknowledge the filing's tardiness or offer an explanation for such tardiness. In addition, plaintiff had not filed any formal requests for an extension of the filing deadline. Accordingly, on December 12, 2013, the undersigned issued an order for plaintiff to show cause in writing on or before January 16, 2014, regarding why the court should deem the late-filed Motion for Partial Summary Judgment as timely and why the court should make any determination as to the merits

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (ECF No. 11.)

1

of the motion.  (ECF No. 156.)  The undersigned also ordered defendant to file a declaration on or before January 16, 2014, explaining what prejudice, if any, he has suffered by the pending motion's having been filed one day late.  (Id.)  On January 16, 2014, plaintiff filed its response to the order to show cause.  (ECF No. 157.)  On January 17, 2014, defendant filed a declaration of prejudice.  (ECF No. 158.)

I. BACKGROUND

On April 11, 2013, the court issued an order giving the parties until September 20, 2013, to file "all dispositive motions."  (ECF No. 132 at 2.)  Plaintiff filed a motion for partial summary judgment on September 20, 2013.  (ECF No. 139.)  On September 25, 2013, United States District Judge Morrison C. England *sua sponte* moved the trial date from February 3, 2014, to August 4, 2014.  (ECF Nos. 122, 144.)  Additionally, Judge England notified parties that their Joint Final Pretrial Statement will be due no later than May 22, 2014. (Id.)

After reviewing plaintiff's motion for partial summary judgment, the undersigned *sua sponte* scheduled a status conference to facilitate the defendant's response thereto, especially given defendant's pro se status.  (ECF Nos. 139-1, 139-2, 139-3, 145.)  As expressed at the hearing, the undersigned was concerned that defendant would have unnecessary difficulty appropriately responding to the motion.  (ECF No. 146.)

The status conference came on for hearing on October 3, 2013.  (Id.)  Defendant appeared telephonically on his own behalf.  (Id.)  Attorney Guy Patrick Jennings appeared on behalf of the plaintiff.  (Id.)  During the status conference, plaintiff and defendant jointly requested that plaintiff be permitted to withdraw its motion for partial summary judgment and to re-file a more straightforward motion.  (ECF No. 139, 146.)  In light of the joint nature of the request and in the interests of judicial economy, and given that defendant reported having not been served with the moving papers, the request was granted.  (ECF No. 147.)  The undersigned also found that there was good cause to amend his scheduling order (ECF No. 132) and to continue the deadline for filing dispositive motions from September 20, 2013, to November 21, 2013.[2]  (Id.)  The

---

[2] Except for the dispositive motion deadline, all other dates remained unchanged.

undersigned set the hearing on the revised motion for partial summary judgment on January 23, 2014. (Id.)

Plaintiff filed its revised motion for partial summary judgment on November 22, 2013, one day after the revised dispositive motion deadline. (ECF No. 148.) On December 5, 2013, defendant filed an opposition to plaintiff's motion that focused primarily on the fact that plaintiff's motion was not timely filed. (ECF No. 155.) On December 12, 2013, the undersigned issued an order that plaintiff show cause in writing by January 16, 2014, regarding why the court should deem the late-filed Motion for Partial Summary Judgment as timely and why the court should make any determination as to the merits of the motion. (ECF No. 156.) The undersigned also ordered defendant to file a declaration by January 16, 2014, explaining what prejudice, if any, he has suffered by the pending motion's having been filed one day late. (Id.) Furthermore, the undersigned ordered defendant to file an Amended Opposition that substantively addresses the arguments and factual/evidentiary assertions made in plaintiff's pending Motion for Partial Summary Judgment on or before February 6, 2014. (Id.) Finally, the undersigned continued the hearing on the pending Motion for Partial Summary Judgment from January 23, 2014, to March, 13, 2014. (Id.)

II.   DISCUSSION

In its response to the order to show cause, plaintiff argues that the court should exercise its discretion under Rule 60(b)(1) of the Federal Rules of Civil Procedure to excuse plaintiff's filing its motion after the deadline on the basis of excusable neglect. (ECF No. 157 at 3.) Plaintiff misconstrues the applicability of Rule 60(b) to the current matter. Rule 60(b) is a procedural device used to challenge final judgments or final orders. Fed R. Civ. P. 60(b). Under Rule 60(b) a party may seek relief "from a *final* judgment, order, or proceeding." Id. (emphasis added). The December 12, 2013, order to show cause was not a final judgment or final order, as required by Rule 60(b). See Hoffman v. Constr. Protective Servs., Inc., 2006 WL 6105637 at *3 (C.D. Cal. Aug. 25, 2006) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) ("A final order or judgment is one that generally 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"). Rather, the order merely directed plaintiff to articulate

3

to the court in writing why it should consider plaintiff's motion for partial summary judgment as timely filed despite the fact that it was filed after the deadline for dispositive motions. Furthermore, to the extent that plaintiff seeks relief under Rule 60(b) from the court's filing deadline set out in its October 9, 2013, order, Rule 60(b) is equally inapplicable because that order was also not a "final order" within the meaning of the rule. Accordingly, the undersigned disregards plaintiff's arguments insofar as they are presented within the framework of a Rule 60(b) analysis.

Notwithstanding plaintiff's use of the incorrect standard, the undersigned finds that plaintiff states reasons sufficient to discharge the order to show cause and to deem plaintiff's motion for partial summary judgment timely filed. Plaintiff has attached to its response a declaration of Guy Patrick Jennings, plaintiff's trial attorney in this case. (Jennings Decl., ECF No. 157-1.) In his declaration, Jennings states that the need to address the forty-five tax periods at issue in this case made drafting and filing the Motion for Partial Summary Judgment difficult and that this case has the largest number of tax periods he has had to address in any case that has been assigned to him in his twenty-three years with the Tax Division of the United States Department of Justice. (Id. at ¶2.) He also states that all court filings prepared by trial attorneys in the Tax Division are reviewed by supervisory employees and that during the review process for the motion concerns were raised that it did not adequately comply with the drafting requirements set out in the court's October 9, 2013 order, thus requiring further drafting and review. (Id. at ¶4.)

Jennings further declares that he was aware of the November 21, 2013, deadline and that on that date, after it had become clear to him that the motion would not be filed on time, he "emailed or called the Court deputy clerk and [defendant]" and requested a one-day extension of time. (Id. at ¶¶3, 5.) Jennings also states that on November 22, 2013, he served defendant with the tardy motion for partial summary judgment by Federal Express next day delivery, which resulted in defendant receiving the motion before he would have if Jennings had sent the motion via first class mail. (Id. at ¶6.) Finally, Jennings claims that he did not delay service of the motion based on any bad motive or ill feelings towards defendant. (Id. at ¶7.)

////

Defendant has submitted a declaration stating that he was prejudiced by plaintiff's late filing of its Motion for Partial Summary Judgment. (ECF No. 158.) Therein, defendant makes three arguments as to how he was prejudiced by the one-day delay. First, defendant claims that allowing plaintiff additional time to file its motion for partial summary judgment "would prejudice the Defendants by granting to the Plaintiff an advantage that Plaintiff refused to grant to the Defendants previously." (Id. at 2.) However, this argument in no way articulates how defendant was prejudiced by plaintiff's delay because it focuses on the allegation that plaintiff has not granted additional time to defendant in the past rather than any actual prejudice arising from the timing of plaintiff's filing and service of its present motion.

Second, defendant asserts that he has been repeatedly denied discovery and because of this denial would be prejudiced by plaintiff proceeding with its motion for partial summary judgment as he would be unable to develop an adequate defense. (Id.) Similar to the first argument, this claim does not show that defendant has suffered any prejudice specifically caused by the one-day delay. Instead, defendant's argument again focuses on events prior to plaintiff's late filing. Even if plaintiff had filed and served its motion prior to the deadline, defendant would have encountered the same alleged disadvantage he claims he will suffer in his second argument.

Finally, defendant argues against the validity of plaintiff's statement of undisputed facts attached to its Motion for Partial Summary Judgment. (Id. at 2-3.) This argument focuses entirely on the substance of plaintiff's motion and not on how plaintiff's late filing has disadvantaged defendant. For these reasons, the undersigned finds defendant's arguments regarding how he is prejudiced by plaintiff's belated filing unpersuasive.[3]

Given the additional drafting requirements set out in the court's October 9, 2013 order, the fact that plaintiff missed the filing deadline by only one day, and because plaintiff's counsel made clear attempts to assure that service of the motion on defendant would not be unduly affected by this delay, the court finds it appropriate to discharge the order to show cause and deem plaintiff's

---

[3] The undersigned also notes that defendant filed his declaration of prejudice one day after the court's deadline for doing so. (See ECF Nos. 156, 158.)

Motion for Partial Summary Judgment timely filed.[4]  Pursuant to the court's December 12, 2013, order (ECF No. 156), defendant shall file an Amended Opposition to plaintiff's Motion for Partial Summary Judgment that substantively addresses the arguments and the factual and evidentiary assertions made in plaintiff's motion no later than February 6, 2014.  Plaintiff may file Reply briefing to address defendant's above-described Amended Opposition no later than February 13, 2014.

III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The December 12, 2013, order to show cause (ECF No. 156) is DISCHARGED;
2. Plaintiff's November 22, 2013, Motion for Partial Summary Judgment (ECF No. 148) is deemed timely filed;
3. Defendant shall file an amended opposition to plaintiff's Motion for Partial Summary Judgment no later than February 6, 2014; and
4. Plaintiff shall file a reply, if any, no later than February 13, 2014.

IT IS SO ORDERED.

Dated:  January 27, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Nonetheless, in light of the fact that plaintiff was encouraged by the court in its October 9, 2013 order to file a motion for a further extension of time to file dispositive motions if the need arose and plaintiff failed to do so, plaintiff is admonished that the undersigned will not look so favorably upon any future failures to make timely filings in this matter.