UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES O. MOLEN, et al.,<br><br>Defendants. | No. 2:10-cv-2591 MCE KJN<br><br><br><br>ORDER |

Defendant James Molen ("defendant") is proceeding without counsel in this action.[1] On March 10, 2014, defendant filed a motion styled as a "Motion In Limine for Prohibition, Certification, and Supreme Court Intervention." (ECF No. 164.) Therein, defendant appears to make four separate requests: (1) a request for the court to permit defendant to intervene as a "third party" on his own behalf pursuant to Federal Rule of Civil Procedure 24 to challenge the constitutionality of the statutory law plaintiff relies on in prosecuting this case; (2) a request to require the United States to seek intervention pursuant to Federal Rule of Civil Procedure 24(b)(2); (3) a request that the court prohibit plaintiff from "referring to or offering evidence" with respect to the statutes defendant claims to be challenging as unconstitutional until those statutes have been certified as constitutional by either the United States Supreme Court or the

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (ECF No. 11.)

1

1  California Supreme Court; and (4) a request that this court certify to the United States Supreme
2  Court and the California Supreme Court questions regarding the constitutionality of the statutes
3  defendant claims to be challenging. Plaintiff filed an opposition to this motion. (ECF No. 165.)
4      As an initial matter, the court notes that this motion is procedurally defective under Local
5  Rule 230(b) because defendant has not set this motion for a hearing before the undersigned.
6  Nevertheless, because plaintiff has responded to this motion and because the requests defendant
7  makes are patently frivolous, the court addresses the motion on its merits and denies it in its
8  entirety.
9      I.    <u>Defendant's Intervention Requests</u>
10      Defendant claims the right to intervene in this action to challenge the constitutionality of
11  the statutes plaintiff relies on in support of its claims in this action, and requests the court to
12  require the United States to file a motion to intervene to oppose that challenge. (ECF No. 164-1
13  at 3.)
14      Federal Rule of Civil Procedure 24(a) allows for interventions of right when a party
15  claims an interest in property that is the subject of an action if intervention is necessary to protect
16  that party's interests. Fed. R. Civ. P. 24(a)(2). Furthermore, Federal Rule of Civil Procedure
17  24(b) allows the court to permit any party to intervene in an action when that party has a claim or
18  defense that shares common questions of law or fact with the main action. Fed. R. Civ. P.
19  24(b)(1)(B). However, intervention is unnecessary when a party seeking to intervene is already
20  named as a party in the action. Such is the case here.
21      Defendant does not explicitly state the grounds for his apparent belief that he, "James
22  Orbin Molen, a man with a living soul," is not presently named as a party in this action.
23  However, a review of defendant's motion reveals two potential grounds for his request. The first
24  relates to typography. In his motion, defendant argues that he is "not one and the same as the
25  Defendant, JAMES O. MOLEN." (ECF No. 164-1 at 2.) It appears defendant takes contention
26  with the fact that his name is written in all caps on court documents in this action, as evidenced
27  by the fact that defendant writes his name in initial caps in his motion when he refers to himself
28  as a "Third Party Intervenor." However, typographic differences are not legally significant. See

2

Antlocer v. Bayview Loan Servicing, LLC, 2013 WL 6440060 at *1 (9th Cir. Dec. 10, 2013); United States v. Rogers, 16 Fed. Appx. 38, 39 (2d Cir. 2001); Molina v. Wrigley, 2008 WL 686636 at *2 (E.D. Cal. Mar. 13, 2008); United States v. Wright, 2002 WL 254016 at *4 (E.D. Cal. Jan. 2, 2002); United States v. Washington, 947 F.Supp. 87, 92 (S.D.N.Y. Nov. 12, 1996); Kimmell v. Cooper, 2002 WL 246425 at *2 (Tex. App. Feb. 22, 2002).  Accordingly, any argument made on such grounds is frivolous.

The second potential ground for defendant's request to intervene relates to the use of his middle name.  While only defendant's middle initial is written on court documents, defendant appears to take care to use his full middle name when attempting to distinguish himself as a "Third Party Intervenor" in his motion.  (See ECF Nos. 164 at 2; 164-1 at 2.)  Defendant does not, however, present any evidence that James Orbin Molen is a different person from James O. Molen, so an argument based on the court's non-use of his full middle name lacks merit.  Cf. United States v. Bell, 57 F. Supp.2d 898, 905 (N.D. Cal. June 22, 1999).  Accordingly, defendant is presently a party in this case and does not need to intervene.  Therefore, any request by defendant to do so is patently frivolous.

Federal Rule of Civil Procedure 24 also empowers the courts to permit federal government intervention if a party asserts a claim or defense based on: (1) a statute of executive order administered by an officer or agency; or (2) any regulation, order, requirement, or agreement issued or made under the statute or executive order.  Fed. R. Civ. P. 24(b)(2).  Defendant requests the court to order an "intervention response from the United States" pursuant to Rule 24(b)(2).  However, defendant cites to no authority supporting the proposition that the court can order the United States to file a motion to seek intervention under Rule 24(b)(2), nor is the court aware of any such authority.  Moreover, the United States need not intervene because it is already named as a party in this action.

Defendant argues that the United States is not currently a party to this action, but fails to explicitly state the grounds for this belief.  Nevertheless, it appears as though defendant believes that a separate entity called the "United States of America, Incorporated" is the actual plaintiff in this case. (ECF No. 164-1 at 2.)  However, the United States is a sovereign entity; not a

3

1    corporation.  See Curtis v. United States, 2009 WL 1605404 at *1 (N.D. Fla. June 4, 2009)

2    (vacated on other grounds by Curtis v. United States, 376 Fed. Appx 902 (11th Cir. 2010)

3    (holding that plaintiff's claim that the United States is a federal corporation is "frivolous" because

4    "the United States is a sovereign Government" and not a corporation).  The "United States of

5    America, Incorporated" is not a party in this case; the United States of America is.  Because the

6    United States is already a party in this case, it need not seek to intervene.  Accordingly,

7    defendant's request that the court require the United States to seek intervention is frivolous and is

8    denied.

9          II.      Defendant's Requests for Certification and Prohibition

10   Defendant also appears to argue that because he is attacking the constitutionality of the

11   statutory law that plaintiff relies on, this court must obtain a certification from the United States

12   Supreme Court and the California Supreme Court establishing that such statutory law is

13   constitutional before this court can continue with the proceedings in this action.[2]  Again,

14   defendant does not cite to any authority in support of this claim, presumably because none exists.

15   In fact, this court cannot certify such questions to the United States Supreme Court.  See U.S.

16   Supreme Court Rule 19 ("A United States *court of appeals* may certify to this Court a question or

17   proposition of law on which it seeks instruction for the proper decision of a case.") (emphasis

18   added).  Similarly, it also cannot certify any such questions to the California Supreme Court.  See

19   Cal. R. Ct. 8.548 ("On request of the United States Supreme Court, a United States Court of

20   Appeals, or the court of last resort of any state, territory, or commonwealth, the Supreme Court

21   may decide a question of California law . . . .").  Accordingly, defendant's request cannot be

22   granted.

23

---

[2] Defendant also argues that, pursuant to Federal Rule of Civil Procedure 5.1, the court must certify to United States Attorney General and California Attorney General that the constitutionality of federal and California statutes are being questioned.  (ECF No. 164-1 at 4.)  However, as stated above, the United States is a party; therefore, no such certification needs to be made.  28 U.S.C. § 2403(a); Fed. R. Civ. P. 5.1.  Furthermore, the Franchise Tax Board of California and the California Employment Development Department, both of which are California state agencies, are parties to this action.  Accordingly, no certification needs to be made to the California Attorney General.  28 U.S.C. § 2403(b); Fed. R. Civ. P. 5.1.

Furthermore, it is "well established that legislative Acts adjusting the burdens and benefits of economic life" are entitled to "a presumption of constitutionality, and that the burden is on one [attacking the Act's constitutionality] to establish that the legislature has acted in an arbitrary and irrational way." Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15 (1976).  Therefore, defendant cannot seek to place the burden on plaintiff and the court to prove the constitutionality of the statutes he asserts to be unconstitutional.  Rather, it is defendant's burden to show that they are unconstitutional.

Because defendant's request for certification is denied, his additional request that this court prohibit plaintiff from referring to or offering evidence with respect to the statutes plaintiff claims to be challenging as unconstitutional until the constitutionality of those statutes is certified is also without merit.  Accordingly, this request is also denied.

III.   Conclusion

For the foregoing reasons, it is HEREBY ORDERED that defendant's March 10, 2014 motion styled as "Motion In Limine for Prohibition, Certification, and Supreme Court Intervention" (ECF No. 164) is DENIED.

IT IS SO ORDERED.

Dated:  April 7, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE