1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                  No.  2:10-cv-2591-MCE-KJN PS

12              Plaintiff,

13        v.                                     ORDER AND

14   JAMES O. MOLEN, et al.,                     FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Presently pending before the undersigned is plaintiff United States of America's

18   ("plaintiff") motion for default judgment against the following defendants:  (1) Black Hole

19   Adventures, a Family Trust, by William Baker and John Hugh Van Auken, Trustees ("Black Hole

20   Trust"); (2) James Orbin Molen Limited Partnership; (3) Household Bank S.B. N.A.; (4) Advanta

21   Bank Corporation; (5) Citibank South Dakota, N.A.; (6) Asset Acceptance LLC; and (7) Wells

22   Fargo Bank N.A. (collectively "defendants").[1]  (ECF No. 200 (Am. Mot. for Default J.).)  Also

23   pending before the undersigned are John Hugh Van Auken's "motion for settlement" and "motion

24   to strike" the undersigned's February 25, 2015 minute order from the record.  (ECF Nos. 213,

25   _____

26   [1] Plaintiff seeks default judgment with respect to only these defendants.  Accordingly, for
     purposes of this motion, when the undersigned uses the term "defendants" it does not refer to the
27   other defendants named in this action, namely James O. Molen, Sandra L. Molen, Franchise Tax
     Board of California, Butte County Assessor, California Employment Development Department,
28   and MBNA America Bank.

                                            1

214.)  Finally, the undersigned addresses defendant James O. Molen's two motions for default judgment (ECF Nos. 192, 221) and two motions to "strike venue and jurisdiction over defendants."  (ECF Nos. 211, 219).

The undersigned has fully considered the parties' briefs and appropriate portions of the record.[2]  For the reasons that follow, the undersigned recommends that plaintiff's motion for default judgment be granted and James O. Molen's motions for default and to strike venue and jurisdiction over defendants be denied.[3]  Furthermore, the undersigned denies John Hugh Van Auken's motions.[4]

I.   RELEVANT BACKGROUND

Plaintiff brought this civil action on September 23, 2010, in order to reduce to judgment federal tax assessments against James O. Molen, Sandra L. Molen, and the James Orbin Molen Limited Partnership; adjudicate that Black Hole Trust, and the James Orbin Molen Limited Partnership are the nominees, alter egos, and fraudulent transferees of James O. Molen and Sandra L. Molen; and foreclose federal tax liens and a judgment lien against the Molens' residence located at 189 Connors Avenue, Chico, California 95926 ("189 Connors Avenue").[5]

---

[2] Plaintiff's motion for default was submitted on the record and briefs without oral argument pursuant to Local Rule 230(g).  No hearing dates were set for John Hugh Van Auken motions. No hearing dates were set for James O. Molen's motions.

[3] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[4] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (ECF Nos. 11, 210.)

[5] The legal description of this property is as follows:

A PORTION OF LOT 12, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "CONNORS SUBDIVISION IN RANCHO ARROYO CHICO, NEAR CHICO, CALIFORNIA" WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 10, 1948, IN BOOK 16 OF MAPS, AT PAGE(S) 22, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF LOT 12; THENCE NORTH 52 DEG. 38' EAST ALONG THE NORTHWESTERLY LINE OF SAID

On June 25, 2014, the court granted partial summary judgment to plaintiff, thereby reducing to judgment the federal tax assessments against James O. Molen, Sandra L. Molen, and the James Orbin Molen Limited Partnership.  (ECF Nos. 172, 174, 175.)

A.    Factual Background

Relevant to the present motions, plaintiff alleges that Sandra L. Molen transferred the 189 Connors Avenue property "to James O. Molen and Sandra L. Molen, husband and wife as joint tenants" by a grant deed that was recorded on or about November 12, 1976.  (ECF No. 1 at ¶ 18 (Complaint).)  The Molens have occupied the 189 Connors Avenue property as their residence from at least 1976 to the present.  Id.

"On or about November 6, 2002, a deed of trust was recorded against [the] 189 Connors Avenue [property]."  Id. at ¶ 45.  La Jolla Cove Investors purchased the property via a trustees' sale that occurred on April 23, 2004.  Id.  Litigation concerning this transfer ensued and James O. Molen and Sandra L. Molen reacquired title to the property as a result of a settlement of the action.  Id.  The Molens took title to the property via a quitclaim deed issued to the James Orbin Molen Limited Partnership that was recorded on June 20, 2007.  Id.  "On or about June 27, 2007, a quit claim deed was recorded transferring 189 Connors Avenue from the James Orbin Molen Limited Partnership to the Black Hole Trust."  Id. at ¶ 46.  Plaintiff alleges that the Molens formed the Black Hole Trust to conceal their interest in the 189 Connors Avenue property and named William Baker and John Van Auken as the Trust's nominal trustees.  (Id. at ¶ 36.)  Plaintiff further alleges that "[t]he Black Hole Trust holds nominal title to the 189 Connors Avenue property solely for the benefit of James O. Molen and Sandra L. Molen" and that the Molens "have remained in continuous use and possession of the 189 Connors Avenue property

LOT 12, DISTANCE OF 75 FEET TO A POINT; THENCE SOUTH 37 DEG. 22' EAST A DISTANCE OF 170 FEET TO A POINT IN THE SOUTHEASTERLY LINE OF LOT 12; THENCE SOUTH 52 DEG. 33' WEST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 12, A DISTANCE OF 75 FEET TO A POINT AT THE MOST SOUTHERLY CORNER OF SAID LOT 12; THENCE NORTH 37 DEG. 22' WEST ALONG THE SOUTHWESTERLY LINE OF SAID LOT 12, A DISTANCE OF 170 FEET TO THE POINT OF BEGINNING.

(ECF No. 1 at ¶ 17.)

and have enjoyed all burdens and benefits of ownership" despite title to the property being held by the Black Hole Trust.  (Id. at ¶ 49.)

Plaintiff alleges that both the James Orbin Limited Partnership and the Black Hole Trust were nominees, alter egos, or fraudulent transferees of James O. Molen and Sandra L. Molen. (Id. at ¶ 45, 49.)  Plaintiff further alleges that the transfers of the 189 Connors Avenue property to the James Orbin Molen Limited Partnership and to the Black Hole Trust were made without payment or any other consideration and that the Molens remained in continuous and rent-free use and possession of the property after both transfers.  (Id. at ¶ 49, 52.)  Finally, plaintiff alleges that "[t]he transfers of the 189 Connors Avenue property to the James Orbin Molen Limited Partnership and to the Black Hole Trust . . . were intended by [James O. Molen and Sandra L. Molen] to hinder, delay or defraud the United States of America of present and future lawful taxes."  (Id. at ¶ 51.)

Plaintiff alleges that it named Household Bank S.B. N.A.; Advanta Bank Corporation, Citibank South Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank N.A. as defendants because one or more of these entities may claim an interest in the 189 Connors Avenue property. (Id. at ¶¶ 11-13, 15-16.)

B.     Procedural Background

Affidavits of service filed by plaintiff reflect that on October 29, 2010, plaintiff, through a process server, effectuated service of process on James O. Molen, Sandra L. Molen, and the James Orbin Molen Limited Partnership.  (ECF Nos. 28, 29, 30.)  On November 17, 2010, plaintiff effectuated service of process on John Hugh Van Auken in his capacity as Trustee of the Black Hole Trust, William E. Baker in his capacity as Trustee of the Black Hole Trust, and the Butte County Assessor.  (ECF Nos. 31, 32, 33.)  On February 9, 2011, plaintiff effectuated service of process on Advanta Bank Corporation and Wells Fargo Bank, N.A.  (ECF Nos. 39, 41.) On March 4, 2011, plaintiff effectuated service of process on Citibank South Dakota N.A.  (ECF No. 40.)  On March 8, 2011, plaintiff effectuated service of process on Asset Acceptance LLC, Household Bank S.B. N.A., and MBNA America Bank.  (ECF Nos. 45, 46, 47.)  On April 5, 2011, plaintiff effectuated service of process on Vion Holdings II LLC, Advanta Bank

.1 Corporation's successor.  (ECF No. 55.)

2      Defendants James O. Molen, Sandra L. Molen, Butte County Assessor, Franchise Tax

3 Board of California, and California Employment Development Department filed answers to the

4 complaint.  (ECF Nos. 4, 6, 23, 56.)  James O. Molen and Sandra L. Molen included defenses for

5 the Black Hole Trust and the James Orbin Molen Limited Partnership in their answer.  (ECF No.

6 4).  However, the court struck their answer to that extent because the Molens are not attorneys

7 who may represent the interests of a trust or a partnership.  (ECF No. 26 at 8-11.)  Outside of this

8 stricken filing, no answer was filed on behalf of these entities.  Furthermore, none of the other

9 defendants beyond those listed above answered the complaint.

10      On September 16, 2014, plaintiff requested that the Clerk of Court enter default against

11 the Black Hole Trust; the James Orbin Molen Limited Partnership; Household Bank S.B. N.A.;

12 Advanta Bank Corporation; Citibank South Dakota, N.A.; MBNA America Bank; Asset

13 Acceptance LLC; and Wells Fargo Bank N.A.  (ECF No. 183.)  On September 17, 2014, the

14 Clerk of Court entered default against all of these defendants.  (ECF No. 186.)  In entering

15 default, the Clerk of Court stated that it appeared from the record and papers on file in the action

16 that these defendants were duly served with process, but failed to appear, plead, or answer

17 plaintiff's complaint within the time allowed by law.  (See id.)

18      On December 8, 2014, plaintiff filed a motion for entry of default judgment against all of

19 the defendants against which the Clerk of Court had entered default.  (ECF No. 194.)  On

20 December 19, 2014, plaintiff filed a stipulation between it and defendant MBNA America Bank

21 stating that the two parties agree that plaintiff's federal tax liens have priority over a judgment

22 lien held by MBNA America Bank with respect to the 189 Connors Avenue property.  (ECF No.

23 196.)  The stipulation further stated that the parties agree that MBNA America Bank will be

24 bound to the judgment in this case and that plaintiff's motion for default judgment against MBNA

25 America Bank has been withdrawn.  (Id.)  Accordingly, on January 7, 2015, plaintiff filed the

26 present amended motion for entry of default that named all of the defendants named in plaintiff's

27 original motion except for MBNA America Bank.  (ECF No. 200.)

28 ////

.1   Plaintiff's amended motion for default judgment seeks a determination "[t]hat the James

2   Orbin Molen Limited Partnership and the Black Hole Trust are the nominees, alter egos, and

3   fraudulent transferees of James O. Molen and Sandra L. Molen, and as such liable for the debts,

4   including tax liabilities, of James O. Molen and Sandra L. Molen, and that the purported transfers

5   of the 189 Connors Avenue property be set aside and title returned to James O. Molen and Sandra

6   L. Molen."  (ECF No. 200-1 at 8.)  Plaintiff seeks a further determination "that the James Orbin

7   Molen Limited Partnership and the Black Hole Trust have no interest in the 189 Connors Avenue

8   property and so no right to any distribution of sale proceeds."  (Id.)  Plaintiff also seeks a

9   determination that defendants Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank

10   South Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank N.A. have no interest in the

11   189 Connors Avenue property that is superior to that of plaintiff.  (Id. at 8-9.)  Finally, plaintiff

12   requests "[t]hat the federal tax liens and judgment lien against defendants James O. Molen and

13   Sandra L. Molen encumbering the 189 Connors Avenue property be foreclosed and the real

14   property be sold to satisfy the liens and outstanding and delinquent federal tax assessments

15   against defendants James O. Molen and Sandra L. Molen."  (Id. at 9.)[6]

16   ////

---

[6] On February 18, 2015, John Hugh Van Auken filed a document on behalf of the Black Hole Trust styled as an opposition to plaintiff's amended motion for default judgment.  (ECF No. 209.) Similarly, on March 9, 2015, James O. Molen filed a document styled as an opposition to plaintiff's motion.  (ECF No. 216.)  However, the undersigned disregards both oppositions in considering plaintiff's motion because neither James O. Molen nor John Hugh Van Auken is an attorney who may represent an entity defendant before this court.  As noted in a previous order, an individual does not have the right to appear on behalf of anyone other than himself.  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  Further, pursuant to this court's local rules, "[a] corporation or other entity may appear only by an attorney."  Local Rule 183(a). Because Hugh Van Auken is named only in his capacity as purported Trustee of the Black Hole Trust, he cannot argue in opposition to plaintiff's motion on behalf of that entity.  See Knoefler v. United Bank of Bismark, 20 F.3d 347 (8th Cir. 1994) (citing C.E. Pope Equity Trust, and holding that pro se purported trustees had no right to represent trusts).  Similarly, to the extent James O. Molen attempts to oppose plaintiff's motion on behalf of the Black Hole Trust or a defendant other than himself, his opposition is improper.  Moreover, because plaintiff does not seek default against James O. Molen in its motion, James O. Molen cannot assert an argument in opposition to plaintiff's motion on behalf of himself or any defendant named in the motion.  Beyond these two improper opposition filings, none of the defendants named in plaintiff's amended motion filed a response to plaintiff's motion.

II.      PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

A.      Legal Standards

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not

be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, but it does not establish the amount of damages.  <u>Geddes</u>, 559 F.2d at 560.

### B.    Discussion

#### 1.    Appropriateness of the Entry of Default Judgment Under the Eitel Factors

##### a.    *Factor One: Possibility of Prejudice to Plaintiff*

The first <u>Eitel</u> factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  See <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter a default judgment.  Plaintiff has already obtained judgment with respect to the federal taxes and penalties assessed against defendants James O. Molen, Sandra L. Molen, and the James Orbin Molen Limited Partnership.  (ECF Nos. 174, 175.) Plaintiff states in its motion that "[t]he Molen residence is the sole significant asset of the Molens of which [plaintiff] is aware."  (ECF No. 200-1 at 4.)  Absent entry of a default judgment against the defendants named in the motion, plaintiff's ability to recover the tax judgment would be hindered.  With respect to James Orbin Molen Limited Partnership and Black Hole Trust, if these defendants are not declared nominees, alter egos, or fraudulent transferees of the Molens, plaintiff may not be able to foreclose on the 189 Connors Avenue property and obtain satisfaction of its federal tax liens.  With respect to Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank South Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank N.A., plaintiff's ability to obtain satisfaction of its judgment through a foreclosure sale of the 189 Connors Avenue property could be impeded if one or more of these entities later attempts to assert that it has a superior interest in the property.

Because the 189 Connors Avenue property is the only known significant asset of the Molens, an inability to foreclose on this property may leave plaintiff without an alternative recourse to satisfy its judgment.  Accordingly, the first <u>Eitel</u> factor favors the entry of a default judgment.

////

////

b.    *Factors Two and Three: The Merits of Plaintiff's Substantive*
*Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

i.    Determination that the James Orbin Molen Limited Partnership and the Black Hole Trust are Nominees

Here, plaintiff seeks to establish that the James Orbin Molen Limited Partnership and the Black Hole Trust are nominees, alter egos, or fraudulent transferees of James O. Molen and Sandra L. Molen with respect to the transfers of the189 Connors Avenue property and, therefore, do not now have, nor have ever had, an ownership or other interest in the property.  In its motion for default, however, plaintiff asserts only the theory that the James Orbin Molen Limited Partnership and the Black Hole Trust are nominees of James O. Molen and Sandra L. Molen. Accordingly, the court addresses only this ownership theory in determining the merit of plaintiff's claim.

A third party acts as a nominee where "the taxpayer has engaged in a legal fiction by placing legal title to the property in the hands of [the] third party while actually retaining some or all of the benefits of true ownership."  Holman v. United States, 505 F.3d 1060, 1065 (10th Cir. 2007).  In determining whether a third party is a nominee of a taxpayer, the court looks to state law.  United States v. Craft, 535 U.S. 274, 278 (2002).  California law recognizes the theory of nominee property ownership.  Fourth Inv. LP v. United States, 720 F.3d 1058, 1069 (9th Cir. 2013) (citing Lewis v. Hankins, 214 Cal.App.3d 195 (1989) and other California cases). However, "California courts have not yet specified the factors relevant to determining whether a person or entity holds title as a nominee."  Fourth Inv. LP, 720 F.3d at 1068.  In the absence of controlling California Supreme Court case law dictating what criteria courts are required to consider in assessing whether a person or entity holds title as a nominee of another person or entity, "the federal courts must predict how the California Supreme Court would decide the

9

issue." Id. at 1068-69.  Accordingly, the Ninth Circuit Court of Appeals has addressed the issue

of how to determine whether a title holder is a nominee under California law and has devised a

six-factor test in order to determine whether an individual or entity is a nominee based on what it

predicts the California Supreme Court would adopt if it were to rule on the issue.  Id. at 1069-70.

The six factors that comprise this test are:

> (1) whether inadequate or no consideration was paid by the nominees;
> (2) whether the properties were placed in the nominees' names in anticipation of a
> lawsuit or other liability while the transferor remains in control of the property;
> (3) whether there is a close relationship between the nominees and the transferor;
> (4) failure to record the conveyances;
> (5) whether the transferor retained possession; and
> (6) whether the transferor continues to enjoy the benefits of the transferred
> property.

Id. at 1070.  "Virtually without exception, courts focus on the totality of the circumstances, and

no single factor is dispositive.  Rather, the overarching consideration is whether the taxpayer

exercised active or substantial control over the property."  Id. (citations and quotation marks

omitted).

The allegations in the complaint, which are taken as true for purposes of this motion,

establish that the transfers of the 189 Connors Avenue property to the James Orbin Molen

Limited Partnership and the Black Hole Trust were made for no consideration and were

conducted by James O. Molen and Sandra L. Molen in anticipation that they would incur federal

tax liability while they remained in control of the property.  (ECF No. 1 at ¶¶ 39, 47, 52-54.)  The

allegations also establish that while the conveyances to the James Orbin Molen Limited

Partnership and the Black Hole Trust were recorded, both James O. Molen and Sandra L. Molen

continued to reside at the 189 Connors Avenue property rent free after the transfers, were the only

partners comprising the James Orbin Molen Limited Partnership, and "controlled the activities of

the trustees of . . . Black Hole [Trust] with respect to the . . . property."  (Id. at ¶¶ 7, 39-40, 45-

46.)  The allegations further establish that James O. Molen and Sandra L. Molen "continued to

control and benefit from all property held by Black Hole [Adventures Trust]."  (Id. at ¶ 36.)

When these allegations are all taken as true, five of the six factors indicate that the James Orbin

1  Molen Limited Partnership and the Black Hole Trust were nominees of James O. Molen and

2  Sandra L. Molen with respect to their holding of bear title to the 189 Connors Avenue property.

3  In short, the totality of the circumstances surrounding the transfers to the James Orbin Molen

4  Limited Partnership and the Black Hole Trust supports a determination that these entities held the

5  property as mere nominees of James O. Molen and Sandra L. Molen.  Accordingly, plaintiff has

6  established facts sufficient to show that both the James Orbin Molen Limited Partnership and the

7  Black Hole Trust are nominees of James O. Molen and Sandra L. Molen.

8                                  ii.      Judicial Sale of the 189 Connors Avenue Property

9          Plaintiff requests further relief in the form of a judicially ordered sale of the 189 Connors

10  Avenue property in order to satisfy the tax assessments made against James O. Molen and Sandra

11  L. Molen that were previously enforced though the court's June 25, 2014 order.  (ECF No. 174.)

12          Pursuant to 26 U.S.C. § 6321, the IRS may impose a federal tax lien "upon all property

13  and rights to property . . . belonging to" a taxpayer who has failed to pay taxes owed after the IRS

14  has made an assessment and demand.  While state law determines the property rights and

15  interests, "state law is inoperative to prevent the attachment of liens created by statute in favor of

16  the United States."  Dye v. United States, 528 U.S. 49, 52 (1999) (quoting United States v. Bess,

17  357 U.S. 51, 56-57 (1958)).  The language of section 6321 is broad and on its face reveals the

18  intent of Congress to reach interest in property that a taxpayer might have.  Dye, 528 U.S. at 56.

19  As a result, "[t]he Supreme Court has interpreted section 6321 to apply to all property of a

20  taxpayer, including property that is held by a third party as the taxpayer's nominee or alter ego."

21  Fourth Inv. LP, 720 F.3d at 1066 (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-

22  51 (1977)).  A federal tax lien is perfected upon assessment and no further action need be taken.

23  United States v. McDermott, 507 U.S. 447, 452-55 (1993).  After adjudicating the merits of the

24  United States' claim to the subject property, the district court may decree a sale of the property an

25  order distribution of the proceeds of that sale.  26 U.S.C. § 7403(c); United States v. Rodgers, 461

26  U.S. 677, 708 (1983) (holding that section 7403 permits district courts to order judicial sale of a

27  delinquent taxpayer's property in order to satisfy federal tax assessments).

28  ////

11

.1          In this case, plaintiff obtained federal tax liens on the 189 Connors Avenue property

2    pursuant to 26 U.S.C. § 6321 when it issued assessments against James O. Molen and Sandra L.

3    Molen.  The court reduced these assessments to judgment through its June 25, 2014 order.  (ECF

4    No. 174.)  Plaintiff now seeks to satisfy this judgment through the sale of the 189 Connors

5    Avenue property.

6          As discussed above, plaintiff's allegations establish that the Black Hole Trust, the

7    purported holder of title to the 189 Connors Avenue property, is a nominee of the Molens with

8    regard to the property.  Similarly, the previous alleged holder of title to the property, the James

9    Orbin Molen Limited Partnership, also held title as a nominee of the Molens.  Consequently,

10   plaintiff may still attach federal tax liens against the Molens to the 189 Connors Avenue property

11   regardless of the fact that they do not currently hold bare legal title to that property.  See Fourth

12   Inv. LP, 720 F.3d at 1066; United States v. Hopkins, 927 F. Supp. 2d 1120, 1184 (D.N.M. 2013)

13   ("The use of a nominee to hold property does not affect the reality that all of the rights to the

14   property held in the names of the nominees . . . belong to the [taxpayer].")  As such, plaintiff may

15   seek satisfaction of its liens on the property through a judicial sale.  26 U.S.C. § 7403(c).

16   Accordingly, plaintiff's allegations are sufficient to support its claim requesting that the 189

17   Connors Avenue property be sold to satisfy its tax liens on the property.

18                        iii.     Determination that Plaintiff's Tax Liens are Superior to Any

19                                 Interests Held by the Bank Defendants

20         With respect to the remaining defendants against which plaintiff seeks default, Household

21   Bank S.B. N.A.; Advanta Bank Corporation; Citibank South Dakota, N.A.; Asset Acceptance

22   LLC; and Wells Fargo Bank N.A., plaintiff claims that its federal tax liens on the 189 Connors

23   Avenue property take priority over any liens or other interests these defendants may have in the

24   property.

25         Absent a provision to the contrary, the priority of the federal tax liens is governed by the

26   common-law rule that "the first in time is the first in right."  United States v. McDermott, 507

27   U.S. 447, 449 (1993) (quoting United States v. New Britain, 347 U.S. 81, 85 (1954)).  A lien is

28   perfected for applying the doctrine when "the identity of the lienor, the property subject to the

                                              12

lien, and the amount of the lien are established." McDermott, 507 U.S. at 449 (quoting New Britain, 347 U.S. at 84).  Any lien that is competing with a federal tax lien must be perfected.  In re Priest v. Progressive Savings and Loan Association, 712 F.2d 1326, 1327-28 (9th Cir. 1983).  "A lien is not choate unless there is nothing more to be done and the amount of the lien is established." In re Priest, 712 F.2d at 1329 (internal punctuation and citation omitted).

A foreclosure sale generally wipes out any liens held by junior creditors because foreclosure of a senior lien "conveys the property free of all junior liens." Bank of Am. v. Graves, 51 Cal. App. 4th 607, 611-12 (1996) (citation omitted).  However, United States federal tax liens immediately and automatically reattach to a foreclosed upon property if the delinquent taxpayer reacquires that property, and are deemed superior to competing claims later perfected. United States v. McDermott, 507 U.S. 447, 453-455 (1993).

The allegations of the complaint establish that the federal tax liens on the 189 Connors Avenue property have been perfected via the tax assessments plaintiff issued against the Molens. (ECF No. 1 at ¶¶ 19, 22, 24, 26, 32.)  Plaintiff further alleges that the Molens reacquired title to the 189 Connors Avenue property in 2007 after the property had been foreclosed upon and purchased by La Jolla Cove Investors in 2004.  (Id. at ¶ 45.)  These allegations establish that prior junior liens were extinguished by the 2004 foreclosure and that the federal tax assessments imposed against the Molens immediately reattached as liens on the property upon the Molens' reacquisition in 2007.  See McDermott, 507 U.S. at 453-455; Bank of Am., 51 Cal. App. 4th at 611-12.  Because plaintiff establishes that the federal tax liens were attached to the 189 Connors Avenue property and nothing in the complaint suggests that defendants had any liens or other interests in that property that were perfected and attached to the property prior to plaintiff's liens, plaintiff sufficiently alleges its claim for relief against this group of defendants.

In sum, when the allegations of plaintiff's complaint are taken as true, plaintiff sufficiently states meritorious claims for relief against the defendants for which it seeks default.  Accordingly, the second and third Eitel factors support default judgment.

////

////

13

.1              c.      *Factor Four: The Sum of Money at Stake in the Action*

2              Under the fourth factor cited in <u>Eitel</u>, "the court must consider the amount of money at

3       stake in relation to the seriousness of Defendant's conduct."  <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at

4       1177; <u>see also</u> <u>Philip Morris USA, Inc. v. Castworld Prods., Inc.</u>, 219 F.R.D. 494, 500 (C.D. Cal.

5       2003).  Here, plaintiff has already obtained judgment against James O. Molen, Sandra L. Molen,

6       and the James Orbin Molen Limited Partnership regarding these parties' tax liabilities.

7       Accordingly, there is no dispute remaining as to the amount owed by these parties at this juncture.

8       Plaintiff merely seeks default with respect to the defendants named in the present motion in order

9       to perfect its ability to satisfy its tax judgment through foreclosure and sale of the 189 Connors

10      Avenue property.

11             With respect to the James Orbin Molen Limited Partnership and the Black Hole Trust,

12      neither entity will suffer any undue monetary loss if default is granted because plaintiff's

13      allegations, which are taken as true for purposes of the present motion, establish that both entities

14      are the nominees of the Molens and have no ownership rights to the 189 Connors Avenue

15      property.

16             With respect to Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank South

17      Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank N.A., default may impact their

18      ability to collect any liens they may hold against the 189 Connors Avenue property.[7]  However,

19      the remedy requested by plaintiff will not directly extinguish any rights these defendants have

20      with respect to the property; it would only establish the priority of its own liens over those that

21      may be held by these defendants.  Given the failure of these defendants to appear and defend their

22      potential interests in the property, a determination that their interests are not superior to the

23      interest held by plaintiff is necessary to allow plaintiff to seek satisfaction of its judgment without

24      potential additional litigation brought by one or more of these defendants.

---

25      [7] Plaintiff claims that the liens held by these potential creditor defendants may have been erased
26      on April 23, 2004, when a trustees' sale of the 189 Connors Avenue property occurred.
        Regardless, plaintiff's allegations establish priority of its lien over those of these potential
27      creditors.  Accordingly, absent evidence to the contrary, entry of default in plaintiff's favor would
        not materially impact the rights any of these defendants may have in the 189 Connors Avenue
28      property.

.1    Given that the money judgment has already been entered in this action and the fact that

2    plaintiff's motion will not place any additional monetary burden on the defendants named therein,

3    the court concludes that this factor favors the entry of a default judgment.

4            d.      *Factor Five: The Possibility of a Dispute Concerning Material*

5                    *Facts*

6            The undisputed facts in this case support the tax judgment that has already been entered

7    against James O. Molen, Sandra L. Molen, and the James Orbin Molen Limited Partnership.

8    Moreover, plaintiff has provided the court with well-pleaded allegations and documentation

9    supporting the claims for relief requested in the present motion.  The court may assume the truth

10   of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of

11   default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g.,

12   Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all

13   allegations in a well-pleaded complaint are taken as true after the court clerk enters default

14   judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip

15   Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Defendants named

16   in plaintiff's motion have failed to appear at any point in this case and have therefore admitted all

17   material facts alleged in plaintiff's complaint.[8]  Because plaintiff's factual allegations are

18   presumed true and defendants have failed to oppose the motion, no factual disputes exist that

19   would preclude the entry of default judgment.  Accordingly, the court concludes that the fifth

20   factor favors a default judgment against defendants.

21           e.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

22           Upon review of the record before the court, the court finds that the default was not the

23   result of excusable neglect.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Defendants have had

24   ample notice of this lawsuit.  The record reflects that plaintiff properly served all of the

25   _____

26   [8] As noted above, the filings made by James O. Molen and Hugh Van Auken at various points in
     this action on the behalf of the James Orbin Molen Limited Partnership and/or the Black Hole

27   Trust cannot be considered by the court as filings made on behalf of these two entities because
     neither individual is an attorney and therefore cannot represent any of the entity defendants

28   named in this action.

.1    defendants named in the motion with process and also served these same defendants by mail with

2    the present motion for default judgment.  With respect to the Black Hole Trust, both William

3    Baker and John Van Auken, the Trust's nominal trustees, filed motions to dismiss the complaint

4    early on in this action, but these motions were denied on the basis that neither individual is an

5    attorney who may represent the Black Hole Trust.  (ECF Nos. 12, 14, 26.)  Similarly, James O.

6    Molen filed an answer asserting defenses on behalf of both the James Orbin Molen Limited

7    Partnership and the Black Hole Trust, which was stricken from the record in part for the same

8    reason.  (ECF Nos. 4, 26.)  Despite being clearly aware of this action, none of these individuals

9    obtained an attorney on behalf of the entity defendants they purport to represent.  As for the

10    Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank South Dakota, N.A.; Asset

11    Acceptance LLC; and Wells Fargo Bank N.A., plaintiff indicates these defendants have likely

12    made the calculation that they have no further interest in the property because the federal tax lien

13    exceeds any equity.  In any event, these defendants have received notice of the proceedings in this

14    action since its inception and have not made any appearance at any point in this nearly 5-year old

15    action.

16          Despite ample notice of this lawsuit and plaintiff's intention to move for the entry of a

17    default judgment, defendants have not appeared in this action to date and have done nothing to

18    defend themselves.  Thus, the record suggests that defendants have chosen not to defend

19    themselves in this action, and not that the default resulted from any excusable neglect.

20    Accordingly, this Eitel factor favors the entry of a default judgment.

21                 f.    *Factor Seven: The Strong Policy Underlying the Federal Rules of*

22                      *Civil Procedure Favoring Decisions on the Merits*

23        "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

24    F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

25    alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

26    PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.

27    Supp. 2d 1039, 1061 (N.D. Cal. 2010); ACS Recovery Servs., Inc. v. Kaplan, 2010 WL 144816,

28    at *7 (N.D. Cal. Jan. 11, 2010) (unpublished); Hartung v. J.D. Byrider, Inc., 2009 WL 1876690,

.1  at *5 (E.D. Cal. June 26, 2009) (unpublished).  Accordingly, although the court is cognizant of

2  the policy in favor of decisions on the merits—and consistent with existing policy would prefer

3  that this case be resolved on the merits—that policy does not, by itself, preclude the entry of

4  default judgment.

5        Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the

6  entry of default judgment against the defendants named in its motion, and recommends that such

7  a default judgment be entered.  All that remains is the determination of the relief to which

8  plaintiff is entitled.

9          2.  *Terms of the Judgment to Be Entered*

10        After determining that a party is entitled to entry of default judgment, the court must

11  determine the terms of the judgment to be entered.  Considering plaintiff's briefing and the record

12  in this case, the undersigned concludes that plaintiff is entitled to the relief requested in its

13  complaint and motion for default.  Therefore, the undersigned recommends that such relief be

14  granted as follows.

15        For the reasons stated above, plaintiff's allegations establish that the James Orbin Limited

16  Partnership and the Black Hole Trust were nominees of James O. Molen and Sandra L. Molen

17  with regard to the 2007 transfers of the 189 Connors Avenue property.  Accordingly, the

18  undersigned recommends that plaintiff's request for a declaration that these two entity defendants

19  are the nominees of James O. Molen and Sandra L. Molen be granted.  Furthermore, because

20  these entities are nominees of James O. Molen and Sandra L. Molen, plaintiff's request that it be

21  adjudged that they do not have any interest in the 189 Connors Avenue property, and therefore no

22  right to any proceeds from a sale of the property, should be granted.

23        Plaintiff also requests that the court declare that Household Bank S.B. N.A.; Advanta

24  Bank Corporation; Citibank South Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank

25  N.A. have no interest in the 189 Connors Avenue property superior to plaintiff's tax liens.

26  Plaintiff's allegations establish that plaintiff's federal tax liens attached to the 189 Connors

27  Avenue property upon the Molens' reacquisition of title in 2007 and that they take priority over

28  any liens or other interests these defendants may hold in that property.  Accordingly, the

.1    undersigned recommends that plaintiff's request for relief as to these defendants be granted.

2    Finally, plaintiff requests that the court order "[t]hat the federal tax liens and judgment

3    lien against defendants James O. Molen and Sandra L. Molen encumbering the 189 Connors

4    Avenue property be foreclosed and the real property be sold to satisfy the liens and outstanding

5    and delinquent federal tax assessments against defendants James O. Molen and Sandra L.

6    Molen." (ECF No. 200-1 at 9.) As discussed above, plaintiff's allegations establish that it holds

7    valid federal tax liens against the 189 Connors Avenue property, which the Molens have not paid.

8    Because the Molens have not paid these tax liabilities, and a judgement has already been entered

9    against them concerning these liabilities, federal tax liens continue to encumber all of their

10    property, including the 189 Connors Avenue property. Furthermore, because the James Orbin

11    Molen Limited Partnership and the Black Hole Trust should be declared nominees of the Molens

12    with regard to the transfers of the 189 Connors Avenue property to which they were involved,

13    plaintiff's liens still remain with that property and may be foreclosed upon despite its title being

14    nominally held by the Black Hole Trust. See Fourth Inv. LP, 720 F.3d at 1066; Hopkins, 927 F.

15    Supp. 2d at 1184. Plaintiff may foreclose upon this property via a judicial sale. See 26 U.S.C. §

16    7403(c); Rodgers, 461 U.S. at 708. Accordingly, the undersigned recommends that plaintiff's

17    request for a judicial sale of the 189 Connors Avenue property be granted and that plaintiff be

18    directed to submit appropriate proposed orders to effectuate the foreclose and sale of the 189

19    Connors Avenue property following entry of default judgment.

20    III.    JOHN HUGH VAN AUKEN'S MOTIONS

21    Also before the court are John Hugh Van Auken's two motions filed on behalf of the

22    Black Hole Trust styled as a "motion for settlement" and a "motion to strike" the minute order

23    issued by the undersigned on February 27, 2015. (ECF Nos. 214, 215.) Aside from the fact that

24    these two filings appear patently frivolous, John Hugh Van Auken cannot file motions in this

25    action on the Black Hole Trust's behalf because he is not a licensed attorney. See C.E. Pope

26    Equity Trust, 818 F.2d at 697. Accordingly, these two motions are denied.[9]

27    _____

28    [9] The undersigned also notes that John Hugh Van Auken has filed a request on behalf of the
Black Hole Trust for the court to take judicial notice of certain statutory and case law. (ECF No.

IV.      JAMES O. MOLEN'S MOTIONS

Finally, defendant James O. Molen has filed two motions for default judgment (ECF Nos. 192, 221) and two motions to "strike venue and jurisdiction over defendants." (ECF Nos. 211, 219).  As an initial matter, the court notes that these motions are procedurally defective under Local Rule 230(b) because defendant has not set this motion for a hearing before the undersigned. Nevertheless, the undersigned will address these motions because plaintiff has had an opportunity to respond to them.

With regard to the motions for default judgment, it appears that James O. Molen requests the court to enter default judgment against plaintiff for its alleged failure to respond to certain assertions he has made throughout the course of this litigation.  However, these motions are not sufficient to prove that the court should enter default judgment against plaintiff pursuant to Federal Rule of Civil Procedure 55 because no counterclaim or other request for affirmative relief has been asserted by James O. Molen against plaintiff in this action and the Clerk of Court has not entered default against plaintiff.  See Fed. R. Civ. P. 55(a) (providing that the Clerk of Court may enter default only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend").  Accordingly, the undersigned recommends they be denied.

James O. Molen's motions to "strike venue and jurisdiction over defendants" assert that this court does not have jurisdiction over this action and venue is not proper because none of the defendants "live in or do any business with [sic] the federal government's authority or geographical location."  (ECF No. 211 at 3; ECF No. 219 at 2.)  This argument is patently frivolous.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States.  Because this action is brought by the United States and concerns a tax liability, this court has jurisdiction.  Furthermore, venue is proper in this court because the tax assessments at issue in this action accrued within this district, the Molens reside within this district, and plaintiff seeks to

228.)  However, this request is denied as he is not an attorney who may represent this entity defendant.

foreclose on property located within this district.  See 28 U.S.C. § 1391(b).  Therefore, the undersigned recommends that these two motions be denied.

V.      CONCLUSION

Based on the foregoing reasons, IT IS HEREBY ORDERED that John Hugh Van Auken's "motion for settlement" and "motion to strike" the undersigned's February 27, 2015 minute order (ECF Nos. 214, 215) are denied.

Furthermore, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for default judgment (ECF No. 200) be granted.

2.      Judgment be entered in plaintiff's favor and against the following defendants: Black Hole Adventures, a Family Trust, by William Baker and John Van Auken, Trustees; James Orbin Molen Limited Partnership; Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank South Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank N.A.

3.      It be declared that defendants James Orbin Molen Limited Partnership and Black Hole Trust are nominees of defendants James O. Molen and Sandra L. Molen with regard to the transfers of the 189 Connors Avenue property, and therefore have no ownership interest in the property and no right to any distribution of sale proceeds.

4.      It be declared that plaintiff's federal tax liens on the 189 Connors Avenue property are superior to any liens or other interests in the property that may be held by defendants Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank South Dakota, N.A.; Asset Acceptance LLC; and Wells Fargo Bank N.A.

5.       The federal tax liens of the United States upon the real property of defendants James O. Molen and Sandra L. Molen, located at 189 Connors Avenue, Chico, California 95926 be ordered foreclosed and the property be ordered sold.

6.      Following the entry of judgment, plaintiff be directed to submit any appropriate proposed orders to effectuate the foreclosure and sale of the property located at 189 Connors Avenue, Chico, California 95926.

7.      Defendant James O. Molen's motions for default judgment (ECF Nos. 192, 221) and to "strike venue and jurisdiction over defendants" (ECF Nos. 211, 219) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  May 22, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE