UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES O. MOLEN, et al.,<br><br>Defendants. | No. 2:10-cv-02591-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

In the pending Motion for Summary Judgment (ECF No. 244), Plaintiff United States of America ("Plaintiff") seeks an order stating that a federal tax lien against Defendants James O. Molen and Sandra L. Molen (collectively, "the Molens") is senior to two California state tax liens against the Molens. Defendant California Franchise Tax Board filed an Opposition to the Motion (ECF No. 260), and Plaintiff filed a Reply (ECF No. 261). For the reasons that follow, the Court finds that the California state tax liens are senior to the federal tax lien and Plaintiff's Motion for Summary Judgment is DENIED.[1]

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local Rule 230(g).

## BACKGROUND

Plaintiff and the California Franchise Tax Board do not dispute the following facts:

In 1976, the Molens acquired real property at 189 Connors Avenue in Chico, California ("the residence").

In 2001, a Notice of State Tax Lien against the Molens was recorded.

In 2002, a deed of trust against the residence was recorded.

In 2003, a Notice of State Tax Lien against the Molens was recorded.

In April 2004, La Jolla Cove Investors purchased the residence at a trustees' sale relating to the 2002 deed of trust.

In May 2004, a Notice of State Tax Lien against the Molens was recorded.

In November 2004, a trustees' deed was recorded and the residence was transferred to La Jolla Cove Investors.

In December 2004, a Notice of Federal Tax Lien against the Molens was recorded.

In 2007, La Jolla Cove Investors transferred the residence back to the Molens.[2]

Thus, there are three state tax liens (recorded in 2001, 2003, and May 2004, respectively), and each was recorded before the federal tax lien was recorded in December 2004. Plaintiff concedes that the state tax lien recorded in 2001 is senior to the federal tax lien. However, Plaintiff and the California Franchise Tax Board dispute whether the state tax liens recorded in 2003 and May 2004 are also senior to the federal tax lien.[3]

///
///

---

[2] Although La Jolla Cove Investors technically transferred the residence to an entity, the Court previously determined that entity and another "are nominees of Defendants James O. Molen and Sandra L. Molen with regard to the transfers of the [residence], and therefore have no ownership interest in the property and no right to any distribution of sale proceeds." ECF No. 235 at 2.

[3] All subsequent references to "state tax liens" are to the state tax liens recorded in 2003 and May 2004.

**DISCUSSION**

"Federal tax liens do not automatically have priority over all other liens. Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" U.S. By and Through I.R.S. v. McDermott, 507 U.S. 447, 449 (1993).

The California Franchise Tax Board argues that the Court should apply the "first in time, first in right" principle and find that the state tax liens, which were recorded before the federal tax lien, are senior to the federal tax lien.

Plaintiff's argument is more complex. Plaintiff emphasizes that the state tax liens were recorded after La Jolla Cove Investors recorded the deed of trust in 2002 but before La Jolla Cove Investors foreclosed on that deed of trust (and acquired the residence) in November 2004. The significance, according to Plaintiff: because the deed of trust was recorded before the state tax liens, La Jolla Cove Investors' interest in the residence was senior to those liens, and, more critically, when La Jolla Cove Investors foreclosed on the residence in 2004, it took the property free of all junior liens (including the state tax liens).

The California Franchise Tax Board does not dispute Plaintiff's argument up to this point. However, the parties dispute the applicability and effect of McDermott in this case. In McDermott, the United States Supreme Court explained that "a competing state lien [is] in existence for 'first in time' purposes only when it has been 'perfected' in the sense that the identity of the lienor, the property subject to the lien, and the amount of the lien are established." McDermott, 507 U.S. at 449. Unlike a state lien, which is not perfected until it attaches to specific property, "the filing of notice renders [a] federal tax lien extant for 'first in time' priority purposes regardless of whether it has yet attached to identifiable property." Id. at 453.

Plaintiff argues that, as a result of the foreclosure on the residence, the state tax liens were not "perfected" until the Molens reacquired the property in 2007. The federal

3

1  tax lien, on the other hand, was extant for "first in time" priority purposes when it was
2  recorded in December 2004.  Thus, applying McDermott, Plaintiff argues the federal tax
3  lien is senior to the state tax liens.
4  　　　McDermott is factually distinguishable from this case.  In McDermott, the state lien
5  was not perfected when it was recorded because "the property subject to the lien" was
6  not yet established.  Id. at 452-53.  That is, the McDermotts did not have property to
7  satisfy the lien when it was recorded.  Rather, because the state lien extended to "after-
8  acquired-property," the state lien was perfected later when the McDermotts purchased
9  real estate.  Id.  The critical distinction between McDermott and this case:  the Molens
10 owned the residence when the state tax liens were recorded, and the state tax liens
11 were therefore perfected immediately upon recordation.[4]  That distinction matters.  Cf. id.
12 at 450 ("The first question we must answer, then, is whether the Bank's judgment lien
13 was perfected in this sense before the United States filed its tax lien . . . . If so, that is the
14 end of the matter; the Bank's lien prevails.").
15 　　　Because McDermott is factually distinguishable and does not apply to this case,
16 the Court must resort to the general principle of "first in time, first in right."  Applying that
17 principle, the state tax liens—which were recorded before the federal tax lien—are
18 clearly senior to the federal tax lien.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

27　　　[4] That fact also distinguishes this case from the Sixth Circuit case that Plaintiff cites in its Reply.
28 See Woods v. Simpson, 46 F.3d 21, 23 (6th Cir. 1995) ("Both the federal and state tax liens were filed before the debtor, David Simpson, acquired his inheritance.").

**CONCLUSION**

Plaintiff's Motion for Summary Judgment (ECF No. 244) is DENIED. The Court finds that the state tax liens recorded in 2001, 2003, and May 2004 are senior to the federal tax lien recorded in December 2004.

IT IS SO ORDERED.

Dated: February 29, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT