1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:10-cv-2591-MCE-KJN PS

12                   Plaintiff,

13           v.                                     ORDER

14    JAMES O. MOLEN, et al.,

15                   Defendants.

16

17           Defendant James O. Molen ("defendant") is proceeding without counsel in this action.[1]  In

18    recent months, James O. Molen has filed numerous documents that are variously styled, but

19    which amount to requests that the court dismiss the case for lack of subject matter jurisdiction, the

20    undersigned and presiding district judge recuse themselves from this action, and the court compel

21    plaintiff to comply with subpoenas that were purportedly served on it.  (ECF Nos. 232, 238, 239,

22    246, 247, 250, 251, 252, 255, 258, 262, 263, 265, 269, 277, 278, 283.)  During this same period,

23    John Hugh Van Auken, a non-attorney who is named as a defendant to this action only in his

24    capacity as trustee of defendant Black Hole Adventures Trust, filed numerous documents that

25    appear to either assert arguments on behalf of the other defendants to this action or purport that a

26    settlement has been reached in this action between plaintiff and defendants.  (ECF Nos. 236, 242,

27    _____

28    [1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21)
      for all purposes exclusive of the pretrial conference and trial.  (ECF No. 11.)

                                                    1

1  245, 248, 249, 256, 266, 271, 272, 274, 275, 279, 280, 281, 282, 284.)  For the reasons that

2  follow, the court denies and/or disregards these filings.

3  I.       Relevant Background

4        Plaintiff brought this civil action on September 23, 2010, in order to reduce to judgment

5  federal tax assessments against James O. Molen, Sandra L. Molen, and the James Orbin Molen

6  Limited Partnership; adjudicate that Black Hole Trust, and the James Orbin Molen Limited

7  Partnership are the nominees, alter egos, and fraudulent transferees of James O. Molen and

8  Sandra L. Molen; and foreclose federal tax liens and a judgment lien against the Molens'

9  residence located at 189 Connors Avenue, Chico, California 95926 ("189 Connors Avenue").  On

10  June 25, 2014, the court granted partial summary judgment to plaintiff, thereby reducing to

11  judgment the federal tax assessments against James O. Molen, Sandra L. Molen, and the James

12  Orbin Molen Limited Partnership.  (ECF Nos. 172, 174, 175.)  On June 25, 2015, the court

13  granted default judgment, declared that defendants James Orbin Molen Limited Partnership and

14  Black Hole Adventures Trust were the nominees of James O. Molen and Sandra L. Molen as to

15  189 Connors Avenue, and ordered that the federal tax liens on that property be foreclosed upon

16  and the property sold.  (ECF No. 235.)  Very little of substance remains to be done in this case,

17  and the only issue remaining to be litigated is whether James O. Molen is liable for a civil fraud

18  penalty for the taxable year ending in December 31, 2000.[2]  However, James O. Molen and John

19  Hugh Van Auken have once again made frivolous requests and raised baseless arguments in an

20  apparent attempt to stave off the orderly proceeding of this case.

21  II.      James O. Molen's Filings

22        As to James O. Molen's filings, the court notes that even liberally construing these

23  submissions as motions requesting relief, they are procedurally defective under Local Rule 230(b)

24  because Mr. Molen has not properly set any of these motions for a hearing before the court.

25  Nevertheless, given the patently frivolous legal and factual grounds on which his filings are

26  based, the court also dismisses these filings on their merits for the reasons discussed below.

27  _____

28  [2] Plaintiff's request to set a status conference to schedule a trial date for this issue is currently
pending before the presiding district judge.  (ECF No. 276.)

First, it appears that Mr. Molen asserts in many of his recent filings that the court lacks subject matter jurisdiction over this case and, therefore, must dismiss it in its entirety. (ECF Nos. 232, 238, 239, 246, 251, 252, 262, 265, 269, 277, 278, 283.) As the court has discussed in prior orders, this argument is patently frivolous. (See ECF No. 229 at 19.) This court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which provides jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which provides jurisdiction over suits commenced by the United States. Because this action is brought by the United States and concerns a tax liability, this court has subject matter jurisdiction. Accordingly, to the extent Mr. Molen filings could be construed as motions to dismiss for lack of subject matter jurisdiction, they are denied.

Mr. Molen appears to argue further in some of his filings that because plaintiff did not oppose his first motion raising his subject matter jurisdiction argument filed on June 8, 2015, by an arbitrary deadline set by Mr. Molen, it has acquiesced to his assertion that the court lacks subject matter jurisdiction, therefore requiring the court to dismiss this action. (E.g., ECF Nos. 239, 246, 252, 283.) This argument is essentially the same as Mr. Molen's "implied contract" arguments advanced previously in this action that the court has rejected as procedurally improper and/or frivolous and cautioned Mr. Molen would be summarily rejected if raised in subsequent filings in this action. (ECF No. 60 at 12.) Accordingly, Mr. Molen's argument that plaintiff "acquiesced" to having this case dismissed on the basis that this court lacks subject matter jurisdiction is frivolous.[3] Similarly, Mr. Molen's motion for sanctions against plaintiff based on this frivolous claim of acquiescence (ECF No. 258) is denied.

In addition to taking the frivolous position that this court lacks subject matter jurisdiction, Mr. Molen also filed a request that both the undersigned and the assigned district judge recuse themselves from presiding over this action. (ECF No. 255.) A request for recusal falls under 28 U.S.C. § 144 and 28 U.S.C. § 455. 28 U.S.C. § 144 provides:

---

[3] Mr. Molen also appears to argue that the court itself "defaulted" by not responding to his filings by the arbitrary deadlines he set, therefore requiring the court to dismiss this action. (See, e.g., ECF No. 246.) As with his argument regarding plaintiff, this argument is patently frivolous and is summarily disregarded.

1

2
> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom the
> matter is pending has a personal bias or prejudice either against him
> or in favor of any adverse party, such judge shall proceed no further
> therein, but another judge shall be assigned to hear such
> proceeding.

3

4

5

6   28 U.S.C. § 455 provides:  "Any justice, judge, or magistrate judge of the United States shall

7   disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

8   28 U.S.C. § 455(a).  "Under both recusal statutes, the substantive standard is whether a

9   reasonable person with knowledge of all the facts would conclude that the judge's impartiality

10  might reasonably be questioned."  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008)

11  (internal quotations and citations omitted).

12          The judge against whom a disqualification motion is brought may pass on its legal

13  sufficiency.  See Berger v. United States, 255 U.S. 22, 32 (1921); United States v. Azhocar, 581

14  F.2d 735, 738 (9th Cir. 1978).  To be sufficient, the motion must state facts which, if true, fairly

15  support the allegation of bias or prejudice which stems from an extrajudicial source and which

16  may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Adverse rulings alone cannot

17  constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

18          Liberally construed, Mr. Molen's request for recusal is based solely on the court's rulings

19  in this action that have been adverse to Mr. Molen and his perception that he is being treated

20  unfairly.  Because adverse rulings are insufficient to show bias or prejudice, Mr. Molen has

21  provided no grounds for which a request for recusal could be granted.  Furthermore, both the

22  undersigned's and presiding district judge's actions in this case do not support disqualification.

23  The actions taken were an appropriate response to filings.  The court's rulings do not reflect an

24  extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or

25  inability to render a fair judgment in the instant action.  They do not indicate bias, personal or

26  otherwise, or prejudice, personal or otherwise.[4]  Accordingly, Mr. Molen's request for recusal is

27

28
---
[4] Indeed, despite multiple warnings to Mr. Molen that further pursuit of frivolous arguments such
as those discussed above could result in appropriate sanctions and his continued practice of

4

1   denied.

2        Finally, Mr. Molen also filed a series of requests related to plaintiff's purported failure to

3   respond to subpoenas requesting production of a certified copy of the tax lien or liens against him

4   and his business.  (ECF Nos. 247, 250, 258, 263.)  Mr. Molen appears to argue that plaintiff

5   should be compelled to respond to the purported subpoenas and should be sanctioned for its

6   failure to timely respond to those requests.  However, among the multitude of problems with his

7   request, a review of the purported subpoenas attached to Mr. Molen's filings at ECF Nos. 247 and

8   250 demonstrates that they are procedurally defective.  Among other requirements, a subpoena

9   must be signed and issued by either:  (1) the clerk of the court or (2) an attorney, as an officer of

10  the court.  <u>See</u> Fed. R. Civ. P. 45(a)(3).  Here, the purported subpoenas are not signed by either

11  the clerk of court or an attorney; indeed, none of the eight purported subpoenas contain any

12  signatures.  (<u>See</u> ECF Nos. 247, 250.)  Accordingly, Mr. Molen's requests are procedurally

13  defective and, thus, are denied.[5]

14  III.    <u>John Hugh Van Auken's Filings</u>

15       With regard to John Hugh Van Auken's filings, the court yet again notes that Mr. Van

16  Auken is a non-attorney and has been named as a defendant in this action only in his capacity as

17  purported trustee of defendant Black Hole Adventures Trust.  As provided in previous orders, an

18  individual does not have the right to appear on behalf of anyone other than himself.  <u>C.E. Pope</u>

19  <u>Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987).  Furthermore, pursuant to this

20  court's local rules, "[a] corporation or other entity may appear only by an attorney."  E.D. Cal.

21  Local Rule 183(a).  Because Mr. Van Auken is named only in his capacity as purported trustee of

22  the Black Hole Adventures Trust and nothing in the record indicates that Mr. Van Auken is the

23  Trust's beneficial owner, and could thus represent the Trust pro se, he cannot file motions or

24  _____

25  making numerous frivolous filings in spite of those warnings (<u>see, e.g.</u>, ECF Nos. 60, 65, 103),
    the court has not sanctioned Mr. Molen as of this time.

26  [5] Furthermore, plaintiff claims that it already provided to Mr. Molen and the court with a certified

27  copy of the document Mr. Molen seeks through his defective subpoenas, i.e., a certified copy of
    the tax lien or liens against Mr. Molen and his business, before he issued his defective subpoenas.

28  (ECF No. 259.)  A review of the docket supports plaintiff's claim.  (<u>See</u> ECF No. 244-8.)

1    other documents on behalf of that entity.[6]   See C.E. Pope Equity Trust, 818 F.2d at 698; Knoefler

2    v. United Bank of Bismark, 20 F.3d 347 (8th Cir. 1994) (citing C.E. Pope Equity Trust, and

3    holding that pro se purported trustees had no right to represent trusts).  Nor can he file anything

4    on behalf of the other defendants to this action given his status as a non-attorney.  Therefore, the

5    court summarily denies all of Mr. Van Auken's requests and disregards the other filings recently

6    made in this action on behalf of the Black Hole Adventures Trust or other defendants in this

7    action (ECF Nos. 236, 242, 245, 248, 249, 256, 266, 271, 272, 274, 275, 279, 280, 281, 282,

8    284).

9            While the court disregards Mr. Van Auken's filings, it also finds it necessary to address

10   several of Mr. Van Auken's most recent filings.  Mr. Van Auken recently filed several documents

11   styled either as a "notice of commencement of settlement" or as a notice of settlement.  (ECF

12   Nos. 274, 275, 277, 279, 281, 284.)  In these filings, Mr. Van Auken appears to present a

13   purported bond as payment for the tax liabilities assessed in this action against the Molens and

14   represents that plaintiff has agreed to settle this action based on its inaction with regard to the

15   presentment of this bond.  However, notwithstanding the fact that Mr. Van Auken has no

16   authority to represent any of the other defendants in this matter, a review of the purported bond

17   attached to Mr. Van Auken's filings reveals it to be a sham bond filed in an attempt to deceive the

18   court into believing a settlement has been reached in this matter.  Indeed, plaintiff has filed a

19   response to Mr. Van Auken's filings specifically informing the court that no settlement has been

20   reached and that the purported bond attached to those filings is "bogus."  (ECF No. 273.)

21           Furthermore, to the extent Mr. Van Auken seeks through his filings to compel plaintiff to

22   compromise this action and the tax liabilities assessed against the Molens, it is improper and

23   futile.  Title 26 U.S.C. § 7122 permits "the Attorney General or his delegate" to compromise any

24

25   [6] In one of his filings, Mr. Van Auken claims he is representing himself as trustee of the Black
     Hole Adventures Trust as a "third party intervenor."  (ECF No. 266.)  However, Mr. Van Auken
26   never filed a proper motion to intervene in this action pursuant to Federal Rule of Civil Procedure
     24.  Moreover, Mr. Van Auken's filings purport to represent and seek relief on behalf of the
27   Black Hole Adventures Trust, Mr. Molen, and other defendants to this action, which he would
     still not be permitted to do for the reasons discussed above had he been permitted to intervene in
28   this action on his own behalf.

1    case arising under the internal revenue laws "after reference to the Department of Justice for

2    prosecution or defense." However, "[t]he decision to accept or reject a compromise offer is

3    discretionary and cannot be compelled by any action." Addington v. United States, 75 F. Supp.

4    2d 520, 524 (S.D.W. Va. 1999) (citing Carroll v. Internal Revenue Service, 14 A.F.T.R.2d 5564

5    (E.D.N.Y. 1964)). Mr. Van Auken cannot seek to compel such a compromise and plaintiff's

6    response to his filings shows that no such compromise has been made by plaintiff's counsel, i.e.,

7    the Attorney General's delegate with regard to this action

8         Because Mr. Van Auken's notice of settlement filed on May 31, 2016 (ECF No. 284)

9    appears to be premised on the alleged presentment of his sham bond to plaintiff, the court will

10   disregard it and will not order dispositional documents to be filed pursuant to Local Rule 160(b).

11   If settlement as to any issues or claims remaining unadjudicated in this action has been reached,

12   then either plaintiff's counsel or another proper party or party representative may file a notice of

13   settlement for the court's consideration. However, any further filings from Mr. Van Auken

14   regarding such matters will be summarily disregarded and will result in the imposition of

15   appropriate sanctions.

16   IV.    Conclusion

17        In sum, the court denies and/or disregards the filings by Mr. Molen and Mr. Van Auken

18   discussed above. Any future filings by Mr. Molen and/or Mr. Van Auken making the same

19   frivolous arguments and taking the same disingenuous positions as those set forth in their filings

20   discussed above will be summarily disregarded, and will result in the imposition of appropriate

21   sanctions against the filing party for failure to follow the court's orders, the court's Local Rules,

22   and/or the Federal Rules of Civil Procedure. Eastern District Local Rule 110 provides that

23   "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

24   be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

25   within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides:

26            Any individual representing himself or herself without an attorney
             is bound by the Federal Rules of Civil or Criminal Procedure, these
27            Rules, and all other applicable law. All obligations placed on
             "counsel" by these Rules apply to individuals appearing in propria
28

1    persona.  Failure to comply therewith may be ground for dismissal
2    … or any other sanction appropriate under these Rules.

3    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

4    same rules of procedure that govern other litigants.").  Furthermore, "[d]istrict courts have

5    inherent power to control their dockets.  In the exercise of that power they may impose sanctions

6    including, where appropriate, default or dismissal."  Thompson v. Housing Auth. of City of L.A.,

7    782 F.2d 829, 831 (9th Cir. 1986) (per curiam); accord In re Phenylpropanolamine (PPA)

8    Products Liability, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Thompson).

9    Based on the foregoing, IT IS HEREBY ORDERED that:

10    1.  Defendant James O. Molen's filings at ECF Nos. 232, 238, 239, 246, 247, 250, 251,

11    252, 255, 258, 262, 263, 265, 269, 277, 278, and 283 are denied.

12    2.  John Hugh Van Auken's filings at ECF Nos. 236, 242, 245, 248, 249, 256, 266, 271,

13    272, 274, 275, 279, 280, 281, 282, and 284 are disregarded and/or denied.

14    3.  Any future filings by James O. Molen and/or John Hugh Van Auken making the same

15    frivolous arguments and taking the same disingenuous positions as those set forth in

16    their filings discussed above will be summarily disregarded, and will result in the

17    imposition of appropriate sanctions against the filing party.

18    IT IS SO ORDERED.

19    Dated:  June 13, 2016

20
21    _____
     KENDALL J. NEWMAN
22    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

8