CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

*Of Counsel:*
PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES O. MOLEN,<br>SANDRA L. MOLEN, and<br>BLACK HOLE ADVENTURES TRUST,<br>Et al.,<br><br>Defendants. | Case No. 2:10-CV-02591 MCE KJN<br><br>**ORDER GRANTING JUDGMENT BY DEFAULT** |

The United States filed this action to reduce federal tax liabilities to judgment and to enforce the tax liens against the home of defendant James O. Molen. In granting several motions by the United States, the Court entered judgment on most of the tax liabilities and entered default judgment against the nominee Black Hole Trust, in which name the Molen residence is held. The only issue remaining for trial was whether a refund of payroll tax for the first quarter of 2000, in the amount of $30,005.29, was requested with fraudulent intent. If so, the fraud penalty would be upheld and tax would have been assessed within the statute of limitations.

Mr. Molen filed an answer to the complaint in this case and has filed numerous papers, although he continued to deny the jurisdiction of this Court and attempted to impose his own procedures and timetables on this proceeding.

Mr. Molen is currently serving a sentence of three years, after a conviction under 26 U.S.C. § 7212(a), Corrupt Endeavor To Obstruct Or Impede The Due Administration Of Internal Revenue Laws, and other counts relating to the filing of false liens to retaliate against IRS Revenue Officers and violating a court injunction. The failure to pay tax for many years, the convictions, and the history of this case show that Mr. Molen defies the tax laws and does not abide by the rulings of this Court.

On November 2, 2016, at 9:00 a.m., trial of the fraud penalty was set and G. Patrick Jennings, Tax Division, United States Department of Justice, appeared for the United States. Mr. Molen was presented by the United States Marshal to represent himself. Mr. Molen stated a list of conditions to the Court. The Court denied the requested conditions. Mr. Molen then indicated that he would refuse to testify to defend himself.

Mr. Jennings requested entry of default judgment. The Court indicated that the motion would be granted and directed Mr. Jennings to prepare a written order.

Rule 55 of the Federal Rules of Civil Procedure permits entry of default judgment where the defendant "has failed to plead or otherwise defend." A failure or refusal to appear and participate at trial can constitute a failure to "otherwise defend." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1140, 1142 (9th Cir. 1989) (relying on court's inherent authority to enter default judgment for failure to attend pretrial conference and trial). Entry of a default judgment is appropriate where "the adversary process has been halted because of an essentially unresponsive party." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970).

Before entering default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the

possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Prejudice to the plaintiff is present because whether Mr. Molen had fraudulent intent is a matter best shown by his own words. Mr. Molen was listed as a witness for the United States, and would have been the primary witness for the plaintiff's case in chief. The United States had lodged 22 exhibits to show fraud by Mr. Molen, 15 of which were signed by Mr. Molen. Exhibit 7 is a letter signed by Mr. Molen in which he instructs his employees "**DO NOT** report any of your actual income from the Company when filing your tax returns." (emphasis in original). It is difficult to imagine a better example of fraud. If Mr. Molen chooses not to defend the fraud allegation, the United States cannot cross examine him or attack his credibility. Without testimony, the Court has no basis to judge Mr. Molen's credibility.

The Court draws an adverse inference from Mr. Molen's silence and from his convictions, and deems that his testimony would have been unfavorable to him. *Baxter v. Palmigiano*, 425 U.S. 308 (1976). This adverse inference also supports the United States' request for default judgment.

As to the merits of the claim, the complaint of the United States, at paragraph 23, stated:

> The fraud penalty was assessed because James O. Molen made a refund request for the IRS Form 941 federal employment taxes for the first quarter of the taxable year 2000 and received a refund in excess of the amount deposited. James O. Molen knew that the refund request had no merit in fact or law.

Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true (but not allegations as to the amount of damages). *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The complaint alleges a knowingly false claim for refund and so states a valid claim for fraud. The numerical calculations of the tax amounts were resolved on summary judgment. Based on the default of Mr.

Molen, the Court deems the fraud allegation to be true.

The other *Eitel* factors also weigh in favor of default judgment. Mr. Molen has stated no legitimate justification for the tax refund he obtained, and he did not even return to his employees the portion of the refund money which had been withheld from the wages of his employees. The sum at issue exceeds $100,000 with interest and penalties. Mr. Molen's refusal to testify was a conscious choice and not a matter of excusable neglect.

The only *Eitel* factor which weighs against default judgment is the policy of favoring results on the merits. It was Mr. Molen's choice not to participate in a trial on the merits. His willful silence is not justified by any legitimate fear of prosecution. The first quarter of the year 2000 is at issue, and any criminal statute of limitations on the period has long since run. 26 U.S.C. § 6531 (general six year statute of limitations on tax crimes). Mr. Molen's silence makes a trial on the merits one-sided at best, and puts an unnecessary burden on the Court and the plaintiff. Accordingly,

It is hereby ordered that judgment by default is entered against James O. Molen, that he filed a refund request for employment taxes for the first quarter of 2000, a refund to which he was not entitled, with fraudulent intent. The fraud penalty for that period is sustained and the assessments were timely.[1]

Not later than thirty (30) days following the date this order is electronically filed, the United States is directed to lodge a proposed final judgment under Rule 58 setting forth all of the matters decided in this case.

**IT IS SO ORDERED**.

Dated: June 16, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's Motion to Dismiss (311), which is based on arguments already repeatedly rejected by this Court, is DENIED.