# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES O. MOLEN,<br>SANDRA L. MOLEN, and<br>BLACK HOLE ADVENTURES TRUST,<br>Et al.,<br>        Defendants. | Case No. 2:10-CV-02591 MCE KJN<br><br>**ORDER OF JUDICIAL SALE** |

    The United States filed a motion seeking an Order of Judicial Sale to enforce the tax judgment lien against certain real property, described below. The United States having satisfied the conditions for foreclosing its tax liens pursuant to 26 U.S.C. § 7403, the Court enters this Order of Sale.

    Now, therefore, it is **HEREBY ORDERED** that the United States' Motion for Order of Judicial Sale is **GRANTED**, and the real property described below shall be sold pursuant to the Court's Judgment, 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2002, and according to the terms set out below.

///

1

I.  **Identification of Property**

The real property at issue is located at 189 Connors Avenue, Chico, California 95926 (herein referred to as the "Property" or "189 Connors Avenue"), in the County of Butte, State of California, and is more particularly described as follows:

> A PORTION OF LOT 12, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "CONNORS SUBDIVISION IN RANCHO ARROYO CHICO, NEAR CHICO, CALIFORNIA" WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 10, 1948, IN BOOK 16 OF MAPS, AT PAGE(S) 22, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:
> BEGINNING AT THE MOST WESTERLY CORNER OF LOT 12; THENCE NORTH 52 DEG. 38' EAST ALONG THE NORTHWESTERLY LINE OF SAID LOT 12, A DISTANCE OF 75 FEET TO A POINT; THENCE SOUTH 37 DEG. 22' EAST A DISTANCE OF 170 FEET TO A POINT IN THE SOUTHEASTERLY LINE OF LOT 12; THENCE SOUTH 52 DEG. 33' WEST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 12, A DISTANCE OF 75 FEET TO A POINT AT THE MOST SOUTHERLY CORNER OF SAID LOT 12; THENCE NORTH 37 DEG. 22' WEST ALONG THE SOUTHWESTERLY LINE OF SAID LOT 12, A DISTANCE OF 170 FEET TO THE POINT OF BEGINNING.
>
> APN 006-072-004

II.  **Authorization of Sale and Terms and Conditions of Sale**

The sale of the Property shall occur on the following terms:

(1) Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court authorizes and directs the United States Marshal for the Eastern District of California, or his or her representative or Deputy (collectively, "Marshal"), or an officer of the Internal Revenue Service Property Appraisal and Liquidation Specialists ("IRS PALS"), to offer the Property for public sale and to sell the Property. The United States may choose either the Marshal or an IRS PALS to carry out the sale and to make the arrangements for any sale as set forth in this Order. References to "the Marshal or the IRS PALS" below shall be read to refer to whichever is

1         conducting the sale.

(2) The terms and conditions of the sale are as follows:

    a. The sale of the Property shall be free and clear of the interests of plaintiff, the United States; and defendants James O. Molen, Sandra L. Molen, Black Hole Adventures Trust, James Orbin Molen Limited Partnership, Household Bank S.B. N.A.; Advanta Bank Corporation; Citibank South Dakota, N.A.; MBNA America Bank; Asset Acceptance LLC; and Wells Fargo Bank N.A.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any. No warranty of any kind is made regarding operation of the Property as commercial real estate.

    c. The sale shall be held at the courthouse of the county or city in which the Property is located; on the premises of the Property; or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 & 2002. The place of the sale shall be determined in the discretion of the Marshal or the IRS PALS.

    d. The date and time for the sale are to be announced by the Marshal or the IRS PALS.

    e. The Marshal or the IRS PALS may, in their discretion, hold one or more open houses at the Property for viewing by potential bidders. James O. Molen, and any person occupying the Property, shall not interfere in any way with an open house.

f. One or more notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Butte County, California. Furthermore, at the discretion of the Marshal or the IRS PALS, the sale may be advertised by any other means deemed appropriate, expressly including placement of a listing with a broker, provided that the fee for the advertisement is a flat sum and not a commission on the sale price. Each notice of the sale shall contain a description of the Property and shall also contain the terms and conditions of sale in this order of sale.

g. The Marshal or the IRS PALS shall set a minimum bid price for the Property. If the minimum bid price is not met or exceeded, the Marshal or the IRS PALS may, without further permission of this Court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid or sell the Property to the highest bidder at the sale where the minimum bid was not met.

h. The successful bidder shall be required to deposit with the Marshal or the IRS PALS, at the time of the sale, a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal or the IRS PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof of ability to make the deposit required by this order of sale.

///

i. The successful bidder shall pay the balance of the purchase price to the Marshal or the IRS PALS within 21 days after the date the bid is accepted. Payment shall be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to pay the balance of the purchase price within the required time, the deposit shall be forfeited, and the funds so forfeited shall be paid to the Court for distribution to the creditors. In event of such a forfeit, the property or properties for which the deposit was forfeited may be again offered for sale under the terms and conditions of this Order, or the Marshal or the IRS PALS may sell the property to the second-highest bidder, requiring payment of the purchase price within 21 days of notifying the second-highest bidder.

j. The United States may bid as a credit against its judgment without tender of cash.

k. The sale of the Property shall be subject to confirmation by this Court. The United States or the Marshal or the IRS PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within 21 days from the date of receipt of the balance of the purchase price.

l. On confirmation of the sale, the Marshal or the IRS PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser.

m. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

n. On confirmation of the sale, the County Recorder for Butte County shall

cause transfer of the Property to be reflected upon the appropriate register of title.

o. The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

(3) From the date this Order is signed until the sale is confirmed, the Marshal or the IRS PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

(4) The Marshal or the IRS PALS may, in his or her discretion, make payments for utilities, repairs, and the like that are reasonably necessary to maintain or preserve the Property until the Property is sold. Such payments may be reimbursed as a cost of sale.

(5) This Order shall constitute a special writ of execution with respect to James O. Molen and no further order or process from the Court shall be required.

(6) This Order of Sale terminates any right of possession to the Property held by defendant James O. Molen, and any person occupying the Property with his permission. The termination of the possessory rights shall take effect on the date 10 days after the date this Order is signed. James O. Molen, and any person occupying the Property with his permission, is hereby ordered to vacate the Property no later than the date 10 days after the date this Order is signed. They shall take with them their personal property, but leave in place all improvements, buildings, fixtures, and appurtenances to the Property.

(7) If James O. Molen, or any person occupying the Property with his permission,

continues to occupy the Property after the date 10 days after the date this Order is signed, they shall be considered to be trespassers. In that event, the Marshal is authorized to take any action he or she deems appropriate to remove and evict the occupants.

(8) If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be paid into the Court for further distribution.

(9) Until the sale of the Property is confirmed, James O. Molen shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property, and ensuring that ad valorem taxes on the Property are paid in a timely fashion. James O. Molen shall neither commit waste against the Property nor cause or permit anyone else to do so. James O. Molen shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. James O. Molen shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.

### III. Distribution of Proceeds

(10) The proceeds arising from sale are to be deposited to the Clerk of this Court with reference to this case and the parties will submit a stipulated order of distribution. The Court will retain the sale proceeds until the appeal, if any, by the United States is final.

**IT IS SO ORDERED.**

Dated: October 5, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE